SFERRAZZA & KEENAN, PLLC
*Attorneys for the Debtor*
532 Broadhollow Road, Suite 111
Melville, NY 11747
(631) 753-4400
Sarah M. Keenan, Esq.
sally@skpllc.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

In re:

East Broadway Mall, Inc.,

                                               Debtor.

------------------------------------------------------------x

Chapter 11

Case No. 19-12280 (SCC)

## DEBTOR'S MOTION FOR AN ORDER PURSUANT TO SECTION 365(d)(4) OF THE BANKRUPTCY CODE EXTENDING TIME TO ASSUME OR <u>REJECT AN UNEXPIRED NONRESIDENTIAL REAL PROPERTY LEASE</u>

**TO: HONORABLE SHELLEY C. CHAPMAN**
     **UNITED STATES BANKRUPTCY JUDGE**

The above-captioned debtor and debtor-in-possession, East Broadway Mall, Inc. (the "Debtor"), as and for its application (the "Application") for entry of an order pursuant to section 365(d)(4) of title 11 of the United States Code (the "Bankruptcy Code") extending the time for the Debtor to assume or reject that certain unexpired nonresidential real property lease located at 88 East Broadway in the City, County and State of New York by ninety (90) days through and including February 9, 2020. In support of this Motion, the Debtor respectfully states as follows:

### <u>JURISDICTION</u>

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. §157(b)(2). Venue is proper pursuant to 28 U.S.C. §§1408 and 1409.

2.  The statutory basis for the relief requested herein is §365(d)(4) of the Bankruptcy Code.

**BACKGROUND**

3.  On July 12, 2019 (the "Filing Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtor has continued in possession of its property and management of its business affairs as a debtor-in-possession pursuant to §§1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner or statutory committee has been appointed.

4.  The Debtor is the net lessee of land and a commercial mall at 88 East Broadway in the City, County and State of New York (the "Mall"). The Debtor has operated the land and the Mall pursuant to a commercial lease agreement (the "Lease") with the City of New York and the Department of Citywide Administrative Services, an agency of the City responsible for administering real estate leases between the City of New York and third parties (collectively, the "City").

5.  In March 1985, the City, as owner and landlord entered into the Lease with the Debtor, as tenant and lessee, for the land beneath the Manhattan Bridge at 88 East Broadway. The Lease is for fifty (50) years and terminates in 2035.

6.  Upon execution of the Lease in 1985, the Debtor expended more than ten million dollars to construct a mall on the land. The business of the Debtor is to operate the Mall by subletting portions of it to various commercial/retail subtenants.

7. In exchange for use of the land, the Lease provided for the payment by the Debtor to the City of three (3) distinct categories of payment: (a) base rent; (b) percentage rent; and (c) PILOT payments.

8. By letter dated April 8, 2014, the Landlords sent a Notice to Cure to the Debtor, arising out of what the Debtor believes is an erroneous calculation of a percentage rent due and owing. In response to the Notice to Cure, the Debtor brought an emergency order to show cause seeking a *Yellowstone* injunction, and a summons and complaint seeking a declaration and judgment that the City's interpretation of the Lease and calculation of percentage rent and PILOT amount are incorrect and improper, that the Debtor has overpaid the City and that the Debtor is not in default of its obligations under the Lease.

9. The request for a *Yellowstone* injunction was granted, but the Court conditioned the injunction on the Debtor continuing to pay the lease payments which the Debtor has argued were erroneously calculated.

10. This Chapter 11 case has been filed to enable the Debtor to continue its business and preserve its Lease with the City which the Debtor has had for over thirty years. The terms of the Lease, however, if the City's position is accepted, results in a Lease that the Debtor can not afford to pay and it is submitted, no commercial tenant could pay.

11. Currently the base monthly rent owed to the City is $62,208. The monthly PILOT payment, however, is currently $83,047.18. The weight of this PILOT

charge cannot be passed on to the mall tenants, and as a result, the Debtor has been losing tenants when the Debtor tries to increase the monthly rent.

12.     To shed some light on the realities and inequities of this situation, the City entered into a lease in 2000 across the street from the Debtor for another mall. The lease for that property which is of a similar size was acquired by the Debtor pursuant to a FOIL request and it was learned that the rent obligations for that property are one-thirtieth of the Debtor's obligations. There is no way the Debtor can compete with that mall to attract tenants.

13.     By order dated September 26, 2019, this Court authorized the retention of The Carey Group to assist the Debtor in its efforts to negotiate a settlement of the disputes the Debtor has with the City. As these efforts are ongoing, it is premature for the Debtor to make a decision regarding the Lease with the City and its ability to assume the Lease.

## **RELIEF REQUESTED**

14.     By this motion the Debtor seeks the entry of an Order, pursuant to §365(d)(4)(B) of the Bankruptcy Code, extending its initial 120-day deadline to assume or reject the Lease (the "Deadline") by 90 days through and including February 9, 2020.

15.     Section 365(d)(4)(A)(i) of the Bankruptcy Code provides an initial period of 120 days following the petition date for the debtor to assume or reject an unexpired nonresidential lease of real property under which the debtor is the lessee. *See* 11 U.S.C. §365(d)(4)(A). The 120-day period, however, may be extended up to 90 days for "cause" under section 365(d)(4)(B)(i) of the Bankruptcy Code.

16. The term "cause" as used in section 365(d)(4) is not defined in the Bankruptcy Code, however, in determining whether "cause" exists to extend the period for a debtor's assumption or rejection of an unexpired nonresidential real property lease, courts have considered the following non-exclusive factors:

> (a) whether the debtor was paying for the use of the property;
> (b) whether the debtor's continued occupation of the real property could damage the lessor beyond the compensation available under the Bankruptcy Code;
> (c) whether the lease is the debtor's primary asset; and
> (d) whether the debtor has had sufficient time to formulate a plan of reorganization.

*See South St. Seaport L.P. v. Burger Boys, Inc. (In re Burger Boys, Inc.)*, 94 F.3d 755, 761 (2d Cir. 1996) (*citing Theatre Holding Corp. v. Mauro*, 681 F.2d 102, 105-06 (2d Cir. 1982) (noting that the list of factors "is by no means exhaustive")); *In re 611 Sixth Ave. Corp.*, 191 B.R. 295, 298, 302-03 (Bankr. S.D.N.Y. 1996) (extending the debtor's time to assume or reject lease where the lease was a primary asset and essential to the debtor's plan).

17. The Debtor's initial 120-day period to assume or reject the Lease expires on November 9, 2019, a Saturday, so pursuant to Bankruptcy Rule 9006, the time to assume or reject the lease expires on Monday, November 11, 2019.

18. Local Bankruptcy Rule 6006-1(c) provides for an automatic extension, without court order, where the motion to extend time to assume or reject unexpired leases of nonresidential property is filed prior to the expiration of the 120-day initial period, and the Court is unable to schedule a return date within the 120-day initial period or within 14 days from the filing of the motion. S.D.N.Y. LBR 6006-1(c).

19. An analysis of the foregoing factors weighs in favor of the requested extension.

20. With respect to the first factor, the Debtor has deposited the base rent that came due on August 1, September 1 and October 1, 2019 in its DIP operating account and will be releasing the post-petition base rent payments to the City upon entry of an order of this court approving the Stipulation recently negotiated with Bank of Hope, the Debtor's secured creditor that holds a security interest in the Debtor's cash collateral. A copy of the approved monthly budget is attached to this Application as Exhibit A. The budget clearly provides for the monthly payment of $62,208 to the City so it is anticipated that on the return date of this Motion, the City will have been paid all post-petition base rent.

21. Pending the Debtor's formal assumption of the Lease, the Debtor will continue to perform all of its undisputed obligations under the Lease post-petition, including the payment of post-petition base rent.

22. Second, the requested extension would not damage the City beyond compensation available under the Bankruptcy Code. Indeed, in addition to the Debtor timely performing its obligation to pay base rent, the Debtor is currently negotiating with a new sub-tenant for the rental of the entire basement and first floor of the Mall. These negotiations are an integral factor in the ongoing negotiations between the City and the Debtor to amend the Lease going forward. Currently, due to the burdensome terms of the Lease, there is much vacant space since the Debtor is unable to attract new tenants. It is the Debtor's hope that the City will work with the Debtor to prevent the

Mall from closing. The proposed new tenant will bring jobs and will bring significant rental income to the City.

23. Third, the Lease is the primary asset of the Debtor. The only income the Debtor derives is from its subtenants at the mall that currently provide the Debtor's estate with approximately $160,000 per month in Sublease Profits. With the new tenant, this rental income will double.

24. Fourth, in light of the recent order authorizing the retention of The Carey Group to assist the Debtor in its efforts to negotiate a settlement of the disputes the Debtor has with the City, the Debtor should be afforded additional time to allow The Carey Group to meet with representative of the City to hopefully negotiate an amendment to the Lease that is fair and equitable in today's real estate market.

25. Bankruptcy Courts have routinely extended the time to assume or reject unexpired leases where the initial 120-day period has proven to be insufficient or inadequate. *See Great Atlantic & Pacific Tea Company, Inc.*, Case No. 15-23007 (Bankr. S.D.N.Y. October 27, 2015); *In re AMR Corp.*, Case No. 11-15463 (Bankr. S.D.N.Y. March 22, 2012); *BB Liquidating Inc.,* Case No. 10-14997 (Bankr. S.D.N.Y. Jan. 20, 2011); *In re Finlay Enterprises*, *Inc.*, Case No. 09-14873 (Bankr. S.D.N.Y. Dec. 17, 2009); *In re Extended Stay Inc.*, Case No. 09-13764 (Bankr. S.D.N.Y. Oct. 8, 2009); *In re Motors Liquidation Co.*, Case No. 09-50026 (Bankr. S.D.N.Y. Sept. 14, 2009); *In re General Growth Properties, Inc.*, Case No. 09-11977 (Bankr. S.D.N.Y. July 22, 2009).

26. Accordingly, the Debtor submits that cause exists for the Court to extend the time within which the Debtor may assume or reject the Lease for 60 days through

and including January 10, 2020, without prejudice to the Debtor's right to seek further extensions, with the consent of the City, as provided in section 365(d)(4)(B)(ii) of the Bankruptcy Code.

27.     Notice of this Motion has been provided either by facsimile, electronic transmission, overnight delivery, or hand delivery to: (i) the U.S. Trustee; (ii) the Internal Revenue Service; (iii) the New York State Department of Taxation and Finance; (iv) NYC Dept. of Law, (v) Windels Marx Lane & Mittendorf, LLP, counsel to Bank of Hope, the Debtor's secured creditor; and (vi) any parties required to be served under any applicable Bankruptcy Rule or Local Rule. The Debtor submits that, under the circumstances, no other or further notice is necessary.

28.     No prior request for the relief requested herein has been made to this or any other Court.

WHEREFORE, the Debtor respectfully requests this Court enter an order, substantially in the form annexed hereto as Exhibit "B" granting the relief requested in this Motion and such other and further relief as may be just and proper.

Dated: Melville, New York
     October 16, 2019                    SFERRAZZA AND KEENAN, PLLC
                                          Attorneys for the Debtor
                                          And Debtor-in-Possession

                                 By:   s/ Sarah M. Keenan
                                      Sarah M. Keenan
                                      532 Broad Hollow Road, Suite 111
                                      Melville, NY 11747
                                      (631) 753-4400

# EXHIBIT A

**East Broadway Mall**
Inc / Exp 08/2019

| | |
|---|---:|
| Gross Monthly income | 237,634.00 |
| | |
| Monthly Expenses | |
| | |
| Net Payroll | 8,546.95 |
| Prepaid-Tax | 5,305.95 |
| Unemployment Tax | |
| Worker's Comp | 665.00 |
| | |
| Bank of Hope | 50,698.00 |
| DCAS Rent | 62,208.00 |
| Utility(ConED) | 15,000.00 |
| Utility(Water/ Sewer) | 19,261.91 |
| Office Exp/Sup | 10,423.99 |
| Repair Maintenance | 6,229.44 |
| Management | |
| Insurance | 4,080.00 |
| Security | 8,896.00 |
| | 191,315.24 |
| | |
| Total: | 191,315.24 |
| | |
| Net: | 46,318.76 |

# EXHIBIT B

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:

East Broadway Mall, Inc.,

Debtor.
------------------------------------------------------------x

Chapter 11

Case No. 19-12280 (SCC)

### ORDER PURSUANT TO SECTION 365(d)(4) OF THE BANKRUPTCY CODE EXTENDING TIME FOR DEBTOR TO ASSUME OR REJECT AN <u>UNEXPIRED NONRESIDENTIAL REAL PROPERTY LEASE</u>

Upon the motion (the "Motion") of the Debtor for an Order pursuant to section 365(d)(4) of the Bankruptcy Code extending the time for the Debtor to assume or reject the nonresidential real property lease for the property located at 88 East Broadway in the City, County and State of New York (the "Lease") by ninety (90) days through and including February 9, 2020; and upon sufficient notice of the Motion having been given; and it appearing that no other or further notice need be provided; and a hearing to consider the Motion having been held on November 7, 2019; and it appearing that the relief requested in the Motion is in the best interests of the Debtor, its estate, its creditors and other parties in interest; and after due deliberation thereon and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED AND DECREED** that:

1. The Motion is GRANTED.

2. The time within which the Debtor may assume or reject the Lease pursuant to section 365(d)(4) of the Bankruptcy Code is extended by ninety (90) days through and including February 9, 2020.

3. ORDERED that entry of this Order shall be subject to and without prejudice to the rights of the Debtor to request a further extension of time to assume or reject the Lease.