# EXHIBIT C

FILED: NEW YORK COUNTY CLERK 01/30/2019 10:35 AM                INDEX NO. 154341/2018
NYSCEF DOC. NO. 74                                              RECEIVED NYSCEF: 01/30/2019

## SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

| | | | |
|---|---|---|---|
| PRESENT: | HON. MARGARET A. CHAN | PART | IAS MOTION 33EFM |
| | Justice | | |

-----------------------------------------------------------------X

EAST BROADWAY MALL, INC.,

          Plaintiff,

- v -

CITY OF NEW YORK,

          Defendant.

-----------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 154341/2018 |
| MOTION DATE | 09/26/2018 |
| MOTION SEQ. NO. | 002 |

**DECISION AND ORDER**

The following NYSCEF d documents, listed by NYSCEF document number (Motion 002) 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 32, 33, 34, 35, 42, 43, 44, 45, 46, 47, 48, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 65, 66, 67, 68, 69, 71

were read on this motion to/for           YELLOWSTONE INJUNCTION      .

Upon the foregoing documents, the branch of Plaintiff's motion for a Yellowstone Injunction is granted.

    In this action for, among other things, a declaration of the parties' rights and obligations under a commercial lease and damages for overpayments under the lease, plaintiff East Broadway Mall, Inc., moves for a *Yellowstone* injunction to enjoin and restrain the defendant City of New York[1] from terminating the Plaintiff's lease and to toll the cure period pending this litigation. Defendant opposes the motion.

*Factual Background*

    In 1984, the New York City Board of Estimate issued a resolution (Resolution) specifying the terms in which certain land beneath the Manhattan Bridge could be leased. On March 18, 1985, the parties entered into a lease agreement wherein Plaintiff leased the vacant land beneath the Manhattan Bridge for a period of fifty (50) years. The Lease required Plaintiff to develop and operate a shopping mall on the land. Plaintiff thereafter constructed a mall on the land (premises), which it has operated continuously since its construction.

    The Lease delineates four types of rent payments relevant herein: Base Rent; Percentage Rent; payments in lieu of taxes (PILOT); and Water Charges. The Lease

---

[1] The court notes that the amended complaint omits the once co-defendant Department of Citywide Administrative Services as a defendant in this action.

154341/2018  EAST BROADWAY MALL, INC. vs. CITY OF NEW YORK              Page 1 of 8
Motion No. 002

1 of 8

FILED: NEW YORK COUNTY CLERK 01/30/2019 10:35 AM                INDEX NO. 154341/2018
NYSCEF DOC. NO. 74                                              RECEIVED NYSCEF: 01/30/2019

indicates that Plaintiff's leasing of the land was to be in accordance with the terms and conditions set forth in the Resolution (NYSCEF doc no 43 – Lease, p1). The Resolution directs the calculation to determine the rent for the premises on a staggered basis and sets out the terms on what Defendant may charge Plaintiff for base rent and PILOT. For instance, the Resolution indicates that the formula used to calculate PILOT for the lease years 1987 through 1992 is as follows:

> "[Plaintiff] shall pay in lieu of taxes an annual amount equal to the product of [a) 100% of the assessed value of the demised land, plus b) the percentage set forth below of the assessed value of the demised improvements] multiplied by the prevailing real property tax rate."

(NYSCEF doc no 66 – Resolution, p1).

The Resolution states that PILOT for the lease years 1992 through the termination of the Lease on its expiration requires that,

> "[Plaintiff] shall pay in lieu of real property taxes an annual amount equal to the product of one hundred percent (100%) of the total assessed value of the demised premises multiplied by the prevailing real property tax rate."

(*id.*).

The Lease also requires that Plaintiff pay percentage rent, which is a specified percentage of Plaintiff's Gross Operating Revenue (*id.*, p 4 – Art. 4[1][a]). Plaintiff may deduct Common Area Maintenance (CAM) expenses from the Gross Revenue, but only where the expenses are reimbursed by a subtenant (*id.*, p 4 – Art. 4[1][b]). CAM is defined as "those actual out-of-pocket costs for the operation, repair and maintenance of the common areas only, including securing, cleaning, HVAC and landscaping" (*id.*, p 4 – Art. 4[1][iv]).

On April 8, 2018, Defendant served Plaintiff a Notice to Cure demanding that Plaintiff pay a total of $6,375,861.54. The Notice to Cure states that Plaintiff owes Base Rent ($404,352), PILOT ($3,649,680.18), and Water Charges ($603,821.55). The Notice to Cure also indicates that Plaintiff owes $1,715,007.81 in late charges for unpaid Base Rent and PILOT. It is noted that the parties have entered into a payment plan resolving the Water Charges, and thus, it is no longer an issue in the instant application (NYSCEF doc no 46).

In response to the Notice to Cure, Plaintiff filed this motion by Order to Show Cause seeking a *Yellowstone* injunction, and a summons and complaint on June 14, 2018, which in sum and substance, seek a declaration and judgment that Defendant's interpretation of the lease and calculations of percentage rent and PILOT amount are incorrect and improper, that Plaintiffs overpaid Defendant by at

154341/2018  EAST BROADWAY MALL, INC. vs. CITY OF NEW YORK          Page 2 of 8
Motion No. 002

2 of 8

FILED: NEW YORK COUNTY CLERK 01/30/2019 10:35 AM          INDEX NO. 154341/2018
NYSCEF DOC. NO. 74                                        RECEIVED NYSCEF: 01/30/2019

least $1,800,000, and that Plaintiff is not in default of its obligations under the lease; and monetary damages. (NYSCEF doc no 53, Compl., at ¶¶20-23).

About four years earlier, on February 7, 2014, Plaintiff brought a similar action entitled *East Broadway Mall, Inc. v. City of New York, et. al.*, Index No. 151368/2014 after Defendant had sent Plaintiff a Notice of Default based on Plaintiff's failure to pay Percentage Rent. Plaintiff brought a motion for injunctive relief seeking to toll the cure period therein. The motion was resolved by a stipulation dated April 11, 2014 (2014 Stipulation) and the action was marked as disposed (NYSCEF doc no 39). Pursuant to the 2014 Stipulation, the parties agreed that Plaintiff would pay certain outstanding arrears in the amount of $631,174.42, and that Defendant would withdraw the Notice of Default.

*Plaintiff's Motion*

Plaintiff now contends that the 2014 Stipulation precludes the Notice to Cure at issue rendering it defective. Plaintiff also argues that the Notice to Cure was improperly served. Plaintiff contends that it does not owe any past due rent as claimed in the Notice to Cure and that Defendant incorrectly interpreted the Lease provisions on the PILOT and Percentage Rent resulting in Plaintiff's overpayment of rent in the amount of $6,530,593.43.

First, Plaintiff argues that Defendant incorrectly calculated the PILOT payments from 1993 through 2018 by using the formula authorized for the years 1987 through 1992, and not the formula for 1993 through termination of the Lease, resulting in Plaintiff's overpayment of rent in the amount of $4,026,555.55. Plaintiff contends that the PILOT calculations for the lease years from 1993 through 2018 impermissibly included the assessment of the improvements made to the land. Moreover, Plaintiff contends that since it was overcharged, it does not owe late fees on PILOT payments.

Next, Plaintiff argues that Defendant also inaccurately interpreted the provision of the lease addressing Percentage Rent, resulting in Plaintiff being overcharged $789,030.07, including late fee penalties. Plaintiff contends that its deduction of the CAM expenses represents cash spent by Plaintiff in operating the common areas. Plaintiff contends that CAM expenses include not only security, cleaning, garbage removal, maintenance, repairs, lighting, sidewalk repair, landscaping, legal fees, bookkeeping expenses and insurance, but also PILOT payments since the PILOT payment is part of the operation of the common areas of the premises.

154341/2018  EAST BROADWAY MALL, INC. vs. CITY OF NEW YORK                Page 3 of 8
Motion No. 002

3 of 8

*Defendant's Opposition*

Defendant argues that Plaintiff is not entitled to a *Yellowstone* injunction as it fails to demonstrate that it has the ability to cure the defaults. Specifically, Defendant contends that Plaintiff fails to explain how it will pay the rent arrears and late charges in the event Defendant prevails. Defendant also argues that Plaintiff's decision to withhold rent was a business decision.

Defendant requests that the court's issuance of a *Yellowstone* injunction be conditioned upon Plaintiff: (1) paying the undisputed amount of Base Rent; (2) posting an undertaking; (3) submitting certified financial statements under the lease for the years 2015 through 2017 and going forward; and (4) paying Base Rent, PILOT and Water Charges throughout the instant litigation.

Next, Defendant argues that Plaintiff's claims for rent over payment are without merit. As for the first claim, Defendant contends that Plaintiff did not overpay Percentage rent, since the Lease limits what CAM charges may be deducted from Gross Operating Revenue. Defendant further contends that Plaintiff may not deduct PILOT expenses from Gross Operating Revenue as a CAM charge and that PILOT may not be deducted as a CAM expense, since Plaintiff fails to demonstrate that PILOT was reimbursed by the subtenants, as required by the Lease. Additionally, Defendant contends that the Lease prohibits Plaintiff from setting-off or deducting any monies from the Base Rent and PILOT. Moreover, Defendant contends that even if Plaintiff's claimed overpayment of percentage rent is correct, Plaintiff would still be in material default of the Lease for failing to pay Base Rent and PILOT.

Defendant next contends that Plaintiff's second claim is also without merit, since it correctly calculated the PILOT for the lease years of 1994 through termination. Specifically, Defendant contends that the Resolution states that the calculation to determine the PILOT for the lease years of 1994 through termination uses the term "demised premises" to refer to both the land and improvements made on the land. Defendant next argues that the second cause of action is time barred, since it seeks reformation of the Lease, and is thus precluded by the six-year statute of limitations. Defendant also argues that the Lease states that Plaintiff's sole remedy to contest the assessed valuation of the premises, and that Plaintiff is required continue to pay the PILOT through the challenge.

DISCUSSION

*The 2014 Stipulation*

At the outset, the 2014 Stipulation does not render the 2018 Notice to Cure defective. First, Plaintiff's contention that the Notice to Cure is defective due to

154341/2018  EAST BROADWAY MALL, INC. vs. CITY OF NEW YORK                Page 4 of 8
Motion No. 002

4 of 8

FILED: NEW YORK COUNTY CLERK 01/30/2019 10:35 AM                INDEX NO. 154341/2018
NYSCEF DOC. NO. 74                                              RECEIVED NYSCEF: 01/30/2019

improper service is without merit as there is no explanation on the alleged improper service. Second, the 2014 Stipulation does not preclude Defendant from submitting a future notice to cure. Of note, the Notice to Cure at issue addresses rent arrears from 2014 through 2018, which is outside of the scope of the 2014 Stipulation. (NYSCEF doc no 39).

### Yellowstone Injunction

Plaintiff has demonstrated its entitlement to a *Yellowstone* injunction. "A tenant is entitled to a *Yellowstone* injunction where it has demonstrated that (1) it holds a commercial lease, (2) it has received a notice of default, notice to cure or concrete threat of termination of the lease from the landlord, (3) the application for a temporary restraining order was made and granted prior to the termination of the lease, and (4) it has the desire and ability to cure the alleged default by any means short of vacating the premises" (*Stuart v D&D Associates*, 160 AD2d 547, 548 [1st Dept 1990]).

Courts have granted *Yellowstone* relief "routinely to avoid forfeiture of [a] tenant's interest and in doing so they accepted far less than the normal showing required for preliminary injunctive relief" (*Post v 120 E. End Ave. Corp.*, 62 NY2d 19, 25 [1984]).

> The purpose of a Yellowstone injunction is to maintain the status quo so that the tenant may challenge the landlord's assessment of its rights without the tenant, during the pendency of the action, forfeiting its valuable property interest in the lease . . . As such, it may be granted on less than the normal showing required for preliminary injunctive relief.

(*Lexington Ave. & 42nd St. Corp. v 380 Lexchamp Operating, Inc.*, 205 AD2d 421 [1st Dept 1994]; *see also Graubard Mollen Horowitz Pomeranz & Shapiro v 600 Third Ave. Assoc.*, 93 NY2d 508 [1999]).

Here, the parties do not dispute that Plaintiff has a commercial lease, that it received a notice to cure by Defendant, and that it sought injunctive relief before the termination of the Lease and period to cure. As for the fourth element, Plaintiff has demonstrated its desire and ability to cure. After the instant motion was fully submitted, the parties entered into a stipulation dated September 26, 2018, wherein Plaintiff agreed to pay Defendant $500,000 representing Base Rent due through September 2018 (NYSCEF doc no 71). Moreover, Plaintiff's managing agent, Terry Chan, affirmed that Plaintiff is ready, willing and able to cure in the event it is found to owe rent arrears (NYSCEF doc no 22, Terry Chan Aff. ¶22). Plaintiff's desire and ability to cure is further buttressed by virtue of the underlying declaratory action and its substantial property interest in the Lease (*see*

154341/2018  EAST BROADWAY MALL, INC. vs. CITY OF NEW YORK                Page 5 of 8
Motion No. 002

5 of 8

FILED: NEW YORK COUNTY CLERK 01/30/2019 10:35 AM                    INDEX NO. 154341/2018
NYSCEF DOC. NO. 74                                                  RECEIVED NYSCEF: 01/30/2019

*WPA/Partners LLC v Port Imperial Ferry Corp.*, 307 AD2d 234, 237 [1st Dept 2003]).

While Defendant argues that Plaintiff fails to explain how it will pay the rent arrears and late charges in the event Defendant prevails, Plaintiff need only convince the court of its desire and ability to cure the defects by any means short of vacating the premise (*Jemaltown of 125th St., Inc. v Leon Betesh/Park Seen Realty Assocs.*, 115 AD2d 381 [1985]). Moreover, Defendant does not suggest that the rent arrears are an incurable defect.

Defendant's argument that Plaintiff is precluded from seeking a *Yellowstone* injunction on the basis that its failure to pay rent was a business decision, is also without merit. There is no evidentiary support for the proposition that Plaintiff's alleged default was willful (*see Nobu Next Door, LLC v Fine Arts Hous., Inc.*, 3 AD3d 335 [1st Dept 2004], *aff'd*, 4 NY3d 839 [2005]). Rather, the complaint alleges that Plaintiff overpaid rent as a result Defendant's erroneous interpretation of the Lease.

Further, while the central issue in the complaint is the interpretation of the Lease provisions governing the payment of rent and PILOT, Defendant's arguments addressing the merits of the underlying claims are inconsequential. Most of Defendant's opposition addresses the likelihood of Plaintiff's success on the merits of the underlying claim as to whether, *inter alia*, that Defendant miscalculated rent under the Lease and overcharged Plaintiff. However, a *Yellowstone* injunction may be granted without regard to the likelihood of success on the merits (*WPA/Partners LLC v Port Imperial Ferry Corp.*, 307 AD2d 234 [1st Dept 2003]; *Stuart v D & D Assocs.*, 160 AD2d 547 1st Dept 1990]).

While Plaintiff's application for a *Yellowstone* injunction is granted, it is conditioned on the order that Plaintiff continue to pay future PILOT and Base Rent. The court has broad discretion to award use and occupancy, *pendente lite*, during the pendency of an action (*see 43rd St. Deli, Inc. v Paramount Leasehold, L.P.*, 107 AD3d 501 [1st Dept 2013]; *Metro. Transp. Auth. v 2 Broadway LLC*, 279 AD2d 315, 315 [1st Dept 2001] [holding that the lower court correctly granted tenant's application for a *Yellowstone* injunction, but that it should have also ordered use and occupancy]; *61 W. 62nd Owners Corp. v Harkness Apt. Owners Corp.*, 173 AD2d 372 [1st Dept 1991] [affirming lower court's order conditioning the issuance of a Yellowstone injunction on the future payment of use and occupancy]).

Plaintiff's insistence that Defendant's interpretation and calculation of the PILOT and CAM in this motion for a Yellowstone injunction is addressed as follows:

Contrary to Plaintiff's argument that the PILOT payments improperly included the improvements on the land, Article 5 pertaining to PILOT states in no

154341/2018    EAST BROADWAY MALL, INC. vs. CITY OF NEW YORK          Page 6 of 8
Motion No. 002

6 of 8

FILED: NEW YORK COUNTY CLERK 01/30/2019 10:35 AM
NYSCEF DOC. NO. 74

INDEX NO. 154341/2018
RECEIVED NYSCEF: 01/30/2019

uncertain terms that the calculation included the "then current assesses value of the improvement on the Premises multiplied by the prevailing real property tax rate" (NYSCEF doc no 43, p 8). Article 5 further breaks down the calculation as the years progress on the lease and each section of the calculation specifically include the improvements in evaluating the premises (*id.*, pp 8-9).

Plaintiff's contention that CAM expenses include PILOT payments because the payment of tax equivalents to Defendant is part of the operation of the common areas of the premises finds no basis in the Lease. The Lease provides that "PILOT payments shall include and cover all Real Estate Taxes, or any successor tax in replacement thereof, . . . which Tenant would otherwise be required to pay if it were the owner in fee of the land together with improvements during the Term" (*id.*, p 9). The PILOT is to cover real estate taxes, nothing more.

Accordingly, Plaintiff shall calculate future PILOT as one-hundred (100%) percent of the current assessed value of the demised land determined by the New York City Department of Finance, plus one-hundred (100%) percent of the current assessed value of the improvements thereon, multiplied by the prevailing real property tax rate (NYSCEF doc no 48 – O'Hara Aff., p 13). Since this award for PILOT is *pendente lite*, and non-final, Plaintiff may be provided with a refund or rent credit in the event it is successful on the merits (*see 43rd St. Deli, Inc.*, 107 AD3d at 502). Plaintiff shall also continue to pay Base Rent as required under the Lease, and Water Charges pursuant to the Department of Environmental Protection Water Charges Agreement.

*Miscellaneous*

Defendant's request condition the *Yellowstone* injunction by requiring Plaintiff to post a bond or place into escrow all disputed amounts is denied, without prejudice. Plaintiff claims, and Defendant does not dispute, that its equity in the premises and land is over $10,000,000, after accounting for Plaintiff's mortgage in the amount of $5,000,000, and thus, an undertaking is unnecessary (NYSCEF doc no 36 – Grace Chan Aff, ¶36) (*see WPA/Partners LLC*, 307 AD2d at 237 citing *John A. Reisenbach Charter School v Wolfson*, 298 AD2d 224 [1st Dept 2002] and *Kuo Po Trading Co. v Tsung Tsin Assn.*, 273 AD2d 111 [1st Dept 2000]). Defendant's request that Plaintiff submit its Certified Financial Records for the years 2015-2017 and going forward shall be addressed at the forthcoming in-court conference. Finally, Defendant's request that Plaintiff pay Base Rent arrears is moot as Plaintiff has paid the outstanding Base Rent as of September 2018, as discussed above.

*Conclusion*

Accordingly, it is hereby

154341/2018 EAST BROADWAY MALL, INC. vs. CITY OF NEW YORK
Motion No. 002

Page 7 of 8

7 of 8

FILED: NEW YORK COUNTY CLERK 01/30/2019 10:35 AM
NYSCEF DOC. NO. 74

INDEX NO. 154341/2018
RECEIVED NYSCEF: 01/30/2019

ORDERED that plaintiff, East Broadway Mall, Inc.'s motion for a *Yellowstone* injunction is granted and the period in which plaintiff can cure any defaults under the lease set out in the Notice to Cure is hereby tolled pending final adjudication of this matter; and it is further

ORDERED that the continuance of the *Yellowstone* injunction is conditioned upon plaintiff paying: [1] prospective monthly PILOT to Defendant utilizing the calculation articulated in this decision and in the time indicated in the Lease; [2] Base Rent as reserved in the Lease; and [3] Water Charges pursuant to the Department of Environmental Protection Water Charges Agreement; and it is further; and it is further

ORDERED that the parties shall appear for an in-court conference on February 27, 2019, at 10:00 a.m.; and it is further

ORDERED that counsel for Defendant shall serve a copy of this order, along with notice entry, on all parties within fifteen (15) days of entry.

This constitutes the decision and order of the court.

| 1/28/2019 | | MARGARET A. CHAN, J.S.C. |
|---|---|---|
| DATE | | |

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|
| | ☒ GRANTED    ☐ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

154341/2018   EAST BROADWAY MALL, INC. vs. CITY OF NEW YORK        Page 8 of 8
Motion No. 002

8 of 8