UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
In re:

East Broadway Mall, Inc.,

                                          Debtor.

---------------------------------------------------------------x

                                                                    Chapter 11

                                                                    Case No. 19-12280 (SCC)

**ORDER PURSUANT TO SECTION 365(d)(4) OF THE BANKRUPTCY
CODE EXTENDING TIME FOR DEBTOR TO ASSUME OR REJECT
AN UNEXPIRED NONRESIDENTIAL REAL PROPERTY LEASE**

      Upon the motion (the "Motion") of the Debtor for an Order pursuant to section 365(d)(4) of the Bankruptcy Code extending the time for the Debtor to assume or reject the nonresidential real property lease for the property located at 88 East Broadway in the City, County and State of New York (the "Lease") by ninety (90) days through and including February 9, 2020; and upon sufficient notice of the Motion having been given; and the City of New York (the "City") having filed an objection to the Motion [Docket No. 24], and it appearing that the City and the Debtor have agreed to the relief requested in the Motion with the restrictions set forth in this Order; and it appearing to the Court that entry of this Order is in the best interests of the Debtor, its estate, its creditors and other parties in interest; and after due deliberation thereon and sufficient cause appearing therefor, it is hereby

      **ORDERED, ADJUDGED AND DECREED** that the Motion is granted in part, as set forth herein:

1.  The time within which the Debtor may assume or reject the Lease pursuant to section 365(d)(4) of the Bankruptcy Code is extended by ninety (90) days through and including February 9, 2020 (the "February 9 Deadline").

2.  If the City does not consent in writing to a further extension before the February 9 Deadline, then the Lease will be rejected pursuant to 11 U.S.C. Section 365(d)(4), effective as of the February 9 Deadline (the "Rejection Date"), the City will be entitled to immediate possession of the leased premises, and the Debtor shall immediately surrender the premises to the City as lessor.

3.  In the event that the Rejection Date occurs pursuant to Paragraph 2, the Debtor will be deemed to have consented to the lifting and dissolution of the Yellowstone injunction, and the Debtor will not oppose the City's seeking dissolution of the Yellowstone injunction in the State Court.

4.  Notwithstanding anything contained in this Order, any purported rejection of the Lease or granting to the City the right to possession of the leased premises upon such rejection shall be subject, and without prejudice, to the rights and remedies of the Bank of Hope under that certain Recognition Agreement dated December 22, 2011 among the Debtor, the City, and BBCN Bank n/k/a Bank of Hope, various related agreements, and applicable law.  Upon expiration of the Debtor's deadline to assume or reject the Lease under section 365(d)(4) of the Bankruptcy Code and/or rejection of the Lease under section 365 of the Bankruptcy Code, Bank of Hope shall retain its rights with respect to the Lease, if any.   Nothing in this Order shall preclude the City and the Bank of Hope from discussing at any time a potential assignment of the Lease to Bank of

Hope or its designee upon rejection of the Lease and/or expiration of the Debtor's deadline to assume or reject the Lease.

Date: November 26, 2019
New York, New York

/S/ Shelley C. Chapman
HON. SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE