**GEORGIA M. PESTANA**
Corporation Counsel of the City of New York
Attorney for the City of New York
100 Church Street
New York, New York 10007
Zachary B. Kass
(212) 356-2113
zkass@law.nyc.gov

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------x
In re:                                                                           Chapter 11

**EAST BROADWAY MALL,**
                                                                                 Case No. 19-12280 (DSJ)

                                        Debtor.
---------------------------------------------------------x

**STATEMENT OF THE CITY OF NEW YORK THAT IT DOES NOT CONSENT AS LANDLORD TO A FURTHER EXTENSION OF DEBTOR'S TIME TO ASSUME OR REJECT LEASE WHICH EXPIRED ON SEPTEMBER 1, 2021, AND REQUEST FOR TELEPHONIC CONFERENCE WITH THE COURT**

The City of New York (the "City"), and its agency, the New York City Department of Citywide Administrative Services ("DCAS"), by their counsel, GEORGIA M. PESTANA, Corporation Counsel of the City of New York, hereby file this Statement regarding the City's determination, as landlord, **not to consent to a further extension beyond September 1, 2021,** of the time of East Broadway Mall, the debtor and debtor-in-possession herein (the "Debtor"), to assume or reject the lease relating to 88 East Broadway, New York , NY (the "Lease"), and its obligation under the prior order of this Court dated November 26, 2019 (the "November 26 Order") [ECF Docket No. 34], to immediately thereafter surrender possession of the leased real property to the City as landlord. The City respectfully states as follows:

1.      The Debtor filed a motion (the "Motion") for an order pursuant to section 365(d)(4) of the Bankruptcy Code extending the time for the Debtor to assume or reject the Lease relating to 88 East Broadway by ninety (90) days. The City filed an objection to the Motion [ECF Docket No. 24]. [1]

2.      Thereafter, the City and the Debtor negotiated, and consulted the Bank of Hope, as Leasehold Mortgagee (the "Bank"). As a result of those negotiations, the City, the Debtor and the Bank all agreed to the terms of the November 26 Order.

3.      The November 26 Order provided that the time within which the Debtor was permitted to assume or reject the Lease pursuant to section 365(d)(4) of the Bankruptcy Code was extended by ninety (90) days through and including February 9, 2020 (the "February 9, 2020 Deadline").

4.      The November 26 Order further provided that if the City did not consent in writing to a further extension before the February 9, 2020 Deadline, then the Lease would be rejected pursuant to 11 U.S.C. Section 365(d)(4), effective as of the February 9, 2020 Deadline (the "Rejection Date"). In addition, the November 26 Order provided that thereupon the City would be entitled to immediate possession of the leased premises, and that the Debtor would immediately surrender the premises to the City as lessor.

---

[1] In its objection, the City asserted that as of the Chapter 11 petition date of July 12, 2019, the City's calculations, based on its books and records, showed that the Debtor owed a total of at least $8.8 million under the Lease. City's objection, par. 25. This entire amount accrued prior to the onset of the COVID-19 pandemic. During the pandemic, the Debtor's business was severely affected, and the Debtor ceased making payments to the City.

5.    Prior to the February 9, 2020 Deadline, the Debtor requested a further extension of its time to assume or reject the Lease. The City conditioned its agreement to further extend upon the Debtor agreeing that, at the end of the extension period, it would not seek to dismiss or convert the instant Chapter 11 bankruptcy case. The Debtor agreed and the City consented to a further extension.

6.    Subsequently, the Debtor periodically requested that the City consent to further extensions. The City responded in writing to each such request (collectively, the "City's Extension Letters"). Each of the City's Extension Letters stated that the extension was being granted in view of the current COVID-19 health emergency and related issues, that all the provisions of the November 26 Order would remain in effect, except that new agreed deadline would be substituted for the "February 9 Deadline" therein, and that the City did not waive, but expressly reserved, all of its rights and remedies under the Lease, the Bankruptcy Code and all other applicable laws and regulations.

7.    During the extensions, the Debtor informed the City that it was not carrying on any operations at the premises. Further, the City did not received any payments from the Debtor for rent under the Lease for the period of March 2020 and thereafter.

**8.**    As set forth in the City's statement filed with the Court on May 17, 2021 [ECF Docket No. 63], the City most recently consented to extend the deadline to **September 1, 2021.** The Debtor has requested a further extension, but the City has determined that it will not consent as Landlord to any further extension of the time to assume or reject the Lease. Accordingly, pursuant to the November 26 Order and Section 365(d)(4) of the Bankruptcy Code, the Lease should be deemed rejected and the Debtor should immediately surrender possession of the property to the City as landlord.

9. As the situation with respect to the COVID-19 emergency continued to evolve, the City continued to reevaluate its position and continued to consult with the other parties in interest. At this time, the City does not believe that it is in the best interests of the Debtor's estate, its creditors, its subtenants, the community or the City to permit the current situation to go on. The City has taken measures to prepare to administer and safeguard the property and to protect the interests of the subtenants.

10. The City believes that the recently enacted New York State moratorium on evictions does not apply to the Debtor and its circumstances. The Debtor apparently disagrees. In any event, there has been no agreement between the City and the Debtor regarding any cooperative or voluntary transition of possession. Accordingly, the City respectfully requests that, pursuant to the Court's Chambers Rules, this Court schedule a conference at the Court's earliest convenience to address these matters. .The City believes that the conference should be held by telephone and should be off the record.

Dated: New York, New York
September 3, 2021

        GEORGIA M. PESTANA
        Corporation Counsel of the City of New York
        *Attorney for City of New York and New York City Department of Citywide Administrative Services*
        100 Church Street
        New York, New York 10007
        (212) 356-2113

BY: /s/ *Zachary B. Kass*
      Zachary B. Kass, Senior Counsel