UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

In re:                                                    )
                                                          )    Case No. 19-12280 -DSJ
                                                          )
EAST BROADWAY MALL                                        )    Chapter 11
                                                          )
            Debtor.                                       )
                                                          )

---

### ORDER DETERMINING PROCEDURES RELATING TO DEBTOR'S ASSERTED INTEREST IN LEASE FOR 88 BROADWAY, NEW YORK, NY

WHEREAS the City of New York (the "City") filed a statement dated September 3, 2021 [ECF No. 64] (the "City Statement"); and East Broadway Mall, the Debtor herein (the "Debtor") filed a letter [ECF No. 65] and an affirmation of Sarah Keenan [ECF. No. 66], both dated September 8, 2021, in response to the City Statement; and Bank of Hope, the leasehold mortgagee herein (the "Bank", and together with the City and the Debtor, collectively, the "Parties"), filed a letter dated September 8, 2021 [ECF No. 64] in response to the City Statement; and the Court having granted City's request for a conference, and having held a conference on the record via Zoom on September 27, 2021, at which attorneys representing each of the Parties and the Office of the United States Trustee appeared; and, after due deliberation, and consideration of the Parties' submissions and the prior proceedings in this case, including, without limitation, the Order of this Court dated November 26, 2019 [ECF No. 34] (the "November 26, 2019 Order") which granted certain relief relating to the Debtor's motion [ECF No. 22] for an order pursuant to Section 365(d)(4) of the Bankruptcy Code extending the Debtor's time to assume or reject an unexpired nonresidential real property lease between the Debtor, as tenant, and the City, as landlord (the "Lease") relating to 88 Broadway, New York, New York; and the Court having

concluded that the procedures set forth below are appropriate under the circumstances; now, therefore, it is hereby ORDERED that:

1. The Parties shall engage in informal discussions to determine whether a consensual resolution of issues relating to the Lease can be reached.

2. If no agreement upon a consensual resolution of issues has been reached by October 22, 2021, the Parties shall present to the Court a joint proposed briefing schedule with respect to an application to be filed by the Debtor (the "Debtor's Application"). The Debtor's Application shall specify the relief that the Debtor seeks with respect to the Lease and the grounds therefor, and may include a discussion of why, in the Debtor's view, the City was incorrect in its assertions in the City Statement that pursuant to the November 26, 2019 Order and Section **365**(d)(4) of the Bankruptcy Code: (i) the Lease was deemed rejected as of September 1, 2021; (ii) the City as landlord is entitled to immediate possession of the leased premises; and (iii) the Debtor is required to immediately surrender the premises to the City as lessor. The Debtor's Application may also address the asserted applicability of any moratorium legislation or regulation or other relevant matter. [DSJ 9/30/2021]

3. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: New York, New York
      September 30, 2021

                                              *s/ David S. Jones*
                                          UNITED STATES BANKRUPTCY JUDGE