UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
In re:                                                                    Chapter 11

EAST BROADWAY MALL,                                    Case No. 19-12280 -DSJ

                              Debtor.
----------------------------------------------------------X

**STIPULATION AND ORDER ESTABLISHING DEADLINE FOR CERTAIN ACTIONS BY DEBTOR, CITY OF NEW YORK AND BANK OF HOPE PERTAINING TO DEBTOR'S INTEREST IN LEASE FOR 88 BROADWAY, NEW YORK, NY**

RECITALS:

THE FOLLOWING RECITALS ARE ASSERTED BY THE PARTIES AND ARE ADOPTED BY THE COURT AS ITS FINDINGS OF FACT AND CONCLUSIONS OF LAW:

      A.      On July 12, 2019 (the "Petition Date"), East Broadway Mall ("EBM" or the "Debtor") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. EBM has continued in possession of its property and the management of its business affairs as a debtor-in-possession pursuant to §§1107 and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed.

      B.      The U.S. Trustee was unable to appoint an Official Committee of Unsecured Creditors.

      C.      Prior to the Petition Date, by lease dated as of March 1, 1985 (the "1985 Lease"), the City of New York (the "City"), through the New York City Department of General Services, now consolidated as part of the Department of Citywide Administrative Services ("DCAS") as Landlord, and Debtor as Tenant, entered into a 50-year lease for use of land beneath the Manhattan Bridge, originally designated as 59-77 Division Street, Manhattan, later re-designated as 88 East Broadway, and thereafter developed by Debtor, pursuant to the terms of the Lease (the

"Premises"). The Premises is delineated on the Tax Map of the City of New York, County of New York, as Block 282, Lot 44.

D.  The 1985 Lease was subsequently amended in November 1995 by First Amendment to Lease ("First Lease Amendment") in connection with the settlement of a non-payment proceeding brought against Debtor in July 1994. The 1985 Lease and the First Lease Amendment are referred to together herein, as the **"Lease"**.

E.  The City asserts that, as of the Petition Date, the Debtor owed a substantial amount to the City under the Lease, consisting of Base Rent, PILOT, Late Charges, plus Water Charges and Percentage Rent (the "City Pre-petition Claim"). The City further asserts that the Debtor has failed to make numerous payments due under the Lease during the post-petition period (the "City Post-petition Claim", and together with the City Pre-petition Claim, the "City Claim").

F.  As reflected in the "So Ordered" Stipulated Order Re: (I) Use of Cash Collateral, (II) Post-Petition Replacement Liens, and (III) Related Relief dated November 13, 2019 (the "Cash Collateral Order"), Bank of Hope ("BOH" or the "Bank") and Debtor agree that BOH is the senior secured creditor of the Debtor, pursuant to certain loan documents, including a promissory note, a loan agreement and a leasehold mortgage on the Lease, all dated December 29, 2011 (the "Loan Documents"). As reflected in the Cash Collateral Order, the Debtor and BOH also agree that as of the Petition Date, pursuant to the Loan Documents, the Debtor's indebtedness to BOH under the note was no less than $5,851,940.00, including, without limitation, $5,490.691.13 of principal, $129,847.56 of interest, and $231,401.31 of attorneys' fees (together with continuing interests, costs, and expenses due under the loan documents (collectively, the "BOH Pre-Petition Claim"). The Debtor has failed to make numerous payments due under the Loan Documents and the Cash Collateral Order during the post-petition period (the "BOH Post-

2

petition Claim", and together with the BOH Pre-petition Claim, the "BOH Claim"). As reflected in the Cash Collateral Order, the Debtor and BOH further agree that the BOH Claim is secured by substantially all of the Debtor's assets, including but not limited to the Lease. The Debtor, the City and the Bank shall be referred to collectively herein as the "**Parties**".

G.   Prior to the Petition Date, on May 10, 2018, in response to a notice to cure served by the City, the Debtor, as Plaintiff, e-filed a motion in the Supreme Court of the State of New York, City of New York ( the "**State Court Litigation**"), Index No. 154341/2018, for a so-called *Yellowstone* injunction, seeking to toll the 10-day cure period set forth in the notice to cure. The Debtor thereafter filed additional pleadings, including an Amended Complaint, and the City filed pleadings in opposition, including an answer and counter-claims. The State Court granted the injunction but conditioned its continuation on the Debtor's payment of certain amounts to the City. The City alleges that the Debtor did not make the requisite payments. Subsequently, the Debtor commenced this Chapter 11 case.

H.   On October 16, 2019, the Debtor filed in this Court a motion (the "**Motion**") [ECF Docket No. 22] for an order pursuant to section 365(d)(4) of the Bankruptcy Code extending the time for the Debtor to assume or reject the Lease relating to 88 East Broadway by ninety (90) days. The City filed an objection to the Motion [ECF Docket No. 24].

I.   Thereafter, the City and the Debtor negotiated, and consulted BOH, as Leasehold Mortgagee. As a result of those negotiations, the City, the Debtor and the Bank all agreed to the terms of an order entered by the Court on November 26, 2019 (the "**November 26, 2019 Order**"). The November 26, 2019 Order provided that the time within which the Debtor was permitted to assume or reject the Lease pursuant to section 365(d)(4) of the Bankruptcy Code was extended by ninety (90) days through and including February 9, 2020 (the "February 9, 2020 Deadline").

3

The November 26, 2019 Order further provided that if the City did not consent in writing to a further extension before the February 9, 2020 Deadline, then the Lease would be rejected pursuant to 11 U.S.C. Section 365(d)(4), effective as of the February 9, 2020 Deadline (the "**Rejection Date**"). In addition, the November 26, 2019 Order provided that thereupon the City would be entitled to immediate possession of the leased premises, that the Debtor would immediately surrender the premises to the City as lessor.

J. On or about January 29, 2020, the Debtor defaulted on its obligations to the Bank under the Cash Collateral Order by failing to make required adequate protection payments to the Bank. The Debtor has not made any adequate protection payments to the Bank since January 9, 2020. As a result of the Debtor's continuing material defaults under the Cash Collateral Order, the Bank is entitled to enforce the remedies to which it is entitled under the Cash Collateral Order.

K. Subsequently, the Debtor periodically requested that the City consent to further extensions. In connection with the City's agreeing to the first such further extension, the Debtor agreed that it would not seek dismissal or conversion of the Chapter 11 case. The City responded in writing to each such request. After agreeing to a number of further extensions, the City refused to consent to an extension beyond **September 1, 2021**.

L. Thereafter, the United States Trustee filed a motion to convert the case to Chapter 7 or to dismiss the case on January 14, 2022 (the "**Conversion Motion**"). The City filed an objection to the Conversion Motion in which the Bank joined. The hearing on the Conversion Motion was adjourned several times, and currently has been adjourned to a date to be set by the Court, which date shall be after the Plan Deadline (as defined in Paragraph 7 below).

M. The City and the Bank have negotiated a term sheet (the "**Term Sheet**") with a proposed New Tenant (the "Approved New Tenant") setting forth the terms under which the City,

4

the Bank, and the Approved New Tenant would agree to the assumption and assignment of the Lease to the Approved New Tenant, except that the terms of the Lease would be governed by the form of new lease negotiated between the Approved New Tenant and the City. A copy of the Term Sheet has been provided to the Debtor. In the event that a global settlement is not reached with the Debtor (as set forth in Paragraphs 1, 2 and 3 below), the City and the Bank agree to cooperate in good faith and use best efforts to effectuate an assignment of the Debtor's rights in the Lease to the Approved New Tenant in conformity with the Term Sheet.

N.      The Court has held numerous conferences regarding this case, including a status conference on June 13, 2022, at which the Parties agreed on the record to the provisions set forth below.

NOW, THEREFORE, in consideration of the above stated premises, and fair and valuable consideration having been given, IT IS HEREBY STIPULATED, CONSENTED TO AND AGREED by the undersigned parties, and IT IS HEREBY ORDERED BY THE COURT, AS FOLLOWS:

1. **August 1, 2022**, shall be the deadline for the taking of the actions set forth below (the "**Agreed Deadline**"). The Parties will not request, and the Court will not grant, an extension of the Agreed Deadline.

2. Up to the Agreed Deadline, the Parties will continue to consult in good faith. The Debtor shall be entitled to present to the City and the Bank any new or revised information and/or proposals. The Parties shall make reasonable efforts to meet and confer, virtually or in person, upon requests of any party. During this period, the Debtor will remain current on the filing of its periodic operating reports and payment of fees to the Office of the United States Trustee.

5

3. If a settlement is reached by the Parties before the Agreed Deadline, the Parties will memorialize it in writing, and the Debtor will file a motion seeking Bankruptcy Court approval pursuant to Bankruptcy Rule 9019 (the "Rule 9019 Motion"), all of which must occur on or before the Agreed Deadline.

4. The Debtor hereby irrevocably consents that, as of the Agreed Deadline, in the event that a settlement is not reached by the Parties by the Agreed Deadline, including the filing of the Rule 9019 Motion, then, the Debtor's right, title and interest in the Lease shall be assigned to a party to be designated by the City and the Bank (the "**New Tenant**"), upon terms and conditions acceptable to the City and the Bank (the "**Assignment Transaction**"). The City and the Bank are authorized to separately or jointly file a motion or motions for Bankruptcy Court approval of any aspect of the Assignment Transaction.

5. The Debtor also hereby irrevocably consents that, in the event that the City and the Bank do not designate a New Tenant as set forth in Paragraph 4 above, then the Lease conclusively shall be deemed terminated as of the Agreed Deadline, and the City shall be entitled as landlord to immediate possession of the Premises.

6. The Debtor also hereby irrevocably consents to the dismissal and/or discontinuance with prejudice of the State Court Litigation, as of the Agreed Deadline, and also agrees that it will not seek any further or future relief against the City with respect to the Lease.

7. On or before August 15, 2022 (the "**Plan Deadline**"), one or more of the Parties shall file a proposed plan of reorganization or liquidation, or another pleading seeking a

disposition and resolution of this case. The Parties will not request an extension of the Plan Deadline.

8. The Bankruptcy Court shall retain exclusive jurisdiction over the terms, implementation and enforcement of this Stipulation and Order and any disputes or controversies that may arise hereafter regarding it.

Dated: June 22, 2022

AGREED AND STIPULATED TO:

WINDELS MARX LANE & MITTENDORF LLP
Counsel to the Bank of Hope
By: s/ s/ James M. Sullivan
    James M. Sullivan
156 West 56th Street
New York, New York 10019
(212) 237-1170

AGREED AND STIPULATED TO:
SFERRAZZA & KEENAN PLLC
Counsel to the Debtor
and Debtor In Possession
By: s/ Sarah M. Keenan
    Sarah M. Keenan
532 Broadhollow Road, Suite 111
Melville, New York 11747
(631) 753-4400 ext. 23

AGREED AND STIPULATED TO:
SYLVIA O. HINDS-RADIX
Corporation Counsel of the City of New York
By:   s/ Zachary B. Kass
    Zachary B. Kass
    Senior Counsel
100 Church Street
New York, New York 10007
(212) 356-2113

**SO ORDERED:**

Dated: New York, New York
     June 22, 2022

        _s/ David S. Jones_
        Honorable David S. Jones
        United States Bankruptcy Judge