UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------ X

In re:

                                                        Chapter 11

East Broadway Mall, Inc.,

  Debtor.                                             Case No.: 19-12280 (DSJ)

------------------------------------------------------ X

## DEBTOR'S APPLICATION FOR ORDER SETTING DEADLINE TO FILE ADMINISTRATIVE EXPENSE CLAIMS INCURRED AFTER OCTOBER 27, 2022 AND APPROVING FORM AND MANNER OF NOTICE THEREOF

        The above-captioned debtor (the "Debtor") hereby submits this application (the "Application") for entry of an order, pursuant to Rule 3003(c)(3) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 3003-1 of the Local Rules for the Southern District of New York (the "Local Bankruptcy Rules"), and the Procedural Guidelines for Filing Requests for Orders to Set the Last Date For Filing Proofs of Claim, dated December 1, 2015 (the "Guidelines"), establishing procedures for filing proofs of claim and approving the form and manner of service thereof, and respectfully represents:

### JURISDICTION

        1.     This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157.  Venue of these cases and this Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief requested herein are sections 105(a) and 502(b)(9) of the Bankruptcy Code, Bankruptcy Rules 2002 and 3003(c)(3), Local Bankruptcy Rule 3003-1, and the Guidelines.

### CONSENT OF PARTIES

        2.     Please be advised that, in accordance with the Guidelines, Bank of Hope (the Debtor's only secured creditor with a lien on substantial all the Debtor's assets) and the United States Trustee have given their respective approval of the proposed order (the "Second Administrative Bar Date

1

Order") and all attachments thereto in form and substance.

## BACKGROUND

3. On July 12, 2019 (the "Petition Date"), the Debtor commenced a voluntary case under chapter 11 of the Bankruptcy Code. No trustee, examiner, or statutory committee of creditors has been appointed in this chapter 11 case.

4. On September 20, 2022, an order was entered directing that all persons and entities (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts and governmental units), that assert a claim, as defined in Section 101(5) of the Bankruptcy Code, against the Debtor which arose on or prior to the Petition Date or that assert a claim allowable under §§503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration of the Debtor's estate, shall file a proof of such claim in writing or electronically on the Court's website at www.nysb.uscourts.gov so that it is received on or before October 26, 2022 **(ECF 124)**(the "Initial Claims Bar Date Order").

5. The Initial Claims Bar Date Order also provided for proofs of claim filed by governmental units must be filed on or before November 26, 2022.

## RELIEF REQUESTED

6. In order for the Debtor to fully administer its chapter 11 case and to make distribution to creditors, the Debtor's estate must obtain complete and accurate information regarding the nature, validity, and amount of all claims that have arose since October 27, 2022. Accordingly, by this Application, the Debtor seeks entry of a further Administrative Bar Date Order pursuant to sections 105(a) and 502(b)(9) of the Bankruptcy Code, Bankruptcy Rules 2002 and 3003(c)(3), Local Bankruptcy Rule 3003-1, and the Guidelines establishing a deadline for filing proofs of claim and approving the form and manner of notice thereof (the "Second Administrative Bar Date Order").

7. The Debtor respectfully requests entry of the Second Administrative Bar Date Order:

(a) establishing June 30, 2023 as the deadline for all persons or entities (except as otherwise provided herein) holding any right to payment constituting an actual, necessary cost or expense of administering these cases or preserving the estates, including, but not limited to, claims under sections 365(d)(3), 365(d)(5), or 503(b)(1) through (8) of the Bankruptcy Code (each, an "Administrative Claim") that arose during the period from October 22, 2022 through June 30, 2023 (the "Second Administrative Claim Period") to file a proof of Administrative Claim; and

(b) approving the proposed notice of the Second Administrative Bar Date attached hereto as Exhibit A (the " Second Administrative Bar Date Notice").

8. Administrative Claims that fall into any one of the following categories need not file a claim on or prior to the Second Administrative Bar Date:

(a) Any claim that has already been asserted in a proof of claim against the Debtor with the Clerk of the Bankruptcy Court for the Southern District of New York in a form substantially similar to Official Bankruptcy Form No. 410;

(b) Any claim that has previously been allowed by Order of this Court;

(c) Any claim that has been paid in full by the Debtor;

(d) Any claim for which a different deadline has previously been fixed by this Court.

**Procedures for Providing Notice of the Second Administrative Claim
Bar Dates and the Administrative Claim Form**

9. The Debtor proposes the following procedures (the "Procedures") for providing notice to parties-in-interest. The Debtor shall serve the proposed notice of the Second Administrative Claim

3

Bar Date attached hereto as Exhibit A, within three (3) business days of entry of the Second Administrative Bar Date Order, by first-class mail, postage prepaid, to the following parties:

    (a) The United States Trustee;

    (b) All persons or entities that have requested notice of the proceedings in the chapter 11 case;

    (c) All persons or entities that have filed claims;

    (d) All creditors and other known holders of claims as of the date of the Second Administrative Bar Date Order, including all persons or entities listed in the Schedules as holding claims;

    (e) All parties to executory contracts and unexpired leases of the Debtor;

    (f) All parties to litigation with the Debtor;

    (g) The Internal Revenue Service for the Southern District of New York and, if required by Bankruptcy Rule 2002(j), the Securities and Exchange Commission and any other required governmental units (a list of such agencies is available from the Office of the Clerk of the Court); and

    (h) Such additional persons and entities as deemed appropriate by the Debtor.

    10.    After the initial mailing of the notice of the Second Administrative Claim Bar Date, the Debtor anticipates it may be appropriate to make supplemental mailings of the Bar Date Package in a number of situations, including (a) in the event that notices are returned by the post office with forwarding addresses (unless notices are returned as "return to sender" without a forwarding address, in which case the Debtor should not be required to mail additional notices to such creditors), (b) certain parties acting on behalf of parties-in-interest decline to pass along notices to these parties-in-interest and instead return their names and addresses to the Debtor for direct mailing, and (c) additional potential Claimants become known as the result of the noticing process.

    11.    In this regard, the Debtor requests that this Court permit it to make supplemental

mailings of the Notice of the Second Administrative Claim Bar Date in these and similar circumstances at any time up to twenty-one (21) days in advance of the Second Administrative Bar Date, with any such mailings being deemed timely and the Bar Date being applicable to the recipient creditors, if appropriate. The Debtor believes that these proposed supplemental mailings will help to provide actual notice to known creditors wherever applicable, while at the same time preserving the integrity of the Bar Dates.

### Consequences of Failing to Submit an Administrative Claim by the Second Administrative Bar Date

12. Pursuant to Bankruptcy Rule 3003(c)(2), the Debtor proposes that any Claimant who is required, but fails, to submit an Administrative Claim in accordance with the Second Administrative Bar Date Order on or before June 30, 2023 shall be forever barred, estopped, and enjoined from asserting such Administrative Claim against the Debtor, its property, and its estate.

### The Proposed Bar Date And Notice Procedures Are Reasonably Calculated To Provide Due And Proper Notice

13. Bankruptcy Rule 2002(a)(7) requires the Debtor to provide at least twenty-one (21) days' notice of the time fixed for filing an Administrative Claim. The Guidelines provide that creditors should be given at least thirty-five (35) days' notice after the mailing date.

14. The Debtor submits that the proposed Second Administrative Bar Date and related procedures provide sufficient time for all parties-in-interest to assert their claims and that no further or other notice of the Bar Date is necessary and that the Procedures provide due and proper notice of the Bar Dates.

### RESERVATION OF RIGHTS

15. The Debtor reserves all rights to object to any Administrative Claim on any.

16. Further, the Debtor reserves it right to seek a further order from this Court to fix a deadline by which holders of Claims not subject to the Bar Dates must file proofs of claim against the Debtor or be forever barred from doing so.

17. Based on the foregoing, the Debtor submits that the relief requested herein is necessary and appropriate, is in the best interests of its estate and creditors and should be granted in all respects.

## CONCLUSION

WHEREFORE, the Debtor respectfully requests that the Court grant the relief requested herein and such other and further relief as is just.

Dated: April 24, 2023　　　　　　　　　　　　　SFERRAZZA & KEENAN PLLC
　　　　Melville, New York　　　　　　　　　　　Attorneys for Debtor and Debtor-in-Possession

　　　　　　　　　　　　　　　　　　　　　　　By: /s/ Sarah M. Keenan
　　　　　　　　　　　　　　　　　　　　　　　　　　Sarah M. Keenan, Esq.
　　　　　　　　　　　　　　　　　　　　　　　532 Broadhollow Road
　　　　　　　　　　　　　　　　　　　　　　　Suite 111
　　　　　　　　　　　　　　　　　　　　　　　Melville, NY 11747
　　　　　　　　　　　　　　　　　　　　　　　(631)-753-4400 ext. 23
　　　　　　　　　　　　　　　　　　　　　　　sally@skpllc.com