**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------ X
In re:

                                      Chapter 11

East Broadway Mall, Inc.,

  Debtor.                               Case No.: 19-12280 (DSJ)
------------------------------------------------------ X

### MOTION FOR AN ORDER (i) APPROVING DEBTOR'S DISCLOSURE STATEMENT; (ii) APPROVING SOLICITATION PROCEDURES, FORMS OF BALLOTS, AND MANNER OF NOTICE; AND (iii) FIXING THE DEADLINE FOR FILING OBJECTIONS TO CONFIRMATION OF THE PLAN AND SCHEDULING HEARING ON PLAN CONFIRMATION

TO THE HONORABLE DAVID S. JONES, UNITED STATES BANKRUPTCY JUDGE:

East Broadway Mall. Inc., debtor and debtor in possession ("Debtor"), respectfully requests that this Court enter an Order approving (a) the Disclosure Statement for Chapter 11 Plan of Reorganization filed by the Debtor (the "Disclosure Statement")(ECF 155-1), (b) necessary voting procedures and deadlines, including the approval of solicitation procedures, form of ballot and notice of confirmation hearing, and (c) the establishment of a deadline for the filing of objections to confirmation of the Chapter 11 Plan filed by the Debtor (the "Plan")(ECF 154)

In further support of this Motion, the Debtor states as follows:

### I. JURISDICTION

1.    The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### II. BACKGROUND

2.    On July 12, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for

remains a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3.       An official committee of unsecured creditors has not been appointed in this case.

4.       On April 28, 2023, the Debtor filed the Plan and Disclosure Statement. The Plan is premised on the assumption and modification of the Debtor's lease with the City of New York.

### III.   **REQUESTED RELIEF**

5.       By this Motion and pursuant to Sections 105, 1125, 1126 and 1128 of the Bankruptcy Code and Rules 2002, 3017, 3018 and 3020 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Debtor seeks entry of an Order substantially in the form attached hereto as Exhibit A (the "Disclosure Statement Order") (a) approving the form and content of the Disclosure Statement, (b) approving the proposed solicitation procedures, (c) approving the forms of ballots and balloting instructions, (d) establishing procedures for the solicitation of votes on the Plan, (e) establishing procedures for providing notice of the hearing on confirmation of the Plan and (f) setting the date for the confirmation hearing and a deadline for objecting to the Plan.

### IV.   **THE DISCLOSURE STATEMENT**

6.       Pursuant to Section 1125 of the Bankruptcy Code, a plan proponent must provide holders of impaired claims with "adequate information" regarding a debtor's proposed plan of reorganization.  Section 1125(a)(l) of the Bankruptcy Code provides, in pertinent part, as follows:

> "[A]dequate information" means information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, that would enable a hypothetical reasonable investor typical of holders of claims or interests of the relevant class to make an

12

11 U.S.C. § 1125(a)(l).

7.    A disclosure statement must provide information that is "reasonably

practicable" to permit an "informed judgment" by impaired creditors entitled to vote on the

plan or reorganization. *See In re Dakota Rail, Inc.,* 104 B.R. 138, 142 (Bankr. D. Minn. 1989);

*In re Copy Crafters Quickprint Inc.,* 92 B.R. 973, 979 (Bankr. N.D.N.Y. 1988) (adequacy of

disclosure statement "is to be determined on a case specific basis under a flexible standard that

can promote the policy of Chapter 11 towards fair settlement through a negotiation process

between informed interested parties").

8.    In examining the adequacy of the information contained in a disclosure

statement, the Bankruptcy Court has broad discretion.  *See Texas Extrusion Corp v. Lockheed

Corp. (In re Texas Extrusion Corp.),* 844 F.2d 1142, 1157 (5th Cir. 1988), *cert. denied,* 488 U.S. 926

(1988); *see also Dakota Rail,* 104 B.R. at 143 (court has "wide discretion to determine ...

whether a disclosure statement contains adequate information without burdensome,

unnecessary and cumbersome detail").  The determination of whether a disclosure statement

contains adequate information is to be made on a case-by-case basis, focusing on the unique

facts and circumstances of each case.

9.    Courts generally examine whether the disclosure statement contains, if

applicable, the following types of information:

a.    the circumstances that gave rise to the filing of the
bankruptcy petition;

b.    a complete description of the available assets and their value;

c.    the anticipated future of the debtor;

d.    the source of the information provided in the disclosure statement;

e.    a disclaimer, which typically indicates that no statements or

are authorized, other than those set forth in the disclosure statement;

 f. the condition and performance of the debtor while in Chapter 11;

 g. information regarding claims against the estate;

 h. a liquidation analysis setting forth the estimated return creditors would receive under Chapter 7;

 1. the accounting and valuation methods used to produce financial information in the disclosure statement;

 J. information regarding the future management of the debtor including the amount of compensation to be paid to any insiders, directors and/or officers of the debtor;

 k. a summary of the plan of reorganization;

 l. an estimate of all administrative expenses, including attorneys' fees and accountants' fees;

 m. the collectability of any accounts receivable;

 n. any financial information, valuations or pro forma projections that would be relevant to creditors' determinations of whether to accept or reject the plan;

 o. information relevant to the risks being taken by the creditors and interest holder;

 p. the actual or projected value that can be obtained from avoidable transfers;

 q. the existence, likelihood and possible success of non-bankruptcy litigation;

 r. the tax consequences of the plan; and

 s. the relationship of the debtor with its affiliates.

*See, e.g., In re Scioto Valley Mortgage Co.,* 88 B.R. 168, 17071 (Bankr. S.D. Ohio 1988).

 13. The Debtor submits that the Disclosure Statement contains adequate information within the meaning of section 1125 of the Bankruptcy Code and should be approved. The Disclosure Statement describes the reason for the bankruptcy filing, events during the Chapter 11 case, and a

14

19-12280-sdj  Doc 159-1  Filed 05/05/23  Entered 05/05/23 13:51:05  Pleading with
detailed purposes which Court has submitted by City to each of base which in comparing with
MOTION FOR AN ORDER (i) APPROVING DEBTORS DISCLOSURE STATEMENT  (ii)    Pg 5 of 21

Bank of Hope's proposed Approved New Tenant and in fact provides for a greater return to both

Bank of Hope and the City.

SOLICITATION PROCEDURES

### A.    Voting

14.        Pursuant to the Plan, holders of Claims in Class 1 and Class 3 are entitled to vote

(collectively, the "Voting Classes").

### B.    Form of Ballots.

15.        Bankruptcy Rule 3018(c) provides, in relevant part, as follows:

> *Form of Acceptance or Rejection.*  An acceptance or
> rejection shall be in writing, identify the plan or
> plans accepted or rejected, be signed by the
> creditor or equity security holder or authorized
> agent,  and conform to the appropriate Official
> Form.

16.        The Debtor proposes to mail a ballot, substantially in the form of the

ballot attached hereto as <u>Exhibit B</u> (the "Ballot"),  to each Holder of a Claim in the Voting

Classes.  The form of Ballot complies with Bankruptcy Rule 3018(c).  The Debtor submits that the

Ballot should be approved in all respects.

### C.    Procedures For Solicitation of Votes and Providing Notice.

17.        Bankruptcy Rule 3017(d) sets forth the materials that must be provided to

holders of Claims for purposes of soliciting their votes on a plan of reorganization.  Under the

Plan, as set forth above, only holders of Claims in the Voting Classes are entitled to vote to

accept or reject the Plan.

18.        Claims in Classes 2 are unimpaired and are deemed to have accepted the Plan

pursuant to section 1126(f) of the Bankruptcy Code.

19.        On or before a date to be set by the Court, the Debtor proposes to mail

solicitation packages (the "Solicitation Packages") to all creditors and parties in interest which will

include:

    a.        a copy of the Disclosure Statement, as approved by the Court (with exhibits) and the Disclosure Statement Approval Order;

    b.        a copy of the Plan;

    c.        a Ballot, substantially in the form approved by the Court (only to those in the Voting Classes); and

    d.        a Notice of the hearing on confirmation of the Plan in the form of notice attached hereto as <u>Exhibit C</u>.

**D.        Deadline For Receipt of Ballots.**

20.        Pursuant to Bankruptcy Rule 3017(c), the Debtor proposes that, in order to

be counted as votes to accept or reject the Plan, all Ballots must be properly executed, completed

and delivered to the Debtor by mail, by overnight mail, facsimile or by personal delivery so

that the Ballots are received by the Debtor no later than 4:00 p.m. Eastern Standard Time seven (7)

days prior to the Confirmation Hearing, or such shorter time period as the Court may provide.

The Debtor believes that such deadline for submitting Ballots is sufficient to provide creditors with

the opportunity to review and analyze the Plan.

**E.     Tabulation Procedures with Regard to Holders of Claims.**

21.     The Debtor proposes the Court approve the following procedures for tabulation of Ballots:

(i)     For purpose of voting on the Plan, the Debtor will be deemed to be in constructive receipt of any Ballot timely delivered to the address set forth above as designated for the receipt of Ballots cast on the Plan;

(ii)     Any Ballot received by the Debtor after the Ballot Deadline shall not be counted;

(iii)     Pursuant to Bankruptcy Rule 3018(a), whenever a holder of a Claim submits more than one Ballot voting the same Claim prior to the Ballot Deadline, the last such Ballot sent and received shall count unless such holder has sufficient cause within the meaning of Bankruptcy Rule 3018(a) to submit, or the Debtor consents to the submission of, a superseding Ballot;

(iv)     If a Ballot does not include a Claim amount, the Ballot shall be deemed filed in the amount of a filed Claim, and if no Claim has been filed, in the amount of the Claim as specified in the Schedules, as long as the Claim is listed in the Schedules as undisputed, non-contingent or liquidated; otherwise, the Ballot shall not be counted;

(v)     If a holder of a claim casts simultaneous duplicative Ballots voted inconsistently, then such Ballots shall not be counted;

(vi)     The authority of the signatory of each Ballot to complete and execute the Ballot shall be presumed;

(vii)     Any Ballot that is not signed shall not be counted;

(viii)     Any Ballot received by the Balloting Agent by electronic communication (i.e. email) shall not be counted buy signed Ballots received timely by the Balloting Agent by

17

facsimile will be counted;

(ix)     A holder of a Claim must note all of its Claims within a particular Class under

the Plan either to accept or reject the Plan and may not split its vote.  Accordingly, a Ballot

that partially rejects and partially accepts the Plan, or that indicates both a vote for and

against the Plan, will not be counted; and

(x)     Any Ballot that is timely received and executed but does not indicate whether

the holder of the relevant Claim is voting for or against the Plan will be deemed a vote in

favor of the Plan.

<u>CONFIRMATION OBJECTION DEADLINE</u>

22.     The Debtor  requests that the Court direct that any objections to the Plan be

in writing, state the name and address of the objecting party, the amount of its claim or the

nature of its interest, and the nature of the objection and the legal basis therefore, and be filed

with the Court (with a copy to chambers), with copies served upon (i) counsel to the Debtor,

Sferrazza & Keenan, PLLC, 532 Broadhollow Road, Suite 111, Melville, NY 11747 (Attn: Sarah

M. Keenan, Esq.), and (ii) the office of Office of the United States Trustee for the Southern

District of New York, U.S. Federal Office Building, 201 Varick Street – Room 1006, New York,

NY 10014 (Attn: Mark Bruh, Esq. ).  Such objections must be received no later than 4:00

p.m. Eastern Time on a date established in accordance with Federal Rule of Bankruptcy

Procedure 2002(b).

**VIII.  <u>NOTICE</u>**

23.     A copy of this Motion has been served upon (i) the United States

Trustee; (ii) all creditors of the Debtor; and (iii) all parties having filed notices of appearance and request for service of pleadings.  The Debtor submits that such notice is reasonable and constitutes good and sufficient notice of the matters set forth herein pursuant to Bankruptcy Rules 2002 and 3007.

24.      No previous request for the relief sought herein has been made to this or any other Court.

**WHEREFORE,** The Debtor respectfully requests entry of an Order substantially in the form of the Disclosure Statement Order attached hereto as Exhibit A granting the relief sought herein, and such other and further relief as is just and proper.

| | |
|---|---|
| Dated: Melville, New York<br>May 4, 2023 | SFERRAZZA & KEENAN, PLLC<br>Attorneys for the Debtor and Debtor in Possession<br><br>By:/s/ Sarah M. Keenan<br>532 Broadhollow Road<br>Suite 111<br>Melville, New York, 11747<br>(631) 753-4400 ext. 23 |

**EXHIBIT** A

Proposed Order Approving Disclosure Statement

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

In re:

     East Broadway Mall, Inc.,

                         Debtor.

------------------------------------------------------------x

Chapter 11

Case No.  19-12280-DSJ

## ORDER (i) APPROVING DISCLOSURE STATEMENT RELATING TO DEBTOR'S CHAPTER 11 PLAN OF REORGANIZATION, (ii) APPROVING SOLICITATION PROCEDURES, FORM OF BALLOT AND MANNER OF NOTICE; AND (iii) FIXING THE DEADLINE FOR FILING OBJECTIONS TO CONFIRMATION OF THE PLAN AND SCHEDULING HEARING ON PLAN CONFIRMATION

A hearing having been held on June 14, 2023 (the "Hearing") to consider the Motion (the "Motion") of East Broadway Mall, Inc. debtor and debtor in possession (the "Debtor"), dated May 4, 2023, seeking, *inter alia,* approval pursuant to section 1125 of title 11 of the United States Bankruptcy Code (the "Bankruptcy Code") of the proposed Disclosure Statement Relating to Chapter 11 Plan Filed by the Debtor ("Disclosure Statement") dated April 28, 2023 and approval of the proposed solicitation procedures in connection with confirmation of the Chapter 11 Plan filed by the Debtor dated April 28, 2023 (the "Plan"); and it appearing from the certificates of service on file with this Court that proper and timely notice of the Hearing has been given; and it appearing that such notice was adequate and sufficient; and all appearances at the Hearing having been duly noted on the record of the Hearing; and each of the objections, if any, filed to the Disclosure Statement or the Motion having been either (a) withdrawn or rendered moot by modification to the Disclosure Statement or (b) overruled by the Court; and the Debtor having made the conforming additions, changes, corrections, and deletions to the Disclosure Statement necessary to comport with the record of the Hearing and the agreements, if any, reached with the parties, if any, that had filed objections, a copy of which Disclosure Statement is attached hereto as Exhibit A; and, upon the

21

MOTION FOR AN ORDER (i) APPROVING DEBTORS DISCLOSURE STATEMENT  (ii)

heretofore  had  before  the  Court  and  after  due  deliberation  and  sufficient  cause  appearing,

therefore it is

ORDERED, FOUND AND DETERMINED THAT:

1.      The Disclosure Statement contains adequate information within the meaning of

section 1125 of the Bankruptcy  Code.

2.      The Disclosure Statement and the Motion are hereby approved.

3.      Only  the  following  holders of Claims in the Voting Classes shall be entitled to

vote  with  regard  to such Claims: (a) the holders of filed proofs of claim that have not been

objected  to  at  least  twenty  (20)  days prior to the Ballot Deadline and (b) the holders of

scheduled claims that are listed in the Debtor's Schedules of  liabilities filed with the Court (as

amended,  the  "Schedules")  as  not  contingent,  unliquidated,  or disputed claims (excluding

scheduled claims that have been superseded  by a filed proof of  claim).  Holders of Claims shall

not be permitted to vote on the Plan if their Claims are subject to a pending objection  at least

twenty  (20) days prior to the Ballot Deadline.

4.      With respect to a Claim that has been estimated or otherwise allowed for voting

purposes by order of the Bankruptcy Court, the amount and classification of such Claim will be

that set by the Bankruptcy Court.

5.      A Claim recorded  o n  the Schedules or in the Clerk's records as wholly unliquidated,

contingent  and/or undetermined will be accorded one vote, valued at $10.00, for the purposes

of section 1126(c) of the Bankruptcy Code, unless the Claim is disputed as set forth in 4(a) above.

6.      On or before                  ,2023, the Debtor shall deposit or cause to be

deposited in the United States mail, postage prepaid, and sent to all creditors and

parties in interest  a  sealed solicitation package (the "Solicitation Package") which shall

include:

b.    a copy of the Disclosure Statement, as approved by the Court (with exhibits);

c.    a copy of the Plan;

d.    a Ballot (with instructions), in substantially the form approved by the Court (only to those in the Voting Classes); and

c.    a Notice in substantially the form approved by the Court.

7.    All persons and entities entitled to vote on the Plan shall deliver their Ballots by

mail, hand delivery, facsimile or overnight courier no later than 4:00 p.m. Eastern Standard Time

on _____, 2023 (the "Ballot Deadline") to the Debtor at:

Sferrazza & Keenan, PLLC
532 Broadhollow Road
Suite 111
Melville, NY 11747
Attn: Sarah M. Keenan, Esq.

Any Ballot received after such time shall not be counted other than as provided for

herein. Ballots submitted by email shall not be counted.

8.    The following procedures for tabulation of Ballots are hereby approved:

(i)    For the purpose of voting on the Plan, the Debtor will be deemed to be in

constructive receipt of any Ballot timely delivered to the address set forth above as

designated for the receipt of Ballots cast on the Plan;

(ii)     Any Ballot received by the Debtor after the Ballot Deadline shall not be counted;

(iii)     Pursuant to Bankruptcy Rule 3018(a), whenever a holder of a Claim submits more than one Ballot voting the same Claim prior to the Ballot Deadline, the last such Ballot sent and received shall count unless such holder has sufficient cause within the meaning of Bankruptcy Rule 3018(a) to submit, or the Debtor consents to the submission of, a superseding Ballot;

(iv)     If a Ballot does not include a Claim amount, the Ballot shall be deemed filed in the amount of a filed Claim, and if no Claim has been filed, in the amount of the Claim as specified in the Schedules, as long as the Claim is listed in the Schedules as undisputed, non-contingent or liquidated; otherwise, the Ballot shall not be counted;

(v)     If a holder of a claim casts simultaneous duplicative Ballots voted inconsistently, then such Ballots shall not be counted;

(vi)     The authority of the signatory of each Ballot to complete and execute the Ballot shall be presumed;

(vii)     Any Ballot that is not signed shall not be counted;

(viii)     Any Ballot received by the Debtor by email shall not be counted buy signed Ballots received timely by the Debtor by facsimile will be counted;

(ix)     A holder of a Claim must note all of its Claims within a particular Class under the Plan either to accept or reject the Plan and may not split its vote.  Accordingly, a Ballot that partially rejects and partially accepts the Plan, or that indicates both a vote for and against the Plan, will not be counted; and

(x)        Any Ballot that is timely received and executed but does not indicate whether

the holder of the relevant Claim is voting for or against the Plan will be deemed a vote in

favor of the Plan.

9.        The Confirmation Hearing is scheduled for _____,2023 at __:__.m. New

York Time, at the United States Bankruptcy Court for the Southern District of New York, One

Bowling Green New York, NY 10004. This hearing may be adjourned from time to time

without further notice other than an announcement of the adjourned date(s) at said

hearing and at any adjourned hearing(s).

10.        Any objection to Confirmation of the Plan must be filed with the Court (with

a copy to Chambers) and must be served, so as to be received by no later than 5:00 p.m.,

Eastern Standard Time, on _____, 2023 on (i) counsel to the Debtor, Sferrazza &

Keenan, PLLC, 532 Broadhollow Road, Suite 111, Melville, NY 11747 (Attn: Sarah M.

Keenan, Esq.),; and (ii) the Office of the United States Trustee for the Southern District

of New York, U.S. Federal Office Building, 201 Varick Street – Room 1006, New York, NY

10014 (Attn:  Mark Bruh, Esq. )  Any objection to Confirmation of the Plan must be in writing

and (a) must state the name and address of the objecting party and the amount of its Claim or

the nature of its interest and (b) must state, with particularity, the nature of its objection.

Exhibit B

Proposed Form Of Ballot

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

In re:

      East Broadway Mall, Inc.,

                      Debtor.
---------------------------------------------------------------x

Chapter 11

Case No.

**BALLOT ACCEPTING  OR REJECTING**

**DEBTOR'S CHAPTER 11 PLAN**

The Chapter 11 Plan dated April 28, 2023, filed by East Broadway Mall, Inc. and referred to in this ballot (the "Plan"), can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by each class of creditors and holders of equity interests which is impaired under the Plan.  Each impaired class of creditors may accept the Plan if the holders of at least two-thirds (2/3) in amount and more than one half (1/2) in number of the allowed claims which vote on the Plan vote to accept the Plan.

To have your vote count, you must complete and return this ballot to:

Sferrazza & Keenan, PLLC
532 Broadhollow Road
Suite 111
Melville, NY 11747
Attn: Sarah M. Keenan, Esq.

All ballots must be **received by 5:00 p.m.** New York Time _____, 2023 . Any ballots received after such time shall not be counted.

The undersigned, a creditor in Class _____of the Plan, holding a claim in the amount

of $_____

Check One:

☐      Accepts the Plan

☐      Rejects the Plan

<u>Corporation:</u>  IF THE CLAIMANT IS A CORPORATION, PRINT THE NAME OF CORPORATION ON LINE (1) ONE; AN OFFICER OF CORPORATION SIGNS HIS NAME ON

27

Partnership:  IF CLAIMANT IS A PARTNERSHIP, PRINT THE NAME OF THE PARTNERSHIP ON LINE (1) ONE; A PARTNER SIGNS HIS NAME ON LINE (2) TWO; PRINT "PARTNER" ON LINE (3) THREE.

Individual:  IF THE CLAIMANT IS AN INDIVIDUAL DOING BUSINESS UNDER HIS OR HER OWN NAME, PRINT SUCH NAME ON LINE (1) ONE; SIGN SUCH NAME ON LINE (2) TWO; AND DISREGARD LINE (3) THREE.

IF CLAIMANT DOES BUSINESS UNDER A COMPANY OR TRADE NAME, PRINT THAT NAME ON LINE (1); SIGN OWN NAME ON LINE (2) TWO; AND PRINT "OWNER" ON LINE (3) THREE.

Dated: ................................

(1)_____

    Name of Creditor (PLEASE PRINT)

(2)_____

        (Signature)

(3)_____

        (Title)

_____

        (Address)

_____

_____

**Exhibit C**

**Proposed Form of Notice**

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

In re:

       East Broadway Mall, Inc.,

                      Debtor.

------------------------------------------------------------x

Chapter 11

Case No. 19-12280-DSJ

## NOTICE OF APPROVAL OF DISCLOSURE STATEMENT AND OF
## HEARING ON CONFIRMATION OF CHAPTER 11 PLAN

PLEASE TAKE NOTICE, that on _____ **2023 at** _____ (the

"Confirmation Hearing"), or as soon thereafter as counsel may be heard, East Broadway Mall,

Inc., Debtor and Debtor in Possession (the "Debtor"), by its counsel, a hearing will be held via

Zoom before the Honorable David S. Jones of the United States Bankruptcy Court for the

Southern District of New York (the "**Court**"), One Bowling Green New York, NY 10004 to consider

entry of an order (the "Confirmation Order"), confirming the proposed Chapter 11 Plan filed by

the Debtor dated April 28, 2023 (the "Plan"), a copy of which Plan is being provided to you with

this Notice. Also provided with this Notice are: (a) the Disclosure Statement dated April 28,

2023 (the "Disclosure Statement") which, by order of the Bankruptcy Court dated June   , 2023

(the "Disclosure Statement Approval Order"), was approved as containing "adequate

information" pursuant to section 1125 of the United States Bankruptcy Code; (b) the Disclosure

Statement Approval Order; and (c) if you are entitled to vote upon the Plan, a Ballot for voting

upon the Plan, the form of which was approved by the Disclosure Statement Order.

PLEASE TAKE FURTHER NOTICE, that pursuant to the Disclosure Statement Approval Order,

the Bankruptcy Court approved the procedures for voting upon the Plan which should be reviewed

by all claimants and parties-in-interest in their entirety.  Among other things, the Court has

fixed a deadline of

_____, 2023 at 5:00 p.m. (New York time) for receipt by Debtor's counsel, Sferrazza &

Keenan PLLC of all Ballots cast accepting or rejecting the Plan.

PLEASE TAKE FURTHER NOTICE, that objections, if any, to entry of the Confirmation

Order must: (a) be in writing; (b) state with particularity the grounds therefore; (c) be filed with

Clerk of the Bankruptcy Court, One Bowling Green New York, NY 10004 and (d) be served upon

(i) Sferrazza & Keenan PLLC, Attn: Sarah M. Keenan, Esq., 532 Broadhollow Road, Suite 111,

Melville, NY 11747and (ii) the Office of the United States Trustee for the Southern District of

New York, U.S. Federal Office Building, 201 Varick Street – Room 1006, New York, NY

10014 (Attn: Mark Bruh, Esq. )so as to all be received no later than __        __,  **2023    at**

**5:00 p.m..**

PLEASE TAKE FURTHER NOTICE, that you need not appear at the Confirmation Hearing if

you do not object to the relief to be requested at the Confirmation Hearing.

PLEASE TAKE FURTHER NOTICE, that the Confirmation Hearing may be continued or

adjourned from time to time without further notice other than by an announcement of the

adjourned date at the Confirmation Hearing.


Dated: Melville, New York                    SFERRAZZA & KEENAN, PLLC
       , 2023                                Attorneys for the Debtor and Debtor in
                                             Possession

                                             By:/s/ Sarah M. Keenan
                                             532 Broadhollow Road
                                             Suite 111
                                             Melville, New York, 11747
                                             (631) 753-4400 ext. 23