WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE, REGION 2
U.S. Department of Justice
Office of the United States Trustee
Alexander Hamilton Custom House
One Bowling Green, Room 534
New York, NY 10004
Tel. (212) 510-0500
By:    Mark Bruh, Esq.
       Trial Attorney

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
                                              :
In re                                         :        Chapter 11
                                              :
EAST BROADWAY MALL, INC.,                     :
                                              :        Case No. 19-12280 (DSJ)
                                              :
                          Debtor.             :
--------------------------------------------------------X

**OBJECTION OF THE UNITED STATES TRUSTEE TO**
**THE DEBTOR'S DISCLOSURE STATEMENT AND CHAPTER 11 PLAN**

TO THE HONORABLE DAVID S. JONES,
UNITED STATES BANKRUPTCY JUDGE:

William K. Harrington, the United States Trustee for Region 2 (the "**United States Trustee**"), by and through the undersigned counsel, hereby submits this objection (the "**Objection**") to the Debtor's Disclosure Statement (the "**Disclosure Statement**") and proposed Chapter 11 Plan of Reorganization (the "**Plan**") seeking certain relief under title 11 of the United States Code (the "**Bankruptcy Code**"), the Federal Rules of Bankruptcy Procedure, and the Local Rules for the Southern District of New York.[1]  In support of the Objection, the United States Trustee respectfully states:

---

[1] Capitalized terms not otherwise defined herein shall have the same meaning as set forth in the Disclosure Statement and Plan.

1

**INTRODUCTION**

The Debtor's Plan is premised on a proposal to the City of New York (the "**City**") and Bank of Hope ("**BOH**") which, according to the Debtor, is contingent upon the City's acceptance of the proposal. The Debtor's proposes to assume and modify the lease (the "**Lease**") for land beneath the Manhattan Bridge, originally designated as 59-77 Division Street, Manhattan, and later re-designated as 88 East Broadway (the "**Property**") and assign the Lease to a new entity being formed by the Debtor and its two anchor tenants at the Property. There is neither a term sheet, nor a proposed modified lease attached to the Plan, the Disclosure Statement, or any other filing before this Court. The Disclosure Statement and Plan purport to incorporate certain of the proposed terms by reference.

Furthermore, the Debtor proposes to pay approximately $5 million to various creditors on the Effective Date. According to the Debtor's last monthly operating report filed with the Court, the Debtor has only $54,828 on deposit in its bank account. *See* ECF No. 166. There is not a scintilla of evidence that the Debtor will be able to remit payments totaling approximately $5 million. Not only is the Disclosure Statement devoid of any financial documentation as to how claimants will be paid under the Plan, but priority tax claimants, whose claims total $679,738.24, must also be paid the total value of their claims within five years of the commencement of this case. The Statement should address how, if at all, the Plan complies with section 1129(a)(9)(C) of the Bankruptcy Code.

Accordingly, the Statement does not adequately describe the terms of the Plan or provide adequate information to evaluate the feasibility of the Plan.

**BACKGROUND**

1.      On July 12, 2019 (the "**Petition Date**"), the Debtor filed for protection under Chapter 11 of the Bankruptcy Code. ECF Doc. No. 1.

2.      According to the Debtor's Bankruptcy Schedules, the Debtor's primary asset is the Lease.  Bankruptcy Schedule A/B, ECF No. 1. The Lease is listed with a value of $27,000,000.  *Id*. The Lease is encumbered by secured claims in the aggregate amount of $5,952,617. [2] Bankruptcy Schedule D, ECF No. 1.

3.      The Debtor's exclusive period to file a plan terminated on November 12, 2019.

4.      On January 14, 2022, the United States Trustee filed a Motion to Convert this Chapter 11 Case to a Case Under Chapter 7 (the "**Conversion Motion**"). ECF No. 76.

5.      On October 17, 2022, the Court entered an Order Denying the Motion to Convert Case to Chapter 7 (the "**Order**"). ECF No. 130. Pursuant to the Order, the United States Trustee is authorized to reinstate the Conversion Motion by filing a Notice of Reinstatement by February 15, 2023. [3] *Id*.

6.      On November 18, 2022, the Court entered an order which provided for, among other things, a deadline of December 5, 2022 for BOH to file a motion for approval of a disclosure statement in connection with its plan. ECF No. 131.

7.      On December 5, 2022, BOH filed a Motion for Entry of An Order Approving (I) The Disclosure Statement for Plan of Liquidation; (II) Solicitation of Votes to Accept or Reject Plan of Liquidation and Notice Procedures; (III) Forms of Ballots and Notices in Connection

---

[2] On October 26, 2022, the City filed a claim against the Debtor, assigned Claim No. 7 by the Clerk of the Court, in which it alleged that it is owed an amount no less than $16,504,196.79 in connection with the Lease.  Also, on October 26, 2022, BOH filed a claim against the Debtor, assigned Claim No. 8 by the Clerk of the Court, in which it alleged that it is owed an amount no less than $5,851.940 in connection with the Lease.

[3] Pursuant to the Court's March 23, 2023 Order [ECF No. 148], the time by which the United States Trustee is authorized to reinstate the Conversion Motion was further extended to May 5, 2023.

therewith; and (IV) Certain Dates with Respect Thereto (the "**BOH First Statement and Plan**").

ECF No. 132.

8.      On January 5, 2023, the United States Trustee filed an Objection to BOH First

Statement and Plan. ECF No. 133

9.      On February 9, 2023, BOH filed its Second Amended Disclosure Statement for

Chapter 11 Plan of Liquidation for East Broadway Mall. ECF No. 139.

10.      On March 23, 2023, the Court entered an Order Denying the Motion of Bank of

Hope for Approval of Disclosure Statement. ECF No. 148.

11.      On April 28, 2023, BOH filed its Third Disclosure Statement and Plan. ECF No.

153.

12.      Also on April 28, 2023, the Debtor filed its Disclosure Statement and Plan. ECF

Nos. 154 and 155.

13.      On May 5, 2023, the United States Trustee filed a Notice to Reinstate the Motion

to Convert, together with a Supplemental Statement. ECF No. 158.

## OBJECTION

### A.  The Statement Does Not Provide Adequate Information

Section 1125 of the Bankruptcy Code provides that a disclosure statement must contain

"adequate information" describing a confirmable plan. 11 U.S.C. § 1125. The Bankruptcy Code

defines "adequate information" as:

> information of a kind, and in sufficient detail, as far as is reasonably practicable in
> light of the nature and history of the debtor and the condition of the debtor's
> books and records . . . that would enable a such a hypothetical reasonable investor
> . . . to make an informed judgment about the plan . . . .

11 U.S.C. § 1125(a)(1); *see also Momentum Mfg. Corp. v. Employee Creditors Comm. (In re*

*Momentum Mfg. Corp.)*, 25 F.3d 1132, 1136 (2d Cir. 1994); *In re Adelphia Commc'ns Corp.*,

4

352 B.R. 592, 596 (Bankr. S.D.N.Y. 2006); *Kunica v. St. Jean Fin., Inc.*, 233 B.R. 46, 54 (S.D.N.Y. 1999).

To be approved, a disclosure statement must include sufficient information to apprise creditors of the risks and financial consequences of the proposed plan. *See In re McLean Indus., Inc.*, 87 B.R. 830, 834 (Bankr. S.D.N.Y. 1987) ("substantial financial information with respect to the ramifications of any proposed plan will have to be provided to, and digested by, the creditors and other parties in interest in order to arrive at an informed decision concerning the acceptance or rejection of a proposed plan"). Although the adequacy of the disclosure statement is determined on a case-by-case basis, the disclosure statement must "contain simple and clear language delineating the consequences of the proposed plan on [creditors'] claims and the possible [Bankruptcy Code] alternatives . . . ." *In re Copy Crafters Quickprint, Inc.*, 92 B.R. 973, 981 (Bankr. N.D.N.Y. 1988).

Section 1125 of the Bankruptcy Code is biased towards more disclosure rather than less. *See In re Crowthers McCall Pattern, Inc.*, 120 B.R. 279, 300 (Bankr. S.D.N.Y. 1990). The "adequate information" requirement merely establishes a floor, and not a ceiling, for disclosure to voting creditors. Adelphia, 352 B.R. at 596 (citing *Century Glove, Inc. v. First American Bank of New York*, 860 F.2d 94, 100 (3d Cir. 1988)). Once the "adequate disclosure" floor is satisfied, additional information can go into a disclosure statement too, at least so long as the additional information is accurate and its inclusion is not misleading. *Adelphia*, 352 B.R. at 596. The purpose of the disclosure statement is to give creditors enough information so that they can make an informed choice of whether to approve or reject the debtor's plan. *In re Duratech Indus.*, 241 B.R. 291, 298 (Bankr. E.D.N.Y. 1999), *aff'd*, 241 B.R. 283 (E.D.N.Y. 1999). The disclosure

statement must inform the average creditor what it will receive and when and what contingencies

might intervene. *In re Ferretti*, 128 B.R. 16, 19 (Bankr. D.N.H. 1991).

<u>*The Debtor's Plan is Based on an Unsubstantiated Proposal*</u>

According to the Disclosure Statement, the Debtor's Plan is contingent upon the City's

acceptance of a modified lease concerning the Property. Disclosure Statement, pg. 9 of 39, ECF

No. 155-1. Upon information and belief, as of the date hereof, the City has not accepted the

Debtor's proposal.

Additionally, notwithstanding the fact that the Debtor has only $54,828 on deposit in its

bank account [s*ee* ECF No. 166], the Debtor's Plan provides for payments to its creditors of

approximately $5 million on the Effective Date. The Disclosure Statement's failure to provide

any information regarding the source of approximately $5 million cannot be overlooked when

trying to evaluate the adequacy of the Statement.

*The Disclosure Statement and Plan Need to More*
<u>*Thoroughly Address 11 U.S.C § 1129(a)(9)(C)*</u>

According to the Disclosure Statement, "allowed priority tax claims. . . will be paid in

full on the Effective Date of Confirmation." Disclosure Statement, pg. 12 of 39, ECF No. 155-1;

however, the Debtor's Plan states that priority tax claims will receive "100% of the Allowed

amount of such Claim on ***or as soon as reasonably practicable*** after the Effective Date"

(emphasis added). Plan at Art. II 2.3, pg. 7 of 16, ECF No. 154. Not only must the Debtor clarify

as to when priority tax claims will be paid, they must be paid the total value of their claims

within five years of the commencement of this case.  Accordingly, the Plan may not comply with

section 1129(a)(9)(C), which requires, among other things, priority tax claims to be paid the total

value of their claim, as of the effective date, over a period not exceeding 5 years after the

commencement of the case.[4]   The Statement should be amended to address how the Plan

complies with section 1129(a)(9)(C).

Moreover, given the lack of funds in the Debtor's bank account [*see* ECF No. 166], it is

incumbent upon the Debtor to disclosure all this information. The Disclosure Statement's failure

to provide adequate information concerning these matters is fatal to its approval. Stakeholders

cannot make an informed decision regarding the Plan if they are not given information, or are

given incomplete, conclusory, or deficient information, about critical matters, including those

described above. Accordingly, the Disclosure Statement should not be approved.

B.  **The Plan Cannot be Confirmed Under Section 1129 of the Bankruptcy Code**

Confirmation under section 1129(a)(11) of the Bankruptcy Code requires that:

Confirmation of the plan is not likely to be followed by the liquidation, or the
need for further financial reorganization, of the debtor or any successor to
the debtor under the plan, unless such liquidation or reorganization is proposed in
the plan.

11 U.S.C. § 1129(a)(11).

The proponent of a proposed plan bears the burden of proving essential elements of

confirmation by a preponderance of the evidence. *See In re Young Broad., Inc.*, 430 B.R. 99, 128

(Bankr. S.D.N.Y. 2010).

The feasibility standard as set forth in section 1129(a)(11) requires a court to determine

whether "a plan is workable and has a reasonable likelihood of success." *In re WorldCom, Inc.*,

No. 02-13533, 2003 Bankr. LEXIS 1401, at *168 (Bankr. S.D.N.Y. 2003); *In re The Leslie Fay

Cos.*, 207 B.R. 764, 788 (Bankr. S.D.N.Y. 1997). "The purpose of the feasibility test is to

prevent confirmation of visionary schemes which promise creditors and equity holders more

under a proposed plan than the debtor can possibly attain after confirmation . . . [W]here the

---

[4] The Debtor commenced this case on July 12, 2019; thus, payment with respect to priority tax claims must be
completed in approximately 12 months.

financial realities do not support the proposed plan's projections or where proposed assumptions

are unreasonable, confirmation of the plan should be denied." *In re Young Broad., Inc.*, 430 B.R.

99, 128-29 (Bankr. S.D.N.Y. 2010) (internal quotations omitted); *see also In re Prudential*

*Energy Co.*, 58 B.R. 857, 862 (Bankr. S.D.N.Y. 1986) (a plan based on impractical or visionary

expectations cannot be confirmed).

It is impossible to evaluate the feasibility of the Plan because the terms on which it is

premised, *i.e.*, the modified Lease with the City, have neither been finalized, nor have been made

available for review. Additionally, there is no information regarding the plan funding of

approximately $5 million. If the Debtor wants to receive the benefits of this bankruptcy

proceeding, then it must abide by the same transparency and disclosure requirements for all

parties in bankruptcy.

### RESERVATION OF RIGHTS

The United States Trustee reserves all his rights, including his right to object to the Plan

on any basis, in addition to those discussed in this Objection.

### CONCLUSION

For the reasons stated above, the United States Trustee submits that the Disclosure

Statement fails to provide adequate information and that the Plan is not feasible.

WHEREFORE, the United States Trustee requests that (1) approval of the Disclosure

Statement be denied; (2) approval of Debtor's Plan be denied; and (3) such other and further

relief as the Court deems appropriate.

Dated: New York, New York
       June 2, 2023

Respectfully Submitted,

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE, REGION 2

By:   /s/Mark Bruh
      Mark Bruh
      Trial Attorney
      Office of the United States Trustee
      One Bowling Green, Room 534
      New York, NY 10004
      Tel. (212) 510-0500

9