Hearing Date: June 14, 2023 at 10:00 A.M. Eastern Time
Related Documents: Dkt. Nos. 154, 155, 159

**WINDELS MARX LANE & MITTENDORF, LLP**
*Attorneys for Bank of Hope*
156 West 56th Street
New York, New York 10019
Telephone (212) 237-1000
Attorney Appearing: Robert J. Malatak (rmalatak@windelsmarx.com)
James M. Sullivan (jsullivan@windelsmarx.com)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
In re:                                                                        Chapter 11
EAST BROADWAY MALL,                                      Case No. 19-12280 -DSJ

                    Debtor.
-----------------------------------------------------------X

**OBJECTION OF BANK OF HOPE TO DEBTOR'S AMENDED MOTION FOR AN ORDER APPROVING DEBTOR'S DISCLOSURE STATEMENT AND RELATED RELIEF**

Bank of Hope f/k/a BBCN Bank ("**Bank of Hope**"), a creditor of the above-captioned debtor, East Broadway Mall ("**Debtor**"), by and through its undersigned counsel, hereby objects (the "**Objection**")" to Debtor's amended Motion for an Order (i) Approving Debtor's Disclosure Statement; (ii) Approving Solicitation Procedures, Forms of Ballots, and Manner of Notice; and (iii) Fixing the Deadline for Filing Objections to Confirmation of the Plan and Scheduling Hearing on Plan Confirmation (Dkt. No. 159) (the "**Motion**"), and respectfully states as follows:

1. Foremost, Debtor's Motion should be denied because its plan is non-confirmable on its face without the consent of Bank of Hope and the City of New York, and Debtor has not even alleged, much less demonstrated, that such consent has been obtained or is likely to be obtained. Moreover, even if such consent were obtained, Debtor's plan provides insufficient information as to how all the payments required under the plan would be funded.

2. As the Court is aware, Bank of Hope has worked extensively to prepare a viable chapter 11 plan, which has culminated in its filing of a motion for entry of an order approving its third

amended disclosure statement ("**BOH Motion**").  The BOH Motion is scheduled to be heard by this Court along with Debtor's Motion on June 14, 2023 at 10:00 A.M.

3.	In conjunction with developing its plan, Bank of Hope has worked closely with the City of New York (the "**City**") to find the best path forward for all parties through a confirmable plan.

4.	For a full recitation of the relevant background, Bank of Hope refers the Court to the BOH Motion.  As set forth therein, Debtor has repeatedly failed to satisfy its obligations as tenant to the City as landlord under a 50-year lease of the premises currently designated as 88 East Broadway, originally entered in 1985.

5.	This chapter 11 case has languished before this Court while the Debtor has repeatedly failed to take any meaningful steps to remediate its various defaults, satisfy the claims of the City and Bank of Hope, and submit a sustainable, approvable plan.

6.	Bank of Hope stepped into the breach and has worked since last year to develop a confirmable plan.

7.	In conjunction with preparing the BOH Motion, Bank of Hope provided Debtor (and all bidders) with an opportunity to make a best and final offer to take over Debtor's interest in the premises.

8.	On April 27, 2023, Debtor submitted an offer as part of this process.[1]  Notwithstanding its untimeliness and Debtor's history of defaults, Bank of Hope and the City considered Debtor's offer. Ultimately, however, they determined that a bid from Broadway East Group, LLC was the highest and best.

9.	It was not before Bank of Hope filed the BOH Motion that Debtor attempted to take any step toward the confirmation of a plan.  The Cash Collateral Order entered in this case, to which Debtor stipulated, makes clear that Bank of Hope is the senior secured creditor of the Debtor.  The City is also a claimant against Debtor's estate based on pre-petition and post-petition defaults by Debtor.

---

[1] Debtor's submission was more than sixteen days after the April 11, 2023 deadline imposed for submission of best and final offers.

{12186790:3}            2

10. Moreover, as more fully discussed in Bank of Hope's Third Amended Disclosure Statement (*see* Dkt. No. 153-1 at 27), on June 22, 2022, the City, BOH, and the Debtor entered into a Stipulation and Order establishing a deadline for certain actions by Debtor, the City, and BOH pertaining to Debtor's interest in the lease. (Dkt. No. 110.) In part, Debtor along with the other parties agreed therein to make reasonable efforts to meet and confer in good faith to reach a settlement, and also agreed that if such a settlement was not reached, then the Debtor's right, title and interest in the lease would be assigned to an approved new tenant.

11. On its face, Debtor's Motion should fail because it can never be confirmed. Voting Class 1 in Debtor's plan consists only of Bank of Hope, and the plan proposes a payment of $2 million to it. (*See* Dkt. No. 154.) Bank of Hope intends to vote against this plan.

12. The City comprises the vast amount of Class 3 unsecured creditors. Debtor proposes to pay $2 million to the City under its plan. (*See id.*) Upon information and belief, the City intends to vote against Debtor's plan.

13. In addition, the proposed lease terms in Debtor's plan fail to provide any greater benefit to the City or Bank of Hope than they would receive under Bank of Hope's Third Amended Plan.

14. Essentially, there is no reasonable basis for Debtor to believe that either the City or Bank of Hope would vote for its plan, when both are left substantially materially worse off than under Bank of Hope's Third Amended Plan. Debtor's plan is clearly non-confirmable.

15. Moreover, Debtor's plan fails to explain how any of the proposed payments would be funded. Debtor's plan proposes the formation of a new entity involving "individuals who collectively have over 75 years of operating businesses" in the local community, but two of these individuals are the Debtor's principals, Kwok Ming Chan & Grace Chan. (*See id.*) Nothing in Debtor's plan or Motion explains how the City and Bank of Hope would be adequately assured that this new entity would satisfy its obligations to them.

16. For these reasons, the Court should deny Debtor's Motion.

{12186790:3}                                           3

**WHEREFORE**, Bank of Hope respectfully requests that Debtor's Motion be denied in all respects, and that the Court grant to Bank of Hope such other and further relief as it determines may be just.

Dated: New York, New York  
June 7, 2023

Respectfully submitted,

WINDELS MARX LANE & MITTENDORF, LLP  
*Attorneys for Bank of Hope*

By:   */s/ James M. Sullivan*  
Robert J. Malatak (rmalatak@windelsmarx.com)  
James M. Sullivan (jsullivan@windelsmarx.com)  
156 West 56th Street  
New York, New York 10019  
Tel: (212) 237-1000 / Fax: (212) 262-1215