SFERRAZZA & KEENAN PLLC
Sarah M. Keenan, Esq.
532 Broadhollow Rd., Suite 111
Melville, NY 11747
Telephone: (631) 753-4400
Email: sally@skpllc.com

*Counsel to the Debtor and Debtor in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
In re:                                                                              Chapter 11

East Broadway Mall, Inc.,                                            Case No. 19-12280 (DSJ)

                                        Debtor.
---------------------------------------------------------------x

### DEBTOR'S LIMITED RESPONSE TO OBJECTION OF UNITED STATES TRUSTEE TO DEBTOR'S PROPOSED DISCLOSURE STATEMENT

East Broadway Mall, Inc., the debtor and debtor-in-possession ("EBM" or the "Debtor"), by and through its undersigned counsel, submits this response to the objection of the United States Trustee (the "UST Objection") to the adequacy of the Debtor's Disclosure Statement pursuant to Section 1125 of title 11 of the United States Code (the "Disclosure Statement") for its Chapter 11 Plan of Reorganization (the "Plan") and respectfully states as follows:

### SUMMARY OF OBJECTION

1.     It has been the Debtor's position that the City and Bank of Hope have not given the Debtor's proposal the consideration it deserves in light of the financial investment the Debtor and its principal Grace Chan have made to the Chinatown community. Despite the City's admonition that it would be a waste of time for the Debtor to file a plan since the City would not support said

1

plan (Transcript of October 4, 2022, Hearing at page 12), the Debtor went ahead and filed its own Disclosure Statement and Chapter 11 Plan (ECF 155).

2. The United States Trustee has filed an objection to the Debtor's Disclosure Statement and highlighted two areas where the Debtor's Disclosure Statement lacks the requisite adequate information required in a Disclosure Statement:

- The Disclosure Statement does not contain sufficient information regarding the proposed modified lease the Debtor is seeking from the City of New York; and

- The Disclosure Statement does not describe or attach any evidence of the Debtor's financial ability to make the payments to creditors that must be paid should the City accept the Debtor's proposal.

**RELEVANT BACKGROUND**

3. On July 12, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

4. Since the Petition Date, the Debtor has remained in possession of its assets and continues to operate its business and manage its affairs as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

5. The Debtor is a New York State corporation and the net lessee of land and a commercial mall at 88 East Broadway in the City, County and State of New York (the "Mall"). The Debtor has operated the land under the Manhattan Bridge, now designated as 88 East Broadway and the Mall pursuant to a 50-year commercial lease agreement (the "Lease") with the City of New York (the "City") and the Department of Citywide Administrative Services ("DCAS"), an agency of the City responsible for administering real estate leases between the City and third parties.

6. The Mall, which was built by the Debtor, is the Debtor's only asset. A recent valuation of the Mall in 2022 valued the asset at more than $20 million dollars. With the BEG offer, however, the Debtor is getting no credit for this value. The Bank of Hope will receive less than $2 million dollars from BEG and will look to Grace Chan for any deficiency on its judgment claim. She is not getting any credit for the assets they are giving away to BEG.

7. The Debtor's Chapter 11 petition was triggered by the imminent expiration of a Yellowstone Injunction and the prospect of an unfair forfeiture of the Mall to the City.

8. Since the filing the Debtor has continued its efforts to negotiate a lease modification with the City which has been unsuccessful as evidenced by the City's support of Broadway East Group, LLC ("BEG") as the proposed new tenant in the Bank of Hope's Amended Plan (ECF 153).

9. The Plan filed by the Debtor (ECF 155) contained the most recent proposal made by the Debtor to the City and Bank of Hope to resolve their respective claims and satisfy allowed administrative expenses and allowed priority claims. This proposal mirrored the BEG Deal except for the Debtor's reliance on a bridge loan to fund the proposed cash payments to the City and Bank of Hope and to fund required capital improvements to the Mall.

   a. **Proof of Funding**

10. The funding necessary to make the payments under the Debtor's proposal will be twofold. Firstly, the Debtor has the commitment from Titan Capital ID, LLC ("Titan"), a business lender with over twenty-seven (27) years' experience providing short term bridge loans. A copy of the Titan letter of intent is attached as Exhibit A. The loan commitment amount is $ 7,700,000.

   b. **Debtor's Proposed Payments to the City and Bank of Hope**

11. With the Titan Capital financing, the Debtor can make an initial payment of $2 million

3

dollars to the City and $3 million dollars to the Bank of Hope[1].  In addition, the Debtor will pay the priority tax claims and the post-petition administrative claims totaling approximately $1 million dollars in full on the Effective Date of Confirmation – not over time and without any contribution from either the City or Bank of Hope.

12. The Debtor's proposal also provides for a payment to the City, commencing five (5) years from the end date of the sixteen (16) month rent concession period, of an additional amount of $350,000 to be paid over 36 months in equal monthly installments of $9,722.22, concurrently with the rent prescribed under the modified lease.  The Debtor has also agreed to an initial annual rent, after the end of the rent concession period, of $460,000.  This is $10,000 more than the $450,000 annual rent which BEG has agreed to pay.

13. The Debtor's proposal is clearly a better offer for the City and the Bank of Hope.

**b. Further Security Offered by Joint Venture with Anchor Tenants**

14. The Debtor's two proposed anchor tenants are Triple 8 Palace, the owner of the existing second floor restaurant, and iFresh, a Chinese supermarket chain.  The Debtor has been negotiating a joint venture agreement with Triple 8 Palace and iFresh to form one entity – the "New Group" – with the Debtor to own and operate the Mall.  The Mall will be owner occupied.  Both Triple 8 Palace and iFresh have already committed to self-financing the capital improvements needed for the restaurant and the supermarket.  These capital improvements, in addition to the $1 million dollars the Debtor will expend on improving the common areas, will exceed the $5 million dollars

---

[1] The Bank of Hope will be receiving $2 million dollars in satisfaction of the Debtor's obligation under the note secured by the Debtor's leasehold interest.  In addition, $1 million dollars will be paid to the Bank of Hope in satisfaction of Grace Chan's personal guarantee of the Bank of Hope loan.

earmarked by BEG for capital improvements.

15. Triple 8 Palace has agreed to invest up to $2 million to renovate and reopen the restaurant. The supermarket will invest up to $4 to $5 million dollars to make necessary capital improvements. Copies of these commitment letters are attached as Exhibit B. The New Group is financially sound as evidenced by the redacted financial statement and bank statements attached as Exhibit C.

16. Since the Debtor filed its Disclosure Statement, there was a meeting with Bank of Hope on June 12, 2023, during which the Debtor learned for the first-time what amount of money it would need to raise to obtain a release of both the Debtor and Grace Chan of their obligations to the Bank.

**CONCLUSION**

The Debtor is filing this response to address the US Trustee's objection and to put in the record of these proceedings the Debtor's intention to continue its efforts to obtain the City's approval of its proposal. If the City's main concern was what it perceived to be the risk associated with the Debtor's proposal due to its reliance on outside financing, it is submitted that with the Debtor's new partners that risk is no longer an issue. These new investors, as owner/operators, will have a vested interest in ensuring the success of the Mall.

Dated: Melville, New York
    June 13, 2023                                SFERRAZZA AND KEENAN, PLLC
                                                    Attorneys for the Debtor
                                                    And Debtor-in-Possession

                                             By:    s/ Sarah M. Keenan
                                                       Sarah M. Keenan
                                                       532 Broad Hollow Road, Suite 111
                                                       Melville, NY 11747
                                                       (631) 753-4400