## ESCROW AGREEMENT FOR DEPOSIT

THIS ESCROW AGREEMENT (this "Agreement") made as of this 9th day of June, 2023, by and among BANK OF HOPE, a California-chartered bank, having an office at 3200 Wilshire Blvd., 6th Floor, Los Angeles, CA 90010 ("Plan Proponent"), BROADWAY EAST GROUP, LLC, a Delaware limited liability company authorized to do business in New York, having an office at 853 61st Street, Brooklyn, NY 11220 ("Purchaser"), and WINDELS MARX LANE & MITTENDORF LLP, having an address at 156 West 56th Street, New York, New York 10019 ("Escrow Agent"). Capitalized terms used herein, which are not otherwise defined herein, shall have the meaning ascribed to them in the Chapter 11 Plan (as defined below).

WITNESSETH:

WHEREAS, Purchaser submitted a term sheet to Plan Proponent and the City of New York dated September 22, 2022, as amended on April 11, 2023, and acknowledged and confirmed by Purchaser on April 27, 2023 (the "Binding Offer") in response to Plan Proponent's April 4, 2023 request for final and best offers to acquire the interest of East Broadway Mall, Inc. ("Debtor") in a ground lease (the "Ground Lease") for premises known as East Broadway Mall, 88 East Broadway, New York, NY (the "Premises");

WHEREAS, in reliance on the Binding Offer, Plan Proponent filed a revised chapter 11 plan dated April 28, 2023 (the "Chapter 11 Plan") in the chapter 11 case, Case No. 19-12280-dsj (the "Bankruptcy Case") of Debtor, pending in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court");

WHEREAS, if approved by the Bankruptcy Court, the Chapter 11 Plan would result in the sale and assignment of Debtor's interest in the Ground Lease for the Premises, subject to and contingent only upon certain governmental approvals and the approval of the Bankruptcy Court;

WHEREAS, Purchaser has agreed that its offer to acquire Debtor's interest in the Ground Lease pursuant to the Binding Offer is binding on Purchaser and is not contingent upon completion of due diligence or securing of financing;

WHEREAS, Purchaser agrees that the Binding Offer is irrevocable until the earlier of: (a) ninety (90) days after the Bankruptcy Court authorizes and approves the Chapter 11 Plan; and (b) the closing of the transaction described in the Binding Offer and the Chapter 11 Plan; and

WHEREAS, Purchaser has deposited with Escrow Agent the amount of **One Million and 00/100 ($1,000,000.00)** Dollars (such amount, together with any interest earned thereon, the "Deposit"), to be held in accordance with the provisions of the Binding Offer, the Chapter 11 Plan, and this Agreement.

{12183826:4}

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which is duly acknowledged, the parties hereto agree as follows:

1.  The Deposit shall be deposited by Escrow Agent in an interest-bearing account at Valley National Bank. All interest will accrue to and be reported to applicable taxing authorities, including the Internal Revenue Service, for the account of the party to whom such interest is or will be paid. The parties hereto shall supply Escrow Agent with its Federal Identification Number. A Form W-9 is annexed to this Agreement and must be completed by Plan Proponent and Purchaser concurrently with the execution of this Agreement.

    (a)  Plan Proponent and Purchaser agree that Escrow Agent shall not be responsible for any penalties, loss of principal or interest, or the consequences of a delay in withdrawal of the Deposit and interest accrued thereon (the "Escrow Funds"), if any, which may be imposed as a result of the making or the redeeming of the above investment, as the case may be, pursuant to this Agreement. Plan Proponent and Purchaser also agree that Escrow Agent shall not be liable for any loss or impairment of the Deposit while the Deposit is in the course of collection or of the Escrow Funds if such loss or impairment results from the failure, insolvency or suspension of the financial institution in which the Deposit is deposited.

2.  Escrow Agent shall hold the Deposit and all interest accrued thereon and shall dispose of the same only in accordance with the following provisions:

    (a)  Escrow Agent shall deliver the Escrow Funds to Plan Proponent or Purchaser, as the case may be, as follows:

    (i)  to Plan Proponent, upon completion of the closing under the Binding Offer and the Chapter 11 Plan; or

    (ii)  to Plan Proponent or Purchaser as designated by an instruction letter jointly executed by both Plan Proponent and Purchaser; or

    (iii)  to Plan Proponent, after receipt of Plan Proponent's demand in which Plan Proponent certifies either that (A) Purchaser has defaulted under the Binding Offer and the Chapter 11 Plan, or (B) this Agreement has been otherwise terminated or canceled, and Plan Proponent is thereby entitled to receive the Escrow Funds; but Escrow Agent shall not honor Plan Proponent's demand until more than ten (10) days after Escrow Agent has given a copy of Plan Proponent's demand to Purchaser in accordance with Section 2(b) of this Agreement, nor thereafter if Escrow Agent receives a Notice of Objection from Purchaser as provided for in said Section within such ten (10) day period; or

    (iv)  to Purchaser, after receipt of Purchaser's demand in which Purchaser certifies that either (A) Plan Proponent has defaulted under the Binding Offer and the Chapter 11 Plan, (B) Bankruptcy Court disapproves the Chapter 11 Plan despite Purchaser's willingness and ability to perform its

obligations under the Binding Offer and the Chapter 11 Plan, or (C) this Agreement has been otherwise terminated or canceled, and therefore Purchaser is thereby entitled to receive the Escrow Funds; but Escrow Agent shall not honor Purchaser's demand until more than ten (10) days after Escrow Agent has given a copy of Purchaser's demand to Plan Proponent in accordance with Section 2(b) of this Agreement, which Escrow Agent shall do within one (1) day after receipt thereof, nor thereafter if Escrow Agent receives a Notice of Objection from Plan Proponent as provided for in said Section within such ten (10) day perio.

Upon delivery of the Escrow Funds, Escrow Agent shall be relieved of all liability hereunder and, with respect to the Escrow Funds, Escrow Agent shall deliver the Escrow Funds at the election of the party entitled to receive the same by (i) a good, unendorsed check of Escrow Agent payable to the order of such party, or (ii) a bank wire transfer to an account designated by such party.

(b) (i) Upon receipt of a written demand from Plan Proponent or Purchaser under Section 2(a)(iii) or (iv) above, Escrow Agent shall send a copy of such demand to the other party. Within ten (10) days after the date of receiving same, but not thereafter, the other party may object to delivery of the Escrow Funds to the party making such demand by giving a notice of objection ("Notice of Objection") to Escrow Agent. After receiving a Notice of Objection, Escrow Agent shall send a copy of such Notice of Objection to the party who made the demand, and thereafter, in its sole and absolute discretion, Escrow Agent may elect to either:

(A) continue to hold the Escrow Funds until Escrow Agent receives a written agreement of Purchaser and Plan Proponent directing the disbursement of the Escrow Funds, in which event Escrow Agent shall disburse the Escrow Funds in accordance with such agreement; or

(B) take any and all actions as Escrow Agent deems necessary or desirable, in its sole and absolute discretion, to discharge and terminate its duties under this Agreement, including, without limitation, depositing the Escrow Funds into any court of competent jurisdiction and bringing any action of interpleader or any other proceeding.

In the event of any litigation between Plan Proponent and Purchaser, Escrow Agent may deposit the Escrow Funds with the clerk of the court in which such litigation is pending. Upon the making of such deposit, Escrow Agent shall be relieved of its duties hereunder and shall have no liability thereafter to any party whatsoever.

(ii) If Escrow Agent is uncertain for any reason whatsoever as to its duties or rights hereunder and whether or not Escrow Agent has received any written demand under Section 2(a)(iii) or (iv), or Notice of Objection under Section 2(b), notwithstanding anything to the contrary herein, Escrow Agent (A) may hold and apply the Escrow Funds pursuant to Section 2(b) or (B) may deposit the Escrow Funds into any court of competent

jurisdiction or (C) may decline to take any other action whatsoever. In the event the Escrow Funds are deposited in a court by Escrow Agent pursuant to this Section 2(b)(ii), Escrow Agent shall be entitled to rely upon the decision of such court. In the event of any dispute whatsoever among the parties with respect to disposition of the Escrow Funds, Purchaser and Plan Proponent shall pay the attorneys' fees and disbursements incurred by Escrow Agent (which said parties shall share equally, but for which said parties shall be jointly and severally liable) for any litigation in which Escrow Agent is named as, or becomes, a party.

3.    Escrow Agent shall have no duties or responsibilities except those set forth herein, which the parties hereto agree are ministerial in nature. Plan Proponent and Purchaser acknowledge that Escrow Agent is serving without compensation, solely as an accommodation to the parties hereto, and except for the gross negligence or willful misconduct of the Escrow Agent, Escrow Agent shall have no liability of any kind whatsoever arising out of or in connection with its activity as Escrow Agent. Plan Proponent and Purchaser jointly and severally agree to and do hereby indemnify and hold harmless Escrow Agent from all suits, actions, loss, costs, claims, damages, liabilities, and expenses (including, without limitation, attorneys' fees and disbursements) ("Liabilities") which may be incurred by reason of its acting as Escrow Agent. In no event shall Escrow Agent be liable for any lost profits or for any incidental, special, consequential or punitive damages whether or not Escrow Agent knew of the possibility or likelihood of such damages. Escrow Agent's substantial compliance with its standard procedures for provision of the services required pursuant to this Agreement shall be deemed to constitute the exercise of ordinary and due care. Purchaser and Plan Proponent hereby agree to jointly and severally indemnify and hold harmless Escrow Agent, and its successors and assigns, from and against any and all Liabilities asserted against them in connection with this Agreement, other than those Liabilities caused by the gross negligence or willful misconduct of Escrow Agent. Escrow Agent may charge against the Escrow Funds any amounts owed to it under the foregoing indemnity.

4.    All notices, demands, offers, elections or other communications required or permitted by this Agreement shall be in writing and shall be personally delivered, either by hand delivery or overnight courier and addressed to the party at the following addresses:

> To Plan Proponent:    BANK OF HOPE
> 3200 Wilshire Blvd., 6th Floor
> Los Angeles, CA 90010
> Attention: Andrew Park and Stephan Lee
> Telephone: 213-215-7873
> Email: andrew.park@bankofhope.com
> stephan.lee@bankofhope.com
>
> with copy to:    Windels Marx Lane & Mittendorf, LLP
> 156 West 56th Street
> New York, NY 10019
> Attention: Robert Malatak and James Sullivan
> Telephone: (212) 237-1000

{12183826:4}    4

|  |  |
|---|---|
|  | Email: rmalatak@windelsmarx.com |
|  | jsullivan@windelsmarx.com |
| To Purchaser: | Broadway East Group, LLC |
|  | 853 61st Street |
|  | Brooklyn, NY 11220 |
|  | Attention: Bill Lam |
|  | Telephone: 917-363-0892 |
|  | Email: bill@longinesny.com |
| and a copy to: | Soong and Liu Law Firm |
|  | 305 Broadway, Suite 1201 |
|  | New York, NY 10007 |
|  | Attention: Arthur Soong, Esq. |
|  | E-mail: soongliu.esqs@gmail.com |
| To Escrow Agent: | Windels Marx Lane & Mittendorf, LLP |
|  | 156 West 56th Street |
|  | New York, NY 10019 |
|  | Attention: Robert Malatak and James Sullivan |
|  | Telephone: (212) 237-1000 |
|  | Email: rmalatak@windelsmarx.com |
|  | jsullivan@windelsmarx.com |

Notice shall be deemed to have been given or delivered if personally delivered, upon delivery; or, if sent by overnight courier, on the first business day after being sent. Notwithstanding the preceding sentence to the contrary, and solely with respect to Escrow Agent, notice shall be deemed to have been given or delivered to Escrow Agent on the date of Escrow Agent's actual receipt or refusal of such notice.

In its capacity as Escrow Agent, Escrow Agent shall not be responsible for the genuineness or validity of any instrument, document or item deposited with it, and shall have no responsibility other than to faithfully follow the instructions contained herein. The parties hereto agree that Escrow Agent is fully protected in acting in accordance with any written instrument given to it hereunder by any of the parties hereto believed by Escrow Agent to have been signed by the proper person. Escrow Agent may assume that any person purporting to give any notice hereunder has been duly authorized to do so. Escrow Agent shall have no obligation to review or confirm that actions taken pursuant to such notice in accordance with this Agreement comply with any other agreement or document.

{12183826:4}                               5

5. Escrow Agent hereunder may resign at any time on giving five (5) business days' prior written notice to that effect to each of Plan Proponent and Purchaser. In such event, a successor Escrow Agent shall be selected by Plan Proponent and approved by Purchaser, such approval not to be unreasonably withheld or delayed. Escrow Agent shall then deliver to the successor Escrow Agent the Deposit and any interest earned thereon, if any, to be held by the successor Escrow Agent pursuant to the terms of this Agreement. If no successor Escrow Agent is designated and qualified within five (5) business days after Escrow Agent's resignation is effective, Escrow Agent may apply to a qualified court for the appointment of a successor Escrow Agent. The expenses thereof shall be equally borne by Plan Proponent and Purchaser.

6. Escrow Agent shall have no duties or responsibilities other than those expressly set forth herein. Escrow Agent shall have no duty to enforce any obligation of any person to make any payment or delivery or to enforce any obligation of any person to perform any other act. Escrow Agent shall have no liability to the other parties hereto or to anyone else by reason of any failure on the part of any party hereto or any maker, guarantor, endorser or other signatory of any document or any other person to perform such person's obligations under such document.

7. Escrow Agent shall be entitled to select any and all counsel who may be retained to defend or prosecute any action on behalf of Escrow Agent under or arising out of this Agreement.

8. The duties and obligations of Escrow Agent shall be determined solely by the express provisions of this Agreement, and, except as expressly set forth herein, Escrow Agent will not be charged with knowledge of any provisions of the Binding Offer and the Chapter 11 Plan or any other documents executed in connection with the Binding Offer and the Chapter 11 Plan. Escrow Agent shall not be liable except for the performance of its duties and obligations as are specifically set forth in this Agreement, and no implied covenants or obligations shall be read into this Agreement against Escrow Agent.

9. If either Purchaser or Plan Proponent becomes subject to a voluntary or involuntary proceeding under the United States Bankruptcy Code, or if Escrow Agent is otherwise served with legal process which Escrow Agent in good faith believes affects funds deposited with Escrow Agent, Escrow Agent shall have the right to place a hold on funds deposited with Escrow Agent until such time as Escrow Agent receives an appropriate court order or other assurances satisfactory to Escrow Agent (in Escrow Agent's sole discretion) establishing that the funds may continue to be held or disbursed, as the case may be, according to the instructions contained in this Agreement.

Escrow Agent shall not be liable or responsible for any failure, refusal or inability of the depository into which the Deposit is deposited to pay the Deposit at Escrow Agent's direction, or for levies by taxing authorities based upon the taxpayer identification number used to establish this interest bearing account. Escrow Agent shall not be responsible for any interest except for such interest as is actually received (which interest received shall be added to and considered part of the Deposit), nor shall Escrow Agent be responsible for the loss of any interest arising from the closing of any account or the sale of any certificate of deposit or other instrument prior to maturity.

Escrow Agent has no liability in the event of failure, insolvency, or inability of the depositary to pay said funds or accrued interest upon demand for withdrawal.

10. If at any time Escrow Agent, in good faith, is in doubt as to the action it should take under this Agreement, Escrow Agent shall have the right (i) to place a hold on funds on deposit with Escrow Agent until such time as Escrow Agent receives an appropriate court order or other assurances satisfactory to Escrow Agent as to the disposition of funds in Escrow Agent's possession; or (ii) to commence, at the expense of both Plan Proponent and Purchaser, an interpleader action in any court of competent jurisdiction situated in New York County in the State of New York and to take no further action except in accordance with joint instructions from Purchaser and Plan Proponent or in accordance with the final order of the court in such action.

11. Purchaser acknowledges that Escrow Agent serves as legal counsel to the Plan Proponent and that Escrow Agent may continue to represent the Purchaser in matters related to the Binding Offer and the Chapter 11 Plan. Escrow Agent or any member of its firm shall be permitted to act as counsel for the Plan Proponent in any dispute as to the disbursement of the Deposit or any other dispute between the parties whether or not Escrow Agent is in possession of the Deposit and continues to act as Escrow Agent.

12. It is expressly agreed that this Agreement is for the sole benefit of the parties hereto and shall not be construed or deemed to have been made for the benefit of any third party or parties.

13. This Agreement and the obligations of the parties hereunder shall be interpreted, construed and enforced in accordance with the laws of the State of New York applicable to contracts executed, delivered and to be fully performed in New York.

14. If any provision of this Agreement or the application thereof to any entity, person or circumstances shall be invalid or unenforceable to any extent, the remainder of this Agreement and the application of such provisions to other entities, persons or circumstances shall not be affected thereby and shall be enforced to the greatest extent permitted by law.

15. This Agreement contains the entire understanding between the parties hereto. No waivers, variations, modifications or changes hereto shall be binding upon any party hereto, unless set forth in a document duly executed by all parties hereto.

16. Whenever used herein, the singular number shall include the plural, and the use of any gender shall include all genders. Obligations under this Agreement shall be binding upon Plan Proponent and Purchaser, jointly and severally. This Agreement shall be binding upon and enforceable between, and inure to the benefit of, Plan Proponent and Purchaser, their administrators, legal representatives, successors, assigns or trustees.

17. This Agreement may be executed in multiple original counterparts, all of which shall be deemed to be originals and with the same effect as if all parties hereto had signed the same document. All such counterparts shall be construed together and shall constitute one and the same instrument.

{12183826:4}                                                7

18. Each party waives the right to a jury in any dispute relating to this Agreement.

19. The provisions of this Agreement shall survive its termination and the termination of, or closing under, the Binding Offer and the Chapter 11 Plan.

*[Signature Page Follows]*

IN WITNESS WHEREOF, the parties hereto have executed and delivered this Agreement as of the date first above written.

PLAN PROPONENT

BANK OF HOPE

By: *[signature]*
Name: Andrew Park
Title: SVP & Manager - Special Assets Dept.

PURCHASER:

BROADWAY EAST GROUP, LLC

By: *[signature]*
Name: BILL LAM
Title: MEMBER

ESCROW AGENT:

WINDELS MARX LANE & MITTENDORF LLP

By: *[signature]*
Name: ROBERT J. MALATAK
Title: Partner

**WIRE INSTRUCTIONS AND FORM W-9 TO BE ANNEXED TO THIS AGREEMENT**

Signature Page to Escrow Agreement For Deposit



Valley is committed to giving people and businesses the power to succeed. For over 90 years our customers have trusted us with their most important investments and we have worked hard to earn their confidence every day. When originating an ACH or Wire Transfer to a Valley customer, our process is simple and easy; we work hard so you don't have to. Below are the simple requirements to originate an ACH or Wire Transfer to our valued customer.

**ACH and/or Wire Transfer Final Credit:**
**Valley Customer Account Number:** REDACTED 359
**Valley Customer Name:** Windels Marx Lane & Mittendorf LLP
**Valley Customer Address:** 156 West 56th St, New York, NY 10019

**ACH Origination Information:**

Routing/ABA# 021201383
Valley National Bank
1455 Valley Road
Wayne, NJ 07470

**Wire Transfer Origination Information: (For USD wires, use either ABA # OR SWIFT code. Do not use both.)**

**For Fedwire Transactions:**

| Currency | Beneficiary Bank: |
|---|---|
| US Dollars (USD) | ABA/ ROUTING # 021201383<br>Valley National Bank<br>1455 Valley Rd.<br>Wayne, NJ 07470 |

**For SWIFT Transactions:**

| Currency | Correspondent Bank Name & BIC / SWIFT Code | For Further Credit to Beneficiary Bank |
|---|---|---|
| US Dollars (USD) | Deutsche Bank Trust Co. Americas BIC/SWIFT Code: BKTRUS33 | Valley National Bank<br>BIC/SWIFT Code: MBNYUS33 |
| OR | Wells Fargo Bank<br>BIC/SWIFT Code: PNBPUS3NNYC | Valley National Bank<br>BIC/SWIFT Code: MBNYUS33 |
| OR | JP Morgan Chase Bank BIC/SWIFT Code: CHASUS33 | Valley National Bank<br>BIC/SWIFT Code: MBNYUS33 |
| Euro (EUR) | Deutsche Bank AG, Frankfurt BIC/SWIFT Code: DEUTDEFF | Valley National Bank<br>BIC/SWIFT Code: MBNYUS33 |
| Great British Pounds (GBP) | Deutsche Bank AG, London BIC/SWIFT Code: DEUTGB2L | Valley National Bank<br>BIC/SWIFT Code: MBNYUS33 |
| Swiss Francs (CHF) | Deutsche Bank A, Frankfurt BIC/SWIFT Code: DEUTDEFF | Valley National Bank<br>BIC/SWIFT Code: MBNYUS33 |
| Canadian Dollars (CAD) | Royal Bank of Canada, Toronto BIC/SWIFT Code: ROYCCAT2 | Valley National Bank<br>BIC/SWIFT Code: MBNYUS33 |

800.522.4100

1455 Valley Road

Wayne, NJ 07470

valley.com

© 2022 Valley National Bank. Member FDIC. Equal Opportunity Lender. All Rights Reserved.