UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

In re:                                                                      Chapter 11

East Broadway Mall, Inc.,                                      Case No. 19-12280 (DSJ)

                    Debtor.

-------------------------------------------------------------x

## AFFIRMATION IN SUPPORT OF FRCP 60(b) MOTION

Sarah M. Keenan, Esq., an attorney duly admitted to practice in New York State and before this Court, affirms the following pursuant to CPLR 2106:

1.     I am a member of the firm of Sferrazza & Keenan, PLLC, bankruptcy counsel for East Broadway Mall, Inc., the debtor and debtor-in-possession (the "Debtor"). I submit this affirmation in support of the Debtor's motion to relieve it from the Stipulation and Order entered by this Court on June 22, 2022 (ECF 110). I am fully familiar with the facts and circumstances of this case.

2.     Federal Rule of Civil Procedure 60(b) states: On motion and just terms, the court may relieve a party from a final judgment, order, or proceeding for the following reasons: (3) fraud, misrepresentation, or misconduct by an opposing party; or (6) any other reason that justified relief.

3.     As detailed in the declaration of Grace Chan ("Chan Declaration"), New York City through its agency DCAS (the "City") made misrepresentations and committed misconduct which entitles the Debtor to relief under FRCP 60(b)(3) and (b)(6).

1

4.	Specifically, the Chan Declaration shows that the City extracted an unreasonable concession from the Debtor – the irrevocable consent to the dismissal and/or discontinuance with prejudice of the Debtor's pre-petition State Court Litigation – in exchange for a thirty-day extension of time to file an amended settlement proposal. A copy of the pre-petition State Court complaint brought by the Debtor is attached as Exhibit A (the "State Court Litigation").

5.	 The City had initially refused the Debtor's timely request for an extension of time to file a plan, yet in a phone call between counsel fifteen (15) minutes before a court hearing on June 13, 2022, the City's counsel advised that the City would agree to the thirty-day extension upon condition the Debtor agreed to discontinue the State Court Litigation.

6.	It is no secret that it was the City's pre-petition claim which necessitated the Debtor's filing for relief under Chapter 11 in the first place.

7.	The City's demand for a discontinuation of the State Court Litigation had nothing to do with the Debtor's request for a thirty-day extension to file a settlement proposal with the City. It was included by the City as a litigation maneuver since it was abundantly clear that the City had made up its mind to go with the Lam Proposal.

8.	The concession in the Stipulation was for naught as the City continued its historical practice of not negotiating with the Debtor in good faith and  ultimately rejected the Debtor's proposal with no detailed explanation.

9.	While the operative paragraphs in the Stipulation were breeched by all parties when there was no motion brought by the August 1, 2022 agreed upon deadline,  this coerced provision in the Stipulation remains and has already been used by the City as a sword against the Debtor.

2

10. There has never been an accounting as to how DCAS assessed the outstanding PILOT charges against the Debtor. The City finally provided a reconciliation of its pre-petition claim against the Debtor in February 2023 (the February 2023 Reconciliation"). The February 2023 Reconciliation indicates that the City's pre-petition claim totaled $7,556,023.28. A copy of the February 2023 reconciliation is attached as Ex B.

11. The February 2023 Reconciliation is devoid, however, of any information as to how the City calculated the astronomical PILOT charges.

12. More recently, by letter dated May 16, 2023, the City sent a rent demand letter to the Debtor requesting immediate payment of $19,003,349.46 (the "May 2023 Demand Letter"). A copy of the May 2023 Demand Letter is attached to the Chan Declaration as Exhibit A.

13. How can the City send the May 2023 Demand Letter – in violation of the automatic stay provisions – knowing full well that it had finagled basically a general release by the Debtor of all of its pre-petition and future objections to the City's claim?

14. Federal Rule of Civil Procedure 60(b)(6) permits the Court to grant relief from an order or judgment for any reason that justifies relief. The City's conduct as described in the Chan Declaration justifies relief for the Debtor from the Stipulation which has only the one surviving paragraph – the Debtor's relinquishment of all claims against the City.

15. To allow this coerced irrevocable consent to discontinue the State Court Litigation will cause irreparable harm to the Debtor while at the same time rewarding the City for its demand for this provision in the first place. It serves the City well to have the pending State Court Litigation dismissed with no ruling on the merits as to what DCAS was legally

3

entitled to from the Debtor.

16. The Debtor has attempted for the past three (3) years to get the City to review its purported claim and work on a resolution with the Debtor.. The Debtor has been asking for an accounting since 2014 and has been met with obstruction and refusals all along. Now, the City has joined the Bank of Hope in supporting the assignment of the Lease to the Lam Group and is effectively putting the last nail in the Debtor's coffin.

17. The Debtor is entitled to relief under FRCP 60(b)(3) as a result of the City's misrepresentation and misconduct in extracting an unwarranted concession on the part of the Debtor to relieve itself of any obligation to justify its unsubstantiated claim against the Debtor.

18. The Debtor is entitled to relief under FRCP 60(b)(6) so that a State Court can determine the Debtor's claims against the City on the merits.

19. Federal Rule of Civil Procedure 60(c) states that a motion under Rule 60(b) must be made within a reasonable time, and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding. The stipulation and order was entered on June 22, 2023, which is within the one-year time period specified. The motion was not made earlier as the Debtor has been working continuously in good faith to have its proposal reviewed by the City.

20. Based on the above, the Debtor is entitled to relief from the Stipulation and Order entered on June 22, 2023, and for such other and further relief as this court deems just and proper.

Dated: June 22, 2023

                                                          /s/ Sarah M. Keenan
Sarah M. Keenan, Esq.
Sferrazza & Keenan, PLLC
Attorneys for Debtor
532 Broadhollow Rd, Suite 111
Melville, NY 11747-3609
631-753-4400 x 23
*sally@SKPLLC.com*