**SYLVIA O. HINDS-RADIX**  Hearing Date: September 12, 2023 at 10:00 A.M.
Corporation Counsel of the City of New York
Attorney for the City of New York
100 Church Street
New York, New York 10007
Zachary B. Kass
(212) 356-2113
zkass@law.nyc.gov

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------x
In re:                                                                     Chapter 11

**EAST BROADWAY MALL,**
                                                                                  Case No. 19-12280 (DSJ)

                                           Debtor.
----------------------------------------------------------x

**JOINDER OF THE CITY OF NEW YORK IN OBJECTION OF BANK OF HOPE**
**TO DEBTOR'S AMENDED MOTION UNDER FRCP 60(b)**
**FOR RELIEF FROM STIPULATION AND ORDER**

The City of New York (the "City"), and its agency, the New York City Department of Citywide Administrative Services ("DCAS"), by their counsel, SYLVIA O. HINDS-RADIX, Corporation Counsel of the City of New York, hereby file this Joinder in the objection of the Bank of Hope ("BOH") to the Debtor's amended motion for an order under FRCP 60(b) for relief from the Stipulation and Order of this Court entered on June 22, 2022 (the "Stipulation and Order"). The City respectfully states as follows:

1. The City agrees with BOH that the Debtor has not and cannot satisfy its burden to establish that relief is warranted under Rule 60(b).

2. Moreover, it would be manifestly unjust to permit a party to take advantage of all the benefits afforded it by a stipulation and order, and then, after a delay of a full year, belatedly seek to cherry pick the stipulation and to revoke a provision that was negotiated for the benefit of another party.

3. The Debtor is attempting to renege on the provision under which it irrevocably consented to the dismissal and/or discontinuance with prejudice of the pre-petition State Court Litigation against the City "as of the Agreed Deadline." The Debtor bargained for a period of time to take certain actions; the City would never have consented had it not been sure that the Debtor would not use that time (or any subsequent period) to try to revive the State Court litigation.  In fact, the Debtor took advantage of this extended period, although ultimately the Agreed Deadline passed without the Debtor being able to meet certain conditions. The Debtor, thus, got the benefit of its bargain. Moreover, for the entire following year and a one-half, the City continued to confer with the Debtor regarding any potential proposal. However, now the Debtor wants to deprive the City of the benefit of its bargain, even though it further promised in the Stipulation and Order, "that it will not seek any further or future relief against the City with respect to the Lease."

4. The assertion by Grace Chan that she did not authorize the entry into the Stipulation and Order is unavailing. The Debtor was represented throughout by counsel. Terry Chan, who purports to be a representative of the Debtor, upon information and belief, was aware of the provisions, consulted with counsel, and consented on behalf of the Debtor.

5. The Debtor apparently believes that there should be no end to its right to forum shop. Initially, when the City first pursued its remedies for the Debtor's continuing defaults, the Debtor did not cure the defaults as mandated in the lease, but ran to the New York State Supreme Court for a *Yellowstone* injunction. The State Court granted the injunction, but conditioned it upon the Debtor fulfilling certain requirements, including providing certain payments and certain information. The Debtor did not comply, and when its noncompliance was before the State Court, the Debtor once again went forum shopping to this Bankruptcy Court. Here, due to a

variety of circumstances, it has received over four years of respite, during which it has paid virtually no rent and made no mortgage payments, among other things. Now BOH has sponsored a liquidating plan under which the City's claim (for more than $16 million) will be satisfied by the payment of not one dollar of the Debtor's money, but by a payment of a fraction of the claimed amount from a third party. The plan provides that the City will receive a release from the Debtor. The City voted in favor of the plan, and it is likely to be confirmed in the near future. Yet the Debtor is making this motion so that it can continue to forum shop its way *back* to the State Court, to assert its unfounded and unsupportable "claims" against the City. The City submits that enough is enough. The City simply cannot be put in the position where it has waived all its monetary claims against the Debtor under a confirmed plan, only to be left vulnerable to a claim for damages by the Debtor in state court. The City respectfully requests that the Court deny the motion in all respects, and grant to the City such other and further relief as may be just.

Dated:  New York, New York
        September 5, 2023

                                            Hon. SYLVIA O. HINDS-RADIX
Corporation Counsel of the City of New York
*Attorney for City of New York and New York City Department of Citywide Administrative Services*
100 Church Street
New York, New York 10007
(212) 356-2113

BY:   /s/ *Zachary B. Kass*
      Zachary B. Kass, Senior Counsel