**Hearing date and time: October 17, 2023 at 10:00 a.m. (prevailing Eastern time)**
**Objections deadline: October 10, 2023 at 5:00 p.m. (prevailing Eastern time)**

WINDELS MARX LANE & MITTENDORF, LLP
*Attorneys for Bank of Hope*
156 West 56th Street
New York, New York 10019
Tel. (212) 237-1000 / Fax. (212) 262-1215
Attorneys Appearing: James M. Sullivan (jsullivan@windelsmarx.com)

---

**PLEASE CAREFULLY REVIEW THE OBJECTION AND THE ATTACHMENTS TO DETERMINE WHETHER THE OBJECTION AFFECTS YOUR CLAIM(S)**

**IF YOU HAVE ANY QUESTIONS REGARDING THE OBJECTION, PLEASE CONTACT BANK OF HOPE'S COUNSEL, JAMES M. SULLIVAN, ESQ. AT (212) 237-1000**

---

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>EAST BROADWAY MALL,<br><br>Debtor. | Chapter 11<br><br>Case No. 19-12280-DSJ |

**NOTICE OF HEARING BANK OF HOPE'S OMNIBUS OBJECTION TO: CLAIM 1-6 – DEPARTMENT OF THE TREASURY; CLAIM 4-1 – NEW YORK STATE DEPARTMENT OF TAXATION & FINANCE; CLAIM 9-1 – TERRY CHAN; CLAIM 10-1 – HERSHEY CHAN REALTY, INC.; AND CLAIM 11-1 – NYC DEPARTMENT OF FINANCE**

**PLEASE TAKE NOTICE** that on **October 17, 2023 at 10:00 a.m., prevailing Eastern time**, a hearing will be held (the "*Hearing*") before The Honorable David S. Jones, United States Bankruptcy Judge, in his Courtroom at the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, to consider the Omnibus Objection to Claims of Bank of Hope ("*Bank*""), secured creditor of East Broadway Mall (the "*Debtor*"), and request for an order pursuant to 11 U.S.C. §§ 501, 502, and 507(a)(4)

{12218988:1}

and Federal Rule of Bankruptcy Procedure 3007 disallowing and/or reclassifying the Claims identified in the attached exhibits to the Objection.

**PLEASE TAKE FURTHER NOTICE**, that the Hearing will be held via Zoom for Government. Participants are required to register their appearance by 4:00 PM the day before the Hearing by using the eCourtAppearance portal located on the Court's website, https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl, or by clicking the "eCourtAppearances" tab on Judge Jones's page of the Court's website at https://www.nysb.uscourts.gov/content/judge-david-s-jones.

**PLEASE TAKE FURTHER NOTICE**, that Bank of Hope's Omnibus Objection to Claims may be inspected on the Court's Website (www.nysb.uscourts.gov), or by request to undersigned counsel for Bank of Hope. A Pacer password is required to access documents on the Court's Website.

**PLEASE TAKE FURTHER NOTICE**, that Responses and objections, if any, to the Omnibus Objection to Claims, must be in writing, conform to the Bankruptcy Code, Bankruptcy Rules, and the Local Rules of the Bankruptcy Court, and be electronically filed in accordance with the General Order M-399 (General Order M-399 and the User's Manual for the Electronic Case Filing System can be found at the Court's Website), and shall be filed with the Court and **served so as to be actually received not later than October 10, 2023 at 5:00 p.m., prevailing Eastern time**, on: (i) Windels Marx Lane & Mittendorf LLP, 156 West 56th Street, New York, New York, 10019, Attn: James M. Sullivan, Esq.; and (ii) the Office of the United States Trustee for the Southern District of New York, One Bowling Green, Suite 534, New York, New York 10004, Attn. Mark Bruh, Esq., email: Mark.Bruh@usdoj.gov.

**PLEASE TAKE FURTHER NOTICE**, that unless objections are filed and served as set forth above, the Court may grant the Omnibus Objection to Claims and enter an Order approving the relief sought therein.  If a written objection is timely filed, the objecting parties are required to attend the Hearing, and failure to attend in person or by counsel may result in relief being granted or denied upon default.  The initial Hearing to consider the Omnibus Objection to Claims may be considered in the nature of a pretrial conference, and not an evidentiary hearing requiring, among other things, the admission of evidence and the production of witnesses.  The Hearing may be adjourned from time to time without any further notice except for an announcement at the Hearing.

Dated: New York, New York    WINDELS MARX LANE & MITTENDORF, LLP
       September 12, 2023    *Attorneys for Bank of Hope*

                                By:    */s/ James M. Sullivan*
                                       James M. Sullivan (jsullivan@windelsmarx.com)
                                       156 West 56th Street
                                       New York, New York 10019
                                       Tel. (212) 237-1000 / Fax. (212) 262-1215

**Hearing date and time: October 17, 2023 at 10:00 a.m. (Eastern time)**
**Objections deadline: October 10, 2023 at 5:00 p.m. (Eastern time)**

**WINDELS MARX LANE & MITTENDORF, LLP**
*Attorneys for Bank of Hope*
156 West 56th Street
New York, New York 10019
Tel. (212) 237-1000 / Fax. (212) 262-1215
Attorney appearing:    James M. Sullivan (jsullivan@windelsmarx.com)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| In re | |
|---|---|
| EAST BROADWAY MALL, | Chapter 11 |
| Debtor. | Case No. 19-12280-DSJ |

**BANK OF HOPE'S OMNIBUS OBJECTION TO: CLAIM 1-6 – DEPARTMENT OF THE TREASURY; CLAIM 4-1 – NEW YORK STATE DEPARTMENT OF TAXATION & FINANCE; CLAIM 9-1 – TERRY CHAN; CLAIM 10-1 – HERSHEY CHAN REALTY, INC.; AND CLAIM 11-1 – NYC DEPARTMENT OF FINANCE**

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE, OR REDUCE OR RECLASSIFY CERTAIN CLAIMS.  CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIM(S) ON THE EXHIBIT ATTACHED TO THIS OBJECTION.**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT BANK OF HOPE'S COUNSEL, JAMES M. SULLIVAN, ESQ., AT (212) 237-1000.**

{12203368:5}

**TO THE HONORABLE MICHAEL E. WILES,**
**UNITED STATES BANKRUPTCY JUDGE**:

Bank of Hope, f/k/a BBCN Bank ("**Bank of Hope**"), a creditor of the above-captioned debtor, East Broadway Mall ("**Debtor**"), by and through it attorneys, Windels Marx Lane & Mittendorf, LLP, makes this omnibus objection to claims (the "**Objection**"), and respectfully represent as follows:

### I. Jurisdiction; Venue; Statutory Predicates

1. This Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 157 and 1334, the *Standing Order of Referral of Cases to Bankruptcy Court Judges* of the District Court for the Southern District of New York, dated July 10, 1984 (Ward, Acting C.J.), and the *Amended Standing Order of Reference* of the United States District Court for the Southern District of New York dated January 31, 2012 (Preska, C.J.). Venue of this case and the Objection is proper in this judicial district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are sections 501 and 502 of title 11, United States Code, 11 U.S.C. §§ 101 et seq. (the "**Bankruptcy Code**"), and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"). The subject matter of this Objection is a "core proceeding" under 28 U.S.C. § 157(b)(2)(A).

### II. Procedural Background

2. On July 12, 2019 (the "**Petition Date**"), Debtor filed a petition for relief against the Debtor under Chapter 11 of the Bankruptcy Code.

3. The Court fixed the last date for timely filing of nongovernmental claims against the Debtor as October 26, 2022 and November 26, 2022 for governmental entities.

4. The Court fixed the First Administrative Claims Bar Date as October 26, 2022 for all Administrative Expenses incurred on or prior to September 20, 2022. Pursuant to the Court's order [ECF Docket No. 165], the Court fixed the Second Administrative Claims Bar Date as

{12203368:5}                                2

June 30, 2023 for administrative claims accrued on or after September 21, 2022.

### III.    Case Status

5.    The claims register lists 13 claims filed in Debtor's case.

6.    As set forth in Bank of Hope's Fourth Amended Disclosure Statement, Fourth Amended Plan, and Plan Supplement (ECF Nos. 186, 195), under the Plan, once approved, Bank of Hope, the City and the Approved New Tenant will equally share in the payment in full of allowed administrative expenses. Bank of hope has reviewed each of the claims filed in Debtor's case and has determined that several of these claims cannot be allowed as filed. Bank of Hope is continuing to work with claimants to resolve certain of these objections and will amend this filing as necessary to reflect any such resolutions.

### IV.    Relief Requested

7.    Bank of Hope files this Objection pursuant to Bankruptcy Code §§ 501 and 502 and Bankruptcy Rule 3007, seeking entry of an order substantially in the form attached as **Exhibit C** (the "*Proposed Order*"), reducing, disallowing, expunging, or reclassifying the Claims listed in numerical order on **Exhibit A**, and listed in alphabetical order on **Exhibit B**.

8.    BOH has reviewed the Debtor's books and records made available to it and each of the claims discussed below, and determined that these claims should be disallowed and expunged, or reduced and/or reclassified as the case may be, for the reasons given below.

### V.    Objections to Claims

9.    **CLAIM 1-6 – DEPARTMENT OF THE TREASURY.** Department of the Treasury Internal Revenue Service originally filed Claim 1 as a priority unsecured claim in the amount of $825.68 for estimated unpaid taxes. This claim and its amount were amended several times, to $725.68, then to $625.68, and then in version 1-4 to $283,912.00 for estimated unpaid taxes for tax periods from 8/31/2016 through 12/31/2019. Then, on April 25, 2023, the Internal

Revenue Service amended its claim to zero for these tax periods and stated that it no longer has a priority claim. However, on July 18, 2023, after solicitation of the Plan had begun, the Internal Revenue Service filed a new amended Claim 1-6, in which it asserts a priority claim in the amount of $20,000.00 against the Debtor. The attachment to the claim form states that this amount was assessed on March 6, 2023 for a "MISC PEN" during the tax period of 8/31/2017. This new version of the IRS claim asserts that a penalty was assessed in March 2023, notwithstanding the fact that version 1-5 reducing its claim to zero was filed in April 2023 and showed no taxes due for the 8/31/2017 period. Moreover, Debtor's income tax returns for tax periods through August 2019 reflect that no pre-petition income taxes were owed. Therefore, without any other support from the Internal Revenue Service for the newly asserted amount, there does not appear to be any basis to allow this claim. The claim does not satisfy the requirements of Bankruptcy Rule 3001 and should therefore be disallowed. Therefore, BOH seeks to disallow Claim 1-6 in total.

10. **CLAIM 4-1 – NEW YORK STATE DEPARTMENT OF TAXATION & FINANCE.** New York State Department of Taxation & Finance ("**NYSDTF**") filed Claim 4 as a priority unsecured claim in the amount of $14,007.22 and general unsecured claim in the amount of $1,875.00 for unpaid tax liabilities as reflected on its statement dated 11/26/2019. Thereafter, NYSDTF filed Claim 6 and therein stated that it "amends and supersedes the previous filed claim dated 11/26/2019." Thus, while Claim 4-1 has been amended and superseded it has not been formally withdrawn, and so BOH seeks to disallow Claim 4-1 in total.

11. **CLAIM 9-1 – TERRY CHAN.** Terry Chan filed Claim 9 as an administrative expense claim in the amount of $585,000.00 for "Payroll 24/7 Building Operation, Maintenance & Emergency Service". Terry Chan is identified in Debtor's Statement of Financial Affairs as an insider that received payment from Debtor in the last six years prior to the filing of the

bankruptcy petition. (ECF No. 10, SOFA at No. 30.) Terry Chan also meets the definition of statutory insider under Bankruptcy Code Section 101(31)(B) of the Bankruptcy Code, which defines the term insider for a debtor corporation to include directors, officers, persons in control of the debtor, and relatives of a director, officer, or person in control of the debtor. 11 U.S.C. § 101(31)(B). Section 502(b)(4) of the Bankruptcy Code provides that a claim "for services of an insider or attorney for the debtor" shall be disallowed if the claim "exceeds the reasonable value of such services." 11 U.S.C. § 502(b)(4). Insiders of a debtor "may be entitled to claims in bankruptcy but the claims should be subject to intense scrutiny by the Court." *In re Delta Air Lines, Inc.*, No. 05-17923, 2010 WL 423279, at *5 (Bankr. S.D.N.Y. Feb. 3, 2010) (citation omitted). Such scrutiny is intended to prevent insiders from "extracting inflated amounts for their services." *In re Allegheny Int'l, Inc.*, 158 B.R. 332, 339 (Bankr. W.D. Pa. 1992).

12. Bank of Hope's investigation of this claim and involvement in this case have revealed several areas of concern with respect to Estate assets in Terry Chan's control. Foremost, the Debtor defaulted on its obligations to Bank of Hope under the Cash Collateral Order by failing to make required adequate protection payments to Bank of Hope. Under Terry Chan's supervision, Debtor has failed to make cash collateral payments for more than 3 and ½ years, all while the rents that were supposed to have been collected during this period to subsidize those cash collateral payments have gone unaccounted for. Any valid administrative claim Terry Chan may have is subject to setoff for harm to the estate for Terry's breach of his fiduciary duties, violations of the cash collateral order, and for conversion of assets of the estate for his own benefit and for the benefit of other insiders.

13. Turning back to Terry Chan's filed claim, attached to the claim form is a one-page invoice, which states: "24 hours 7 days a week[;] Property Operations / Maintenance and all Emergency Services" from the period of August 2019 through October 2022, and bases its

{12203368:5}                                     5

calculation on the charge of "$15k per month" for these services during those 39 months. No documentation of any actual services provided to the Debtor or any other support for the amounts sought is included with this claim. The claim does not satisfy the requirements of Bankruptcy Rule 3001, much less the more rigorous scrutiny required for claims filed by an insider and so should therefore be disallowed. Accordingly, BOH seeks to disallow Claim 9-1 in total.

14. **CLAIM 10-1 – HERSHEY CHAN REALTY INC.** Hershey Chan Realty Inc. filed Claim 10 as an administrative expense claim in the amount of $25,000 for "Paid $25k to Titan Capital on Behalf of East Broadway Mall Inc.".

15. Upon information and belief, Grace Chan is the principal of both the Debtor and Hershey Chan Realty Inc., and so meets the definition of statutory insider under Bankruptcy Code Section 101(31)(B) of the Bankruptcy Code. *See* 11 U.S.C. § 101(31)(B).

16. A one-page invoice is attached, dated October 25, 2022, that provides the same description of the claim. Neither proof of the payment nor any description of the basis for making the payment on behalf of the Debtor, nor any other documentary support, is provided.

17. Moreover, Hershey Chan Realty Inc. would have needed Court authority under Section 364 of the Bankruptcy Code to loan or advance money on the Debtor's behalf, and no such authority was obtained.

18. The claim does not satisfy the requirements of Bankruptcy Rule 3001 and so should therefore be disallowed. Accordingly, BOH seeks to disallow Claim 10-1 in total.

19. **CLAIM 11-1 – NYC DEPARTMENT OF FINANCE.** NYC Department of Finance, Tax, Audit and Enforcement Division, filed Claim 11 as a priority unsecured claim in the amount of $665,731.12 for "TAXES". No documentary support is included with the filed proof of claim; moreover, BOH's review of Debtor's available books and records and

discussions with Debtor's counsel did not reveal any such amount due to this creditor. The claim does not satisfy the requirements of Bankruptcy Rule 3001 and so therefore should be disallowed. Accordingly, BOH seeks to disallow Claim 11-1 in total.

### VI.   Reservation

20.   This Objection is made on the substantive grounds known to BOH at this time and is without prejudice to the rights of BOH to object further to any claim to the extent additional bases for objections become known.

### VII.   Notice and Hearing

21.   BOH has provided notice of this Objection to (i) each creditor whose claim is the subject of this Objection at the address specified in his, her or its Proof of Claim, (ii) all entities having filed notices of appearance and demands for notice, and (iii) the Office of the United States Trustee. BOH submits that no further or other notice of this Objection is necessary.

22.   BOH further respectfully requests that the initial hearing to consider this Omnibus Objection to Claims be considered in the nature of a pretrial conference, and not an evidentiary hearing requiring, among other things, the admission of evidence and the production of witnesses.

23.   BOH respectfully requests that the Court waive any requirement that he file a brief in support of the Objection pursuant to Local Rule 9013-1(a). BOH believes that no briefing is required because of the nature of the relief requested in this Objection and because the points and authorities relied upon have been set forth herein. BOH reserves the right to file a brief in reply to any response to this Objection.

24.   No prior application for the relief requested has been made to this Court or any other Court, except as otherwise set forth above.

**WHEREFORE**, BOH respectfully requests that this Court enter an order substantially in

the form of the Proposed Order granting the relief requested herein and such other and further relief as this Court may deem just and proper.

Dated: New York, New York
       September 12, 2023

Respectfully submitted,

WINDELS MARX LANE & MITTENDORF, LLP
*Attorneys for Bank of Hope*

By: */s/ James M. Sullivan*
    James M. Sullivan (jsullivan@windelsmarx.com)
    156 West 56th Street
    New York, New York 10019
    Tel. (212) 237-1000 / Fax. (212) 262-1215