

**Seyfarth Shaw LLP**
620 Eighth Avenue
New York, New York  1018
**T** (312) 460-5000
**F** (312) 460-7000

jmsullivan@seyfarth.com
T (212) 218-5582

www.seyfarth.com

April 1, 2024

Via email
(JONES.CHAMBERS@NYSB.USCOURTS.GOV)
The Honorable David S. Jones
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004

Re:   19-12280 East Broadway Mall, Inc.

Dear Judge Jones:

This firm represents Bank of Hope ("BOH") in connection with the above referenced chapter 11 case. We are filing this status update letter in connection with the April 4, 2024 status hearing (the "Status Hearing") regarding the status of the Chapter 11 case and the preliminary, non-evidentiary hearing with respect to BOH's objection (Docket No. 209) to the administrative claim filed by Terry Chan (the "Claim") (Claim No. 9-1) and for the reasons set forth herein, we respectfully request that the hearing on BOH's objection to the Claim be scheduled for a date after the plan has gone effective.

Status of Chapter 11 Plan

As your Honor is aware, BOH's chapter 11 plan was confirmed on December 8, 2023. Since that time, the City of New York (the "City") and Broadway East Group ("BEG") have satisfied most of the conditions to the effectiveness of the confirmed plan, including all governmental approvals. In addition, the City and BEG have drafted a new lease, the terms of which were agreed upon with the exception of exhibits, completion of which is the last precondition to execution of the BEG lease (and thus also the last precondition to consummation of the confirmed plan). The first exhibit will identify each subtenant of the mall (the "Subtenant Exhibit"). The Subtenant Exhibit is critical because BEG is required to permit certain  yet undetermined existing subtenants to remain at the mall for at least two years following execution of the BEG lease on terms consistent with the terms specified in the Subtenant Exhibit. The second exhibit will delineate the not less than $5,000,000 of capital alterations and improvements that BEG will be required to make to the mall after the lease closing (the "Capital Improvement Exhibit"). To date, BEG and the

310104787v.3



Honorable David S. Jones
April 1, 2024
Page 2

City have been unable to complete the exhibits without BEG and its architects, engineers and representatives having access to the non-public areas of the Mall, which access is needed to identify the subtenants, their location within the mall and details of the length of their occupancy and the rents they have been paying. EBM and its manager Terry Lam have failed to provide BOH, BEG, and the City with an accurate current rent roll despite numerous requests to do so. The tenants have advised the City that they would not disclose any information concerning their occupancy or rents paid until they get assurances from the Court that they can do so.

BOH is in the process of filing a motion in aid of implementation of the chapter 11 plan for relief needed to assist the City and BEG to finalize the Capital Improvement Exhibit and the Subtenant Exhibit so that the plan can go effective.  Bank of Hope expects to file the motion prior to the Status Hearing.

<u>Terry Chan Claim Objection</u>

I have had some discussions with counsel for Terry Chan and counsel for the City regarding the hearing on BOH's objection to the Claim and the consensus seems to be that April 4, 2024, would be too early for a hearing on the claim objection for the following reasons.

1.   The plan has not yet gone effective. Based on my discussions with Counsel for the City, we expect that the plan will go effective within 45 days of BEG gaining the access it needs to speak with the tenants and determine the capital improvements to be made. Under the plan, Terry Chan will have an opportunity to supplement his Claim after the plan goes effective and the full extent of his Claim has been definitively fixed. Thereafter, the parties and/or the plan administrator will have an opportunity to object. The parties believe that it makes sense to wait until after the administrative claim has been definitively fixed and any supplemental objections filed before holding a hearing as to the allowability of the claim. Otherwise, we may need to have two separate largely duplicative hearings regarding Mr Chan's administrative claims.

2.   The plan administrator will not be appointed until the effective date of the plan. The plan contemplated that the plan administrator would have an opportunity to weigh in with respect to the claim and the parties believe that it is best to give him an opportunity to do so.

3.   Terry Chan's administrative claim is for a material sum and BOH, the City of New York and Broadway East Group are jointly responsible for paying any allowed claim under the plan. Until the plan goes effective, the rights and obligations of BEG under the plan will not be fully vested. Therefore, having the hearing after BEG's rights and obligations



Honorable David S. Jones
April 1, 2024
Page 3


have fully vested will allow it to more meaningfully participate in the administration of the claim.

      Please let me know if the Judge agrees with this approach or if he has any questions.



                    Respectfully,

                    Seyfarth Shaw, LLP


                    By:  /s/ James Sullivan
.                           James Sullivan
                         A Partner of the Firm



cc:    Brett Moore *via email (bsmoore@pbnlaw.com)*
       Sally Keenan *via email (sally@skpllc.com)*
       Mark Bruh *via email (Mark.Bruh@usdoj.gov)*
       Kass Zachary *via email* (zkass@law.nyc.gov)