UNITED STATES BANKRUPTCY COURT SOUTHERN
DISTRICT OF NEW YORK

- --------------------------------------------------------- ᚷ

In Re:

East Broadway Mall, Inc.,

        Debtor.

- --------------------------------------------------------- ᚷ

Case No. 19-12280-dsj

Chapter 11

## EX PARTE MOTION FOR ORDER PURSUANT TO FEDERAL RULES OF BANKRUPTCY PROCEDURE 2004 AUTHORIZING EAST BROADWAY MALL, INC., CHAPTER 11 DEBTOR, TO CONDUCT AN EXAMINATION OF THE CITY OF NEW YORK <u>AND DIRECTING THE</u> <u>PRODUCTION OF DOCUMENTS</u>

East Broadway Mall, Inc., Chapter 11 Debtor and Debtor in Possession ("Debtor"), by and through its attorneys, Sferrazza & Keenan PLLC, hereby submits this *ex parte* motion (the "Motion"), for the entry of an order, substantially in the form annexed hereto as **Exhibit "A** (the "Order"), pursuant to section 105 of the Bankruptcy Code, Rules 2004 and 9016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2004-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules").

The requested Order authorizes the Debtor to serve a subpoena (i) directing the City of New York Department of Citywide Administration ("DCAS") by Laura Ringelheim or such other DCAS Commissioner or employee familiar with the confirmed East Broadway Mall Chapter 11 plan of liquidation and the lease negotiations between DCAS and the Broadway East Group, LLC ("BEG"), to produce documents in response to the document request attached hereto as Schedule I (the "Document Request") and (ii) directing DCAS to appear for an examination under oath to testify as to the confirmed Chapter 11 plan of liquidation and the negotiations with BEG,

without prejudice to the rights of DCAS to object in accordance with the applicable rules. In support of this Motion, the Debtor represents as follows:

**PRELIMINARY STATEMENT**

1.      The Debtor filed its petition for relief under Chapter 11 of the Bankruptcy Code on July 12, 2019.

2.      The Debtor's secured lender, Bank of Hope, filed a Chapter 11 plan of liquidation which provided for, *inter alia,* BEG to enter into a lease with DCAS (the "BEG Lease"). The proposed BEG Lease was annexed as an exhibit to the Chapter 11 Plan.

3.      On September 12, 2023, the Court held a hearing with respect to confirmation of the Chapter 11 Plan and approval of the Approved Disclosure Statement on a final basis (the "Confirmation Hearing").

4.      On December 8, 2023, the Court entered an order confirming the Confirmed Plan and the Approved Disclosure Statement on a final basis (the "Confirmation Order"). It has been over nineteen months since entry of the Confirmation Order, yet the plan has yet to go effective.

5.      During the period subsequent to entry of the Confirmation Order, Debtor's counsel has raised serious concerns about the members of the BEG group. Debtor's counsel alerted both the New York Law Department and Bank of Hope's counsel in writing that the members of the BEG group had changed dramatically since the Confirmation Hearing. Debtor's counsel raised an alarm that an alleged member of the BEG group, a convicted felon, had gone to the Mall to speak with the tenants, which meeting made tenants anxious.

6.      Despite these warnings, no response was ever given to Debtor's counsel that addressed the warning flags that had been raised. Copies of the letters sent to both the Law

2

Department and Bank of Hope's counsel are attached to this motion as Exhibits B, C and D.

7.    There has been no satisfactory explanation given to the Debtor or this Court as to

the significant time that has passed since entry of the Confirmation Order.

8.    The Subpoena requested herein seeks answers to the following questions which

remain unanswered:

- Who were the original members of BEG on September 12, 2023, the date of the Confirmation Hearing?
- Who were the members of BEG when the Chapter 11 plan was presented for community board approval?
- Who were the members of BEG when the plan was presented for Borough Board approval?
- Who were the members of BEG when the plan was presented for Mayoral Board approval?
- When did DCAS and Bank of Hope learn that the original BEG members resigned and withdrew their commitment to fund the Chapter 11 plan?
- Who are the new members of the BEG group and when did DCAS and Bank of Hope learn the identities of the new members?
- Besides Bill Lam, the only member who attended the Confirmation Hearing,  are any other of the original BEG members still involved?
- What have DCAS and Bank of Hope done to vet the new investors?
- How much equity is being invested by each investor?
- What proof of funds has been given by the new investors?
- What is the involvement of Guo Liang Chi , Harry Yeung, and Yang Gui in BEG?

9.    DCAS should produce a red-lined copy of the renegotiated lease with BEG so that the

new lease can be compared to the lease submitted to this Court at the Confirmation Hearing.

10.    Bankruptcy Rule 2004 provides that, "on motion of any party in interest, the court

may order examination of any entity" related to "acts, conduct, or property or to the liabilities and

3

financial condition of the debtor, or to any matter which may affect the administration of the

debtor's estate." Fed. R. Bankr. P. 2004(a) (b). *In re China Fishery Group Ltd*., 2017 WL 3084397 at

*4 (Bankr. S.D.N.Y. 2017); *In re SunEdison, Inc*., 562 B.R. 243, 249 (Bankr. S.D.N.Y. 2017).

      11.     The purpose of a Bankruptcy Rule 2004 examination is to "assist a party in interest in

determining the nature and extent of the bankruptcy estate, revealing assets, examining

transactions and assessing whether wrongdoing has occurred." *In re Recoton Corp.*, 307 B.R. 751,

755 (Bankr. S.D.N.Y. 2004) (allowing Rule 2004 examination because "on its face the Motion

appears to be a legitimate attempt to investigate potential claims that might benefit the bankruptcy

estates.") Bankruptcy Rule 2004 permits discovery "to determine the extent of the estate's assets

and recover those assets for the benefit of creditors." *In re Madison Williams & Co., LLC,* 2014 WL

56070, at *3 (Bankr. S.D.N.Y. 2014) (holding that non-party witnesses were not entitled to a

protective order with respect to the scope of discovery sought under the Bankruptcy Rule 2004

examination because "the scope of the information sought was properly within the scope of

permissible inquiry by [the Trustee] in investigating the acts, conduct, or property of the debtor");

see also In re Duratech Indus., Inc., 241 B.R. 291, 296 (Bankr. E.D.N.Y. 1999) (explaining that

Bankruptcy Rule 2004 facilitates "the central purpose of a bankruptcy case, namely, to maximize

the distribution of assets or plan payments to unsecured creditors").

      12.     The  party seeking Bankruptcy Rule 2004 discovery has the burden to show good

cause for the examination it seeks, and the decision to grant the requested relief lies within the

sound discretion of the Bankruptcy Court. *See In re Bernard L. Madoff Inv. Secs. LLC*, 2014 WL

5486279, at *2 (Bankr. S.D.N.Y. 2014). Good cause is established when a Bankruptcy Rule 2004

examination is used for the purpose of "'discovering assets, examining transactions, and

determining whether wrongdoing has occurred' on behalf of the Debtors' estate." *In re Gawker*

*Media LLC*, 2017 WL 2804870 at *5 (Bankr. S.D.N.Y. 2017) (allowing Plan Administrator to conduct

2004 Examination when the proceeds of litigation will be paid to the creditors under the Plan). As

long as the examination is not designed to "abuse or harass" a third party, the court will allow it. *See*

*In re Recoton Corp.*, 307 B.R. at 755.

13.    The delay in this case has been prejudicial to creditors and the Debtor, and DCAS must

be held accountable for the consequential harm to the Mall.  It is respectfully requested that the

Court authorize the Debtor to issue a subpoena pursuant to Rule 2004 for the testimony from DCAS

and production of documents identified in the Request for Documents annexed the Subpoena.

14.    It is requested that the Court authorize the Debtor to serve the Rule 2004  subpoena

via email to the following attorneys of record in this case:

    a.  Zachary Kass, Esq. – zkass@law.nyc.gov

    b.  Mindi Koenig, Esq.- mkoenig@law.nyc.gov

    c.  James Sullivan, Esq. - jmsullivan@seyfarth.com

    d.  Mark Bruh, Esq. - Mark.Bruh@usdoj.gov

15.    No prior application for the sought herein has been made to this or any other court.

WHEREFORE, for the foregoing reasons, it is respectfully requested that this honorable

Court grant the Debtor's motion and such other and further relief as this Court deems just and

proper.

Dated: Melville, New York
      July 28, 2025

                                     SFERRAZZA AND KEENAN, PLLC
                                     Attorneys for the Debtor
                                     and Debtor-in-Possession

                                     By:  ___/s/ Sarah M. Keenan___
                                         Sarah M. Keenan
                                         532 Broad Hollow Road, Suite 111
                                         Melville, NY 11747
                                         (631) 753-4400

**SCHEDULE I**

- The lease negotiated post-confirmation between DCAS and BEG, whether or not signed, redlined to show the changes between the lease attached as an exhibit to the confirmed Chapter 11 plan and disclosure statement.

EXHIBIT A

UNITED STATES BANKRUPTCY COURT SOUTHERN
DISTRICT OF NEW YORK

- --------------------------------------------------------------x

In Re:                                                    Case No. 19-12280-dsj

East Broadway Mall, Inc.,                                 Chapter 11

                        Debtor.

- --------------------------------------------------------------x

### ORDER PURSUANT TO RULE 2004 OF THE FEDERAL RULES
### OF BANKRUPTCY PROCEDURE AUTHORIZING EXAMINATION OF
### THE CITY OF NEW YORK  AND PRODUCTION OF DOCUMENTS

Upon the application dated July 28, 2025 (the "Application") of East Broadway

Mall, Inc., Chapter 11 Debtor and Debtor-in-Possession (the "Movant") for an order

pursuant to Fed. R. Bankr. P. 2004 directing the production of documents by and oral examination

of the City of New York Department of Citywide Administration ("DCAS") by Laura Ringelheim or

such other DCAS Commissioner or employee familiar with confirmed Chapter 11 plan of liquidation

and the lease negotiations between DCAS and the Broadway East Group, LLC ("BEG") (the "Rule

2004 Topics")]; and, after due deliberation, the Court having concluded that the Movant has

established sufficient cause for the relief granted herein; and no additional notice being required

except as specified herein; now, therefore, it is hereby ORDERED that:

1.      The Movant is authorized, pursuant to Fed. R. Bankr. P. 2004, to conduct an

oral examination of DCAS  by  Laura Ringelheim or such other DCAS Commissioner or employee

who is most knowledgeable regarding the Rule 2004 Topics.

2.      The Movant is authorized, pursuant to Fed. R. Bankr. P. 9016, to issue

1

subpoenas for the production of documents relevant to the Rule 2004 Topics and attendance for the foregoing examination (each, a "Rule 2004 Subpoena").

3.   DCAS shall produce the documents (including electronically stored information) in its possession, custody or control referenced in the Rule 2004 Subpoena not later than 20 days after the service of such subpoena, the Application and a copy of this Order, to be delivered to Sferrazza & Keenan, PLLC  (the Movant's counsel).

4.   Laura Ringelheim or such other DCAS Commissioner or employee most knowledgeable about the Rule 2004 Topics, shall appear for the foregoing examination not later than thirty (30) days after the date of service of the Rule 2004 Subpoena, the Application and a copy of this Order at the offices of Sferrazza & Keenan PLLC.

5.   The production and examination required hereby are subject to any applicable privilege; provided, if production of a document required to be produced hereby is withheld on the basis of an asserted privilege, DCAS shall provide a proper privilege log to the Movant's counsel at the time of document production hereunder.

6.   DCAS shall, prior to conducting an electronic search utilizing search terms, meet and confer with the Movant's counsel to attempt to agree on appropriate search terms.

7.   All disputes concerning Rule 2004 Subpoenas, including objections thereto, that are not resolved by agreement of the parties may be raised only by letter brief to the Court not exceeding five pages, single spaced. The other party shall file a responsive letter brief within three business days, which shall not exceed five pages, single spaced.  Copies of such letter briefs shall also be emailed to the Court's chambers.

2

8.      This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

.

# EXHIBIT B

**SFERRAZZA & KEENAN, PLLC**                     JOSEPH SFERRAZZA
**Attorneys and Counselors at Law**                  SARAH M. KEENAN

**532 Broadhollow Road • Suite 111 • Melville, New York 11747-3609**

June 26, 2024

_zkass@law.nyc.gov_
Zachary B. Kass, Esq.
Office of Corporation Counsel
Tax and Bankruptcy Litigation Division
100 Church Street
New York, NY 10007

_jmsullivan@seyfarth.com_
James M. Sullivan, Esq.
Seyfarth Shaw LLP
620 Eighth Avenue
New York, NY 10018-1405

Re:  East Broadway Mall
     Case No. 19-12280-dsj

Dear Zach and James,

I have been informed of extremely disturbing news which you need to be aware of concerning the current members/investors of BEG. According to Stephen Wu, the President of the East Broadway Mall Tenant Association, all of the original investors, with the exception of Bill Lam (Project broker, non-investor), have pulled out of the deal and are no longer members of BEG.  If this is true and the new investors are not the same group of Chinese businessmen who were introduced to the various City committees who approved this deal, then how can you move forward with these different investors?   Shouldn't this deal be going to the next highest and better bidder?  I believe I could still assist EBM in closing this deal.

Before any plan becomes effective, you must confirm the identities of the investors who will be fronting the money to make the improvements and distributions required under the confirmed plan.  Are you going to advise the court that the original investors have all dropped out of the deal?

The original investors were Bill Lam, Lee Boy, Wade Li , Thomas Lo, William Su and John Chan. Presumably , these investors were screened by the City over the two- and one-half-year period as stated in Arthur Soong's letter dated April 11, 2023 which was filed with the Court (ECF 153-3).

---

631.753.4400 Tel                                         Joe@SKPLLC.com
631.753.4065 Fax                                        Sally@SKPLLC.com
SKPLLC.com

**SFERRAZZA & KEENAN, PLLC**
**Attorneys and Counselors at Law**

Zachary Kass, Esq.
James M. Sullivan, Esq.
June 26, 2024
Page 2 of 4

The common knowledge in the community is that the original investors, with the exception of Bill Lam, all dropped out because of the ongoing investigation by the NYC's Department of Investigation and the FBI into violations of the Federal Campaign finance law. These are more than assumptions as borne out by press releases that highlighted the turmoil in the Adams administration surrounding Winnie Greco, Wade Li and Bill Lam.   These articles question how BEG became the leading contender to take over the mall.  This is not an aspersion on how Bank of Hope backed BEG as there is no mention whatsoever that it was aware of the allegations.  It does raise questions surrounding DCAS' support for BEG, however.  See e.g.,
https://documentedny.com/2024/02/29/fbi-eric-adams-nyc-winnie-greco/;
https://hellgatenyc.com/winnie-greco-ball-drop-2024/;
https://documentedny.com/2023/10/23/east-broadway-mall-chinatown/

East Broadway Mall's second floor tenant, the restaurant owner Yang Gui, informed Terry Chan on April 9, 2024 that Bill Lam had finally secured "new investors". In early June 2024, Steven Wu was approached by three "new investors" to find out how to deal with the existing tenants.

Steven Wu provided the following information on the three new investors:

• **Guo Liang Chi** -  also known in Cantonese as Kwok Lung-Kee or Kwok Ling-Kay and by his nickname Ah Kay, is the leader of the Fuk Ching Snakehead gang.  (Guo Liang Sentenced to 20 years after felony conviction for human trafficking, murder, kidnapping, rape, extortion, money laundering - https://en.wikipedia.org/wiki/Guo_Liang_Chi%20)

• **Guo Liang Chi** brought his son with him when he spoke with Steven Wu and told Steven Wu that his son will be the person who will oversee the project and daily operation of the building. Steven Wu learned that Guo Liang Chi, in order to insure that his background does not jeopardize the deal, is seeking a puppet investor to disguise his involvement, with a  promise to reimburse them after closing.

• **Harry Yeung** – A real estate developer who also has business dealings with Guo Liang Chi.

● **Yang Gui**  has been the owner of the 2nd floor restaurant at East Broadway Mall since 2002. Bill Lam convinced Yang Gui to become an investor of BEG under a threat that he would lose his lease to the restaurant if he did not. Yang Gui will be the face of BEG within the Chinese community to cover the involvement of Guo Liang Chi.  Yang Gui, with no money of his own to

## SFERRAZZA & KEENAN, PLLC
### Attorneys and Counselors at Law

Zachary Kass, Esq.
James M. Sullivan, Esq.
June 26, 2024
Page 3 of 4

invest is also seeking  other people to invest for him.

● **Bill Lam** will continue to be the face of BEG when dealing with DCAS.

● **Yang Gui, Harry Yeung and Guo Liang Chi** are all partners in the Royal Queens restaurant in Queens at the New World Mall which is also being investigated by the FBI for ties to Mayor Eric Adam's campaign and Communist China. Eric Adams has fundraised multiple times from the New York Chinese community at the Royal Queens restaurant for his first and second term elections.

Steven Wu was also  told by these new BEG investors that BEG has been in talks with DCAS to modify the lease provisions regarding PILOT as follows:

- First two years, no PILOT
- Third year – pay 50% of the assessed PILOT
- Fourth year- 20% increase from the third year
- Fifth year – 20% increase from the fourth year
- Sixth year – 100% of assessed PILOT

DCAS  refused to negotiate and discuss modifying the PILOT terms with the current lease holder EBM which resulted in this current financial turmoil. Now DCAS will accommodate the BEG group who is involved in an FBI investigation with modified PILOT terms.

All of this information begs the question as to what screening did DCAS conduct into the backgrounds of BEG's new investors after the original investors backed out?  Are you going to advise the court that the original investors have all dropped out of the deal?  Are you going to disclose the PILOT concessions?

I alluded to all of this at the last court conference where Judge Jones did not follow up with any questions and you both were silent as if you were unaware that the original investors had dropped out and without knowing who the new investors are.

I will be requesting a court conference so that a record can be made explaining what happened to the original investors and who are the new investors.  I have received calls from various news outlets inquiring about the make-up of BEG investors and it is now time to find out before the plan goes effective and public. In light of the ongoing investigations into the background of BEG and most likely BEG's "new investors" , it is imperative that the Bank and DCAS know who they are

## SFERRAZZA & KEENAN, PLLC
## Attorneys and Counselors at Law

Zachary Kass, Esq.
James M. Sullivan, Esq.
June 26, 2024
Page 4 of 4

dealing with.  Please let me know your availability for a conference call tomorrow or Friday to discuss this troubling development.

Very Truly Yours,

Sarah M. Keenan

EXHIBIT C

# SFERRAZZA & KEENAN, PLLC

**Attorneys and Counselors at Law**

JOSEPH SFERRAZZA
SARAH M. KEENAN

**532 Broadhollow Road • Suite 111 • Melville, New York 11747-3609**

November 18, 2024

*zkass@law.nyc.gov* and *mkoenig@law.nyc.gov*
Zachary B. Kass, Esq.
Mindy Koenig, Esq.
Office of Corporation Counsel
Tax and Bankruptcy Litigation Division
100 Church Street
New York, NY 10007

Re:  East Broadway Mall
Case No. 19-12280-dsj

Dear Zach and Mindy:

In furtherance of Judge Jones' directive, I am writing to share what information I have on the Broadway East Group ("BEG") bid, together with documents and news articles which support the Debtor's belief that BEG's offer is not in a position to close.  In typical commercial real estate transactions, time is of the essence and if a successful bidder is unable to close, the bid should go to the next highest bidder.  For reasons that are inexplicable, the City is allowing the BEG offer to hang in limbo, which is antithetical to the terms of the confirmed chapter 11 plan and prejudicial to the Chan's who are continuing to maintain and preserve the mall.

Individuals who have spoken with Bill Lam and learned that he is still looking for investors include the following people:

Thomas Lo – a former BEG investor
William Su – a former BEG investor
Steven Wu – President of the EBM Tenant Association
Yang Gui a/k/a Andy Yang, an owner of Sun Yue Tung Restaurant at EBM
Virgo Lee – The Chan's business consultant

**SFERRAZZA & KEENAN, PLLC**
**Attorneys and Counselors at Law**

Zachary Kass, Esq.
Mindy Koenig, Esq.
November 18, 2024
Page 2 of 3

    According to these individuals, the investors have changed as follows:

BEG Original Investors
Bill Lam (Broker)
Wade Li
Lee Boy
John Chan
Thomas Lo
William Su

BEG Potential Investors
Bill Lam (The only person still involved and not contributing any capital)
Guo Liang Chi*
Ki Tai Yeung aka Harry Yeung*
Yang Gui aka Andy Yang*

*Three of these potential investors are also the owners of Royal Queen restaurant in The New World Mall in Flushing.  There is a fourth owner, a couple Lian Wu Shao and Tai Li Huang who are minority owners of the Royal Queen restaurant, who are also the owners of the New World Mall.  Both the New World Mall and the Royal Queen restaurant are currently under investigation by the FBI for violation of NYC Campaign Finance Regulations.  An article which appeared on Wednesday, November 13, 2024, shows that these investigations are ongoing.  A copy of this recent article is attached as Exhibit A.  The potential investors are under investigation by the FBI and one of the investors, Guo Liang Chi, was convicted of human trafficking and murder.
https://www.thecity.nyc/2024/11/13/eric-adams-new-world-mall-greco-shao/

    The City should also be aware that one of these potential investors, Yang Gui aka Andy Yang, is also an anchor tenant of EBM – one of the owners of the restaurant – and owes the Debtor in excess of $1 million dollars in unpaid rent.  Evidently Bill Lam approached Andy Yang and told him that he was going to be evicted unless he could assist him in finding new investors.

    Steven Wu, the President of the EBM tenant's association spoke with Bill Lam just last week and was told that Lam was talking to foreign investors from Southeast Asia, none of which are U.S. citizens.

    None of what is contained in this letter is news to you.  On June 24th, I wrote to you and James Sullivan to let you know about the loss of the original investors and involvement of Guo

**SFERRAZZA & KEENAN, PLLC**
**Attorneys and Counselors at Law**

Zachary Kass, Esq.
Mindy Koenig, Esq.
November 18, 2024
Page 2 of 3

Liang Chi, the convicted felon.  I received no response.  A copy of this letter is attached to this letter as Exhibit B.

Steven Wu met Guo Liang Chi and Chi's son at the mall and was asked questions about the current tenants.  Mr. Wu has confirmed that the tenants are scared of Chi's involvement.  See *Daily News* article published July 11, 2024 regarding Chinatown gang leader involvement in BEG attached to this letter as Exhibit C.

On August 19th, I wrote to advise you that Grace Chan had contacted Ingrid Lewis-Martin, the Chief Advisor to Mayor Adams, to request a meeting to discuss saving the Chan's investment in EBM which was being lost to organized crime.  Ms. Lewis-Martin was going to reach out to Corporation  Counsel to facilitate further discussions.  Again, no response from your office. Copies of Mrs. Chan's letter to Ms. Lewis-Martin and my August 19th letter to you are attached to this letter as Exhibits D and E.

In a letter dated August 29, 2024 to Borough President Mark Levine from Steven Wu, the President of the East Broadway Mall Tenants Association, Mr. Wu wrote "Please note that most of the Mall's patrons are new immigrants, many of whom, or their family members and friends, have been victims of human trafficking in various forms. Allowing this to proceed not only endangers the small business owners but also causes distressing recollections and agonizing reminiscence for the new immigrant's community living nearby."  A copy of this letter is attached as Exhibit F.

More articles that highlight the irregularities of the BEG bid are attached as Exhibit G (*New York Times* Article on October 13, 2024 regarding Winnie Greco and investigation into the acceptance of BEG to take over the Mall) and Exhibit H (*World News* article on July 12, 2024 about BEG's loss of investors).

Also attached is a copy of NYC EDC Minutes from an October 31, 2023 meeting wherein the Real Estate and Finance Committee was advised that the closing with BEG was projected for mid-January 2024, with a Lease commencement date of February 1, 2024. (Exhibit I)  Has the City advised the NYC EDC that the investors brought before it in October 2023 are all gone?

# SFERRAZZA & KEENAN, PLLC
## Attorneys and Counselors at Law

Zachary Kass, Esq.
Mindy Koenig, Esq.
November 18, 2024
Page 2 of 3


        Please contact me to schedule a meeting to discuss all of the issues raised herein and
also to discuss EBM's ability to close on the BEG proposal.


                                                    Very Truly Yours,

                                                    Sarah M. Keenan

Enc.

EXHIBIT D

# SFERRAZZA & KEENAN, PLLC

**Attorneys and Counselors at Law**

JOSEPH SFERRAZZA
SARAH M. KEENAN

**532 Broadhollow Road • Suite 111 • Melville, New York 11747-3609**

February 18, 2025

zkass@law.nyc.gov and mkoenig@law.nyc.gov
Zachary B. Kass, Esq.
Mindy Koenig, Esq.
Office of Corporation Counsel
Tax and Bankruptcy Litigation Division
100 Church Street
New York, NY 10007

Re:  East Broadway Mall
     Case No. 19-12280-dsj

Dear Zach and Mindy

It has been two weeks since my letter requesting a meeting to discuss the Debtor's proposal to close on the same terms as were approved for Broadway East Group ("BEG").  The Debtor has requested that I follow up and request a meeting so that the Debtor can show both its ability to close and its commitment to saving East Broadway Mall.

It is difficult to believe that DCAS is still dealing with BEG in its current configuration.  The Debtor advises me that despite my letters alerting DCAS that the BEG of today is not the BEG that the Bankruptcy Court was led to believe would be the future tenant at the East Broadway Mall.  No, the current complement of BEG is as follows:

- Bill Lam, the broker of this deal and a shareholder of the competing mall across the street at 75 East Broadway;

- Yang Gui (aka Andy Yang), a current tenant at East Broadway Mall who operates the second-floor restaurant and an owners of Royal Queen restaurant at the New World Mall in Flushing ("Royal Queen").  DCAS should know that as an owner of the second-floor restaurant at EBM, Andy Yang refused to pay the PILOT portion of its rent to EBM and was a major reason for the City's eviction proceeding against EBM;

- Guo Liang Chi – Another owner of Royal Queen restaurant and a convicted felon that EBM has alerted DCAS about on numerous occasions.  A murderer and human trafficker all of which is a matter of public record.

- Ki Tai Yeung (aka Harry Yeung) – an owner of Royal Queen who has had extensive dealings with Guo Liang Chi.

631.753.4400 Tel
631.753.4065 Fax
SKPLLC.com

Joe@SKPLLC.com
Sally@SKPLLC.com

# SFERRAZZA & KEENAN, PLLC
## Attorneys and Counselors at Law

February 18, 2025
Page 2 of 2

It is highly unlikely that DCAS and the Bankruptcy Court would have considered the BEG offer had the current investors been the investors at the time of confirmation.

The Debtor will withdraw this offer if there is no response by March 5, 2025.

Very Truly Yours,

*Sally Keenan*

Sarah M. Keenan

cc: Grace Chan