**MURIEL GOODE-TRUFANT**
Corporation Counsel of the City of New York
Attorney for the City of New York
100 Church Street
New York, New York 10007
Zachary B. Kass
Cell: (646) 581-0160
zkass@law.nyc.gov

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------x
In re:                                                                               Chapter 11

**EAST BROADWAY MALL,**
                                                                                          Case No. 19-12280 (DSJ)

                                               Debtor.
-------------------------------------------------------x

**STATEMENT OF THE CITY OF NEW YORK OBJECTING TO DEBTOR'S MOTION FOR EX PARTE ORDER AUTHORIZING DISCOVERY REGARDING LEASE TO NEW TENANT PURSUANT TO CONFIRMED CHAPTER 11 PLAN**

The City of New York (the "City"), and its agency, the New York City Department of Citywide Administrative Services ("DCAS"), by their counsel, MURIEL GOODE-TRUFANT, Corporation Counsel of the City of New York, hereby file this Statement concerning the City's objection to the application of the Debtor, East Broadway Mall, for an ex parte order, permitting EBM to conduct discovery of DCAS, purportedly with respect to the lease between the City and Broadway East Group ("BEG"), the new tenant of the mall, pursuant to the terms of the confirmed liquidating Chapter 11 plan (the "Plan") sponsored by the Bank of Hope. The City respectfully states as follows:

1. The City of New York objects to the motion filed by the debtor on July 29, 2025, which seeks an ex parte order from this Court authorizing the Debtor to conduct an examination of DCAS pursuant to Bankruptcy Rule 2004 (the "Ex Parte Motion"). Debtor's Ex Parte Motion should be denied because it unjustly denies the City the notice and an opportunity to fully and fairly oppose

Debtor's frivolous motion which is designed solely to harass the City, BEG and the Bank of Hope, and to further prolong this Chapter 11 bankruptcy case by once again impeding and interfering with the immanent closing on the transaction approved under the confirmed Plan.

2. Rule 9077-1 of the Local Bankruptcy Rules of the City of New York requires that "[n]o ex parte order…shall be granted unless it is based upon an affidavit or motion showing cause for ex parte action as well as cause for the relief requested, and states whether a previous application for similar relief has been made." Debtor's Ex Parte Motion fails to comply with the requirements of Rule 9077-1; It fails to even allege any exigency such as irreparable injury, loss or damage to justify denying the City notice and opportunity to oppose needless and burdensome "discovery". Here, the allegations against the City are rehashed unsubstantiated allegations which have been raised before this Court numerous times. There is simply no reason to justify ex parte relief and it is respectfully requested that the Court deny Debtor's Ex Parte Motion. The City reserves its right to object at an appropriate time regarding any application by the Debtor or its professionals to seek compensation for work in connection with the Ex Parte Motion.

3. At the most recent status conference before the Court, the City was directed to keep the Court informed regarding the status of the closing. Currently, a pre-closing meeting is scheduled for August 7. 2025, and a closing on the new lease is scheduled for August 15, 2025.

Dated:     New York, New York
           July 29, 2025

                                        MURIEL GOODE-TRUFANT
                                        Corporation Counsel of the City of New York
                                        *Attorney for City of New York and New York City Department of Citywide Administrative Services*
                                        100 Church Street
                                        New York, New York 10007
                                        (212) 356-2113


                                BY:     /s/ Zachary B. Kass
                                        Zachary B. Kass, Senior Counsel