SEYFARTH SHAW LLP
*Attorneys for Bank of Hope*
James M. Sullivan
jmsullivan@seyfarth.com
620 Eighth Avenue
New York, New York  10018
Telephone:  (212) 218-5500 / Facsimile:  (212) 218-5526
Attorney Appearing: James M. Sullivan (jsullivan@seyfarth.com)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>EAST BROADWAY MALL,<br><br>Debtor, | Case No. 19-12280 -DSJ<br><br>Chapter 11<br><br>**BANK OF HOPE'S PRELIMINARY OBJECTION TO, AND JOINDER IN THE CITY OF NEW YORK'S OBJECTION TO, DEBTOR'S MOTION FOR EX PARTE ORDER AUTHORIZING DISCOVERY REGARDING LEASE TO NEW TENANT PURSUANT TO CONFIRMED CHAPTER 11 PLAN** |

Bank of Hope f/k/a BBCN Bank ("**Bank of Hope**"), a creditor of the above-captioned debtor, East Broadway Mall, hereby files this preliminary objection to Debtor's *Ex Parte Motion for Order Pursuant to Federal Rules of Bankruptcy Procedure 2004 Authorizing East Broadway Mall, Inc., Chapter 11 Debtor, to Conduct an Examination of the City of New Yor and Directing the Production of Documents* (Dkt No. 272] (the "**Motion**") for substantially the reasons asserted in the *Statement of the City of New York Objecting to Debtor's Motion for Ex Parte Order Authorizing Discovery Regarding Lease to New Tenant Pursuant to Confirmed Chapter 11 Plan* [Dkt. No. 273] (the "**City's Objection**").  Bank of Hope also joins in the City's Objection and incorporates by reference the arguments asserted therein.

319445795v.1

In support of this preliminary objection and joinder, Bank of Hope avers that Debtor's Motion (Dkt No. 272] (the "**Motion**") appears to be nothing more than an obvious attempt by Debtor's disgruntled equity holders ("**Debtor's Equity**") to harass the City of New York (the "**City**") for perceived slights and grievances for refusing to accept an inferior bid proposed by the former equity holders on the eve of the effective date of Bank of Hope's confirmed chapter 11 plan (the "**Plan**"). See, e.g., Dkt No. 214 (Tr. of Hr'g dated Sept. 12, 2023) where the Court addresses the Debtor's motion for relief pursuant to Federal Rule of Civil Procedure 60(b) (Dkt. No. 205), which raised similar grievances. Debtor fails to argue how the granting of the Motion could conceivably benefit the Debtor's estate or Debtor's creditors. To the contrary, the granting of the Motion would only be to the detriment of Debtor's creditors because the Debtor's largest creditors, Bank of Hope and the City, and Broadway East Group, would be the ones that would be required under the Plan to fund the Debtor's administrative expenses for conducting any authorized Rule 2004 examinations. Given that the only potential beneficiary of the Motion is Debtor's Equity, and not Debtor or its creditors, Debtor's Equity should be the ones to bring and pay for the Motion.

**WHEREFORE**, Bank of Hope respectfully requests that the Motion be denied in all respects, and that the Court grant to Bank of Hope such other and further relief as it determines may be just. Alternatively, Bank of Hope respectfully requests that the Court require Debtor to refile the Motion on at least 14 days' notice as provided for by Local Rule 9006-1 to allow .

| | |
|---|---|
| Dated: New York, New York<br>      July 31, 2025 | Respectfully submitted,<br><br>SEYFARTH SHAW LLP<br>*Attorneys for Bank of Hope*<br><br><br>By: */s/ James M. Sullivan*<br>    James M. Sullivan<br>    jmsullivan@seyfarth.com<br>    620 Eighth Avenue<br>    New York, New York  10018<br>    Telephone:  (212) 218-5500<br>    Facsimile:  (212) 218-5526 |