**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------

In re:                                                          )
                                                                )
                                                                )
                                                                )
EAST BROADWAY MALL, INC.,                   )          Chapter 11
                                                                )          Case No. 19-12280 (DSJ)
                                                                )
                          Debtor.                    )

-------------------------------------------------------------

### SECOND AMENDED SCHEDULING ORDER RELATING TO
### OBJECTIONS TO CLAIMS OF TERRY CHAN

GlassRatner Advisory & Capital Group LLC in its capacity as Plan Administrator for the Post-Confirmation Chapter 11 Estate of East Broadway Mall (the "**Plan Administrator**") having filed an objection (the "**Objection**") to the Terry Chan proof of claim and supporting applications and related pleadings [Claim Nos. 9-1 and 9-2; Docket Nos. 215 and 280] (collectively, the "**Chan Application**"), and requesting that the Court treat the return date of the hearing on the Objection as a non-evidentiary status conference only pursuant to Local Bankruptcy Rule 9014-2, and enter an appropriate scheduling order setting forth deadlines for the exchange of discovery and for a further hearing in connection with the Chan Application; and Bank of Hope and the City of New York having also having filed objections and joinders in the Objection; and the Court having held a hearing on October 30, 2025 in connection with the Objection; and good cause appearing therefor, it is hereby

**ORDERED** as follows:

1. **The parties cannot amend this order by stipulation or otherwise, and the Court will not amend it unless presented with (i) proof of cause beyond the control of the party seeking amendment and (ii) timely application as soon as possible after the party seeking amendment learns of the cause.  FAILURE TO COMPLY WITH THIS ORDER MAY RESULT IN DISMISSAL OR OTHER SANCTION.  If delay or other act or omission of your adversary may result in a sanction against you, it is incumbent on you to promptly bring this matter to the Court for relief.**

2. All discovery shall be completed by September 24, 2026. Interim discovery deadlines are as follows:

   - Deadline for serving written interrogatories, document demands, and initial requests for admissions upon other parties:  December 15, 2025;
   - Deadline for parties to respond to written interrogatories and document demands: February 5, 2026;
   - Deadline for noticing party depositions:  February 21, 2026;

1

- Deadline for completing party depositions:  June 25, 2026;
- Claimant's Deadline for submitting expert reports:  July 9, 2026;
- Objectant's Deadline for submitting expert reports:  July 31, 2026;
- Deadline for serving final requests for admissions:  August 25, 2026;
- Deadline for conducting depositions of party experts: September 10, 2026.
- Deadline for responding to final requests for admissions:  September 23, 2026.

3. In the event of a dispute over discovery, counsel and any self-represented party shall promptly confer to attempt in good faith to resolve the dispute. If, notwithstanding their good faith efforts to do so, they are unable to resolve a discovery issue, they shall promptly inform the Court by letter of the nature of the dispute and request a discovery conference, which ordinarily will be conducted on the record via Zoom for Government. At the conference, the Court will ask the parties about their prior efforts to resolve the dispute. **Parties whose adversaries cause delay should promptly seek relief. The Court disfavors requests for adjournments that follow a long-running lack of progress.**

4. The Court typically will conduct a pretrial conference three to five weeks after the close of discovery, in this case on ~~October 21, 2026~~. **October 22, 2026 at 10:00 a.m. [DSJ 4/16/26]**

5. Any party wishing to move for summary judgment must file a letter request for a premotion conference pursuant to Local Bankruptcy Rule 7056-1(a) no later than 14 days before the post-discovery pretrial conference, which will then also serve as a premotion conference. Any response to a premotion conference request shall be served not less than 7 days before the conference. Failure to comply with this timing requirement without advance Court authorization may cause the proposed motion to be denied as untimely.

6. If summary judgment briefing is not approved or was not requested, the Court will set specific deadlines at the post-discovery pretrial conference for all needed steps to make the case trial-ready, including the:

- exchange of exhibit lists and marked exhibits;
- identification of any objections thereto as to authenticity and/or admissibility;
- exchange of witness lists;
- filing of and responses to any motions in limine (which the Court encourages to minimize evidentiary and case-management uncertainty at trial);
- submission of a proposed joint pretrial order; and
- submission of sworn written statements in lieu of live direct testimony as well as any proposal to present live direct testimony, and the identities of any witnesses whom any party wishes to cross examine during trial.

The Court anticipates setting deadlines tailored to the circumstances of the individual case. Unless otherwise ordered, the deadlines set forth in the Court's chamber's rules (Evidentiary Hearings and Trials) apply. The parties must meet and confer so as to be prepared to discuss these topics during the post-discovery pretrial conference, and also should identify any other procedural matters that the parties believe would assist in making the case trial-ready. Within two days following the conference, the parties must submit to chambers a proposed post-discovery conference order memorializing any deadlines or other requirements set at the conference.

7. At the post-discovery pretrial conference, if no summary judgment briefing schedule is set, the Court will schedule a final pretrial conference either for the contemplated first day of trial, or for a date shortly before the first trial date. The parties must be trial-ready on the trial date[s] assigned by the Court.

Dated: New York, New York
April 16, 2026

_s/ David S. Jones_
Honorable David S. Jones
United States Bankruptcy Judge